UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2217 (RJL) |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE**

The two civil actions that are the subject of this motion arise out of a series of requests made to the Department of Justice pursuant to the Freedom of Information Act ("FOIA") by Stolt-Nielsen Transportation Group Ltd. ("Stolt-Nielsen") concerning a criminal investigation of collusion in the parcel tanker shipping industry. The Antitrust Division of the Department of Justice entered into a conditional amnesty agreement with Stolt-Nielsen in this investigation that was rescinded on March 2, 2004. Thereafter, Stolt-Nielsen made thirteen FOIA requests to the Antitrust Division of the Department of Justice, six of which are the subject of the instant lawsuit, and six of which are the subject of civil action 06-CV-000474-RJL (D.D.C.) which was filed on March 14, 2006. The thirteenth FOIA request is not yet the subject of legal action. On January 31, 2006, defendant answered the complaint in civil action 05-2217 and a scheduling order was entered on April 17, 2006. Defendant is to file a Vaughn index by May 25, 2006, summary judgment motions are due by June 30, 2006, responses to motions for summary judgment are due by July 31, 2006, and replies to motions for summary judgment are due by

1

August 17, 2006.  No scheduling order has yet been entered in the 2006 case.  Defendant answered the complaint in the 2006 case on May 3, 2006.

Cases may be consolidated whenever they are pending before the court and involve a common question of law or fact under Fed. R. Civ. P. 42(a).  The rule provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The decision whether to consolidate cases is committed to the sound discretion of the court and will not be disturbed on appeal absent an abuse of discretion.  *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951).

There is substantial overlap between the two cases which militates in favor of consolidation.  *See Coyne & Delany Co., v. Selman*, 98 F.3d 1457, 1459 (4th Cir. 1996) (consolidation is in the interest of judicial economy where substantial overlap existed between employer's two lawsuits.)  Here the parties are the same, the factual background is identical, the same statute is involved, and the legal issues are related.  Plaintiff's FOIA requests are all related to the criminal investigation of collusion in the parcel tanker shipping industry and some of the documents at issue are responsive to more than one FOIA request.  At issue in both cases is whether the defendant has properly withheld documents pursuant to the FOIA.  The common legal issues include the adequacy of the government's search for documents, and the application of some of the same FOIA exemptions including (b)(3), (5), (6), (7)(A), (7)(C), and 7(D).

Consolidation is proper in order to avoid piecemeal litigation.  Judicial economy will best be served through consolidation of the cases so that the evidence and briefs can be presented to

the Court in a logical, coherent, and complete manner and the parties will not have to duplicate their efforts by briefing the same issues twice.  Should the Court consolidate the two actions, the defendant proposes that the Court adopt a single briefing schedule (attached) so that the parties can address all of the issues in one round of cross motions for summary judgment.

Defendant had initially anticipated that the parties would negotiate a briefing schedule in the 2006 case that was compatible with the scheduling order entered by the Court on April 17, 2006 in the 2005 case.  Instead, ten days after defendant answered the complaint in the 2006 case, plaintiff unilaterally filed a motion for summary judgment.  The result is that now defendant's response to plaintiff's motion for summary judgment in the 2006 case is due on May 30.  Defendant has not had an opportunity to start drafting a Vaughn index in the 2006 case due to work on the 2005 case.  Cross motions for summary judgment are not due until June 30 in the 2005 case.  The risk of piecemeal litigation is high if the parties litigate the two cases independently of one another.  Moreover, it will be difficult for defendant to adhere to the schedule in the 2005 case if the briefing schedule is accelerated in the 2006 case.  If the cases are consolidated and one comprehensive scheduling order is entered, it will ensure that the issues are presented to the Court in a logical and complete sequence.  All of these reasons weigh in favor of consolidating the two cases.

WHEREFORE, defendant moves the Court to consolidate civil action no. 06-474 with the instant civil action and enter the proposed scheduling order.

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


__/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332