UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., *Plaintiff,* v. United States of America, *Defendant.* | Civil Action No. 05cv2217 (RJL) **Oral Argument Requested** |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO CONSOLIDATE**

Stolt-Nielsen has no objection to a consolidation of its two FOIA cases that would truly promote the underlying purpose of Rule 42(a) of the Federal Rules of Civil Procedure — that is, "to avoid unnecessary costs or delay." Here, however, the government proposes a consolidation that would cause a delay of four months or more, at a time when Stolt-Nielsen has an urgent need for the information. Because the consolidation proposed by the government will cause "unnecessary . . . delay" — in direct contravention of Rule 42(a) and FOIA itself — Stolt-Nielsen opposes the motion.

This is not a typical FOIA case. For the past three years, Stolt-Nielsen and the Antitrust Division have had a dispute concerning an Amnesty Agreement that exists between them. According to the Antitrust Division, Stolt-Nielsen breached the Amnesty Agreement by making certain misrepresentations during the negotiation process. The Antitrust Division has unilaterally voided the agreement and has threatened to indict Stolt-Nielsen and its employees. To prevent the irreparable harm that would be caused by an indictment, Stolt-Nielsen filed a civil action in the United States District Court for the Eastern District of Pennsylvania. After a trial on the

merits, the district court ruled in Stolt-Nielsen's favor, specifically finding that Stolt-Nielsen did *not* make any misrepresentation. As a result, the district court entered a permanent injunction preventing the government from indicting Stolt-Nielsen or its employees. *Stolt-Nielsen S.A. v. United States*, 352 F. Supp. 2d 553 (E.D.Pa. 2005), *rev'd*, 442 F.3d 177 (3d Cir. 2006). The government then appealed and the United States Court of Appeals for the Third Circuit reversed the district court's judgment on the narrow grounds that the district court lacked the authority to enjoin the Executive Branch from seeking an indictment. *Stolt-Nielsen S.A. v. United States*, 442 F.3d 177 (3d Cir. 2006). The Third Circuit specifically stated that Stolt-Nielsen was entitled to raise the Amnesty Agreement as a defense in a post-indictment, pre-trial motion to dismiss. *Id.* at 187 n.7.

Although Stolt-Nielsen has filed a petition for rehearing *en banc*, the Third Circuit has not yet afforded relief to the Company. Thus, Stolt-Nielsen could be subject to indictment at almost any time. The information that Stolt-Nielsen has requested through its FOIA requests is necessary in order for the Company to present an effective motion to dismiss. Unless Stolt-Nielsen receives prompt relief from this Court, the FOIA information that it ultimately receives will be useless for that purpose.

Relief in this case benefits not just Stolt-Nielsen, but all other potential applicants to the Antitrust Division's Amnesty Program and the public at large. The Antitrust Division regularly touts the "transparency" of its Amnesty Program. There is a cognizable public interest in ensuring that a government agency that touts its transparency complies with FOIA.

Apparently recognizing that the documents responsive to Stolt-Nielsen's FOIA requests would be useful to the Company's defense, the government has steadfastly delayed Stolt-Nielsen's FOIA requests and has refused to produce responsive, non-exempt documents. The

government's refusal to produce these documents may also be understandable given the embarrassment the government must have about its public speaking campaign against Stolt-Nielsen. We are unaware of any other matter in which the government has made such repeated violations of 28 C.F.R. § 50.2, which bars most public statements by the government concerning ongoing criminal and civil matters. The 2003 public statements made by FBI Special Agent John Sharp to a major maritime publication were, in and of themselves, reprehensible. *See* Exhibit 1 (Lloyd's List article quoting FBI Special Agent John W. Sharp: "No matter what happens with the case, [the arrest] will remain on Mr. Wingfield's record"). Such statements serve only to intimidate Stolt-Nielsen employees, damage Stolt-Nielsen's relations with its customers, and prejudice the public's perception of Stolt-Nielsen. Indeed, governmental representatives have criticized Stolt-Nielsen in public speeches, and the government admits in its Answer that the speeches occurred. Yet, the government persists in withholding speeches and speech-related material responsive to Stolt-Nielsen's FOIA requests. Embarrassment is not a valid basis for withholding a document from the public under FOIA.

Notwithstanding Stolt-Nielsen's desire to expedite its two FOIA lawsuits, it has accommodated the government in numerous ways. After filing its first FOIA lawsuit on November 15, 2005, Stolt-Nielsen proposed a settlement meeting on January 10, 2006 to resolve, or at least narrow, the issues before the Court. Stolt-Nielsen consented to two extensions of time for the government to answer the Complaint in order to promote the settlement process. The government did not respond to Stolt-Nielsen's settlement proposal until March 28, 2006, even then mischaracterizing Stolt-Nielsen's proposal as an "amendment" to its FOIA requests.

Stolt-Nielsen has accommodated the government in other ways as well. Stolt-Nielsen agreed to a briefing schedule in its first FOIA case (05cv2217 (RJL)) that would result in full

briefing on summary judgment motions by no later than mid-August. When it was negotiating this briefing schedule, Stolt-Nielsen inquired whether the government would also consent to a briefing schedule for its second FOIA case (06cv474 (RJL)). Although the government agreed to answer the Complaint in the second FOIA case by May 3, 2006 and to file a *Vaughn* index in that matter by June 2, 2006 (Exhibit 2), it would not agree to a briefing schedule. Because the issues were ripe for summary judgment yet the government would not commit to a briefing schedule, Stolt-Nielsen timely filed its own motion for summary judgment. *See* Fed. R. Civ. P. 56(a) (a party seeking to recover on a claim may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action . . . .").

Stolt-Nielsen has further accommodated the government. By letter dated May 23, 2006 (Exhibit 3), Stolt-Nielsen agreed to three separate extensions of time for the government: (1) an extension to June 16, 2006 to allow the government to respond to the motion for partial summary judgment filed in the second FOIA case (thus allowing the government a full 34 days in which to respond to the motion); (2) an extension to June 16, 2006 to allow the government to file a *Vaughn* index in the second FOIA case (through agreement with Stolt-Nielsen, the government had previously agreed to file this *Vaughn* index by June 2, 2006); and (3) an extension to June 2, 2006 to allow the government to file a *Vaughn* index in the first FOIA case (pursuant to court order, this *Vaughn* index was previously due on May 25, 2006).

This is not an instance where a FOIA requester has requested material so voluminous that the government needs additional time to conduct its search. Stolt-Nielsen's requests were narrow in scope, and the government's correspondence suggests that its search is complete and all responsive documents have been pulled. The government asserts that consolidation is warranted because there is "substantial overlap between the two cases." Motion at 2. The

government also states that "the factual background is identical, the same statute is involved, and the legal issues are related." *Id.* These arguments, however, favor a ***quicker*** briefing schedule, not ***four additional months of delay*** as proposed by the government.

Had the government sincerely been interested in efficiency, it would have proposed consolidation when Stolt-Nielsen filed its second FOIA lawsuit, or when the parties discussed the briefing schedule for the first FOIA lawsuit. The fact that the government only now proposes consolidation, just days after Stolt-Nielsen filed its summary judgment motion, reveals that the government is merely interested in seeking additional delay. Given the government's strategic reasons for requesting consolidation, the Court should view the government's motion with skepticism.

The D.C. Circuit recognizes that one of the purposes of FOIA is "encouraging speedy resolution of requests." *Afshar v. Dep't of State*, 702 F.2d 1125, 1137 (D.C. Cir. 1983); *see also Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("Congress did not intend for the IRS, or any other agency, to use the FOIA offensively to hinder the release of non-exempt documents . . . . These unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, ***and the courts have a duty to prevent these abuses***.") (quoting *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982)) (emphasis added). The D.C. Circuit also recognizes that "consolidation must not operate to abridge, enlarge or modify the substantive rights parties would have if the cases proceeded separately." *Cablevision Systems Development Co. v. Motion Picture Ass'n of America, Inc.*, 808 F.2d 133, 135 (D.C. Cir. 1987). Here, Stolt-Nielsen has a substantive right to have its FOIA dispute resolved expeditiously. Consolidation on the terms proposed by the government would abridge this right by delaying the

resolution of this dispute. These principles weigh heavily against the relief sought by the government.

To the extent that the Court concludes that consolidation is appropriate, Stolt-Nielsen would have no objection provided that its lawsuits not be delayed. But to order consolidation with a greatly delayed briefing schedule after Stolt-Nielsen has filed for summary judgment conflicts with Congress' direction to encourage the speedy resolution of FOIA requests, is inconsistent with the purpose of consolidation — which is to "*avoid* unnecessary costs or delay" (Fed. R. Civ. P. 42(a))(emphasis added), and simply cannot be reconciled with Rule 1 of the Federal Rules of Civil Procedure, which provides that the rules "shall be construed and administered to secure the just, *speedy*, and inexpensive determination of every action." Fed. R. Civ. P. 1 (emphasis added).

For these reasons, Stolt-Nielsen opposes the government's motion to consolidate. A proposed order to this effect accompanies this response. If the Court is inclined to grant consolidation, Stolt-Nielsen requests that the Court enter an order that grants consolidation, but also maintains the briefing schedule already entered in 05cv2217 (RJL) and maintains a timely briefing schedule for Stolt-Nielsen's summary judgment motion filed in 06cv474 (RJL). A proposed order that would grant this relief is also attached.

Given the substantive importance of the government's motion, Stolt-Nielsen respectfully requests an oral hearing on the motion to consolidate, at the earliest time that is convenient to the Court.

Dated: May 25, 2006

Respectfully submitted,

WHITE & CASE LLP

By: /s/ J. Mark Gidley

J. Mark Gidley (D.C. Bar No. 417280)
Christopher M. Curran (D.C. Bar. No. 408561)
Lucius B. Lau (D.C. Bar No. 446088)
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Stolt-Nielsen Transportation Group Ltd.*