IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
Stolt-Neilsen Transportation Group, Ltd.  )
                                          )
                Plaintiff,                )
                                          )        Civil Action No.  1:05-cv-02217 (RJL)
        v.                                )
                                          )
United States of America,                 )
                                          )
                Defendant.                )
_____)


Bates Numbers ATR 1 to 1561, 2377-3974

**W** means Document Withheld in Full
**R** means Document Released as Redacted
**F** means Document Released in Full

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR 1-14 (14) | R | 1/25/05 | Robert Connolly, Chief, Philadelphia Field Office[1] | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Attorneys, Philadelphia Field Office | E-mails[2] - "Work in Progress" with attached draft of the article. *"The Curious Case of Stolt-Nielsen S.A. v. United States,"* by Jim Walden, attorney in private practice. | (b)(5) | 05-072, 113 and 131.  E-mail with attached draft article, *Curious Case of Stolt-Nielsen S.A. v. United States,* which had been sent to the Antitrust Division (ATR) by its author, James Walden. The article was released in its entirety. Internal communications among ATR staff were redacted pursuant to the deliberative process privilege because they reflect the impressions and thoughts of staff.  The document is properly segregated.[3] |

[1]  The title of each person whose name appears on this Vaughn index is included in this index, but, in the interest of efficiency and space, it is rarely repeated.  The attached name and title list was created to assist the reader to identify individuals.

[2]  Documents consisting of more than one e-mail are identified using the information on the most recent communication.  All e-mails have been reviewed to identify e-mails that included communications with persons outside the government.

[3]  Each document obtained during defendant's search was carefully reviewed to determine its responsiveness to plaintiff's FOIA requests.  While processing those records, defendant carefully reviewed each document to ensure that all non-exempt information was disclosed  unless redacting exempt information made non-exempt material unintelligible.

However, the documents include nine draft versions of a chapter of an ABA publication, only one section of which is responsive.  Given the bulk of those chapters and the fact that the book is now publicly available, defendant released the responsive section but withheld the remaining text as not responsive.

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-15 - 17 (3) | R | 1/25/05 | James Walden | Scott Hammond, Deputy Assistant Attorney General (DAAG), Antitrust Division | E-mails - "Work in Progress" | (b)(6) | 05-072, 113 and 131.  E-mail from James Walden to ATR staff.  Mr. Walden's land line cell numbers were redacted because release could constitute an unwarranted invasion of his personal privacy.  All other material was released. |
| ATR-18 (1) | F | Document Released in Full | | | | | 05-072, 113 and 131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-19-20 (2) | R | 1/25/05 | John Powers, Assistant Chief Appellate Section | Scott Hammond, Robert Connolly, Belinda Barnett, Senior Counsel to DAAG Hammond, Ann Olek, Senior Counsel to DAAG Hammond, John Fonte, Appellate Section attorney | E-mails - "Work in Progress" | (b)(5) | 05-072, 113 and 131. E-mail concerning James Walden's draft article, *Curious Case of Stolt-Nielsen S.A. v. United States*. Internal comments among ATR staff were redacted pursuant to the deliberative process privilege because they reflect the impressions and thought processes of staff. E-mail from Mr. Walden was released, but his article was not attached to the e-mail string. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-21-35 (15) | R | 1/25/05 | Scott Hammond | Robert Connolly, Belinda Barnett, Ann Olek, John Powers, John Fonte | 2 E-mails - "Work in Progress" with attached draft of the article, *"The Curious Case of Stolt-Nielsen S.A. v. United States,"* by Jim Walden. | (b)(5) | 05-072, 113 and 131.  E-mails with attached draft article, *Curious Case of Stolt-Nielsen S.A. v. United States.*  The e-mail communication from its author, James Walden, and his article were released in their entirety. Internal communications  between ATR staff were redacted pursuant to the deliberative process privilege because they reflect the impressions and thoughts of staff. |
| ATR-36-38 (3) | R | 4/20/05 | Wendy Norman | Robert Connolly, Richard Rosenberg, Kimberly A. Justice | 3 E-mails - "Work in Progress" | (b)(5) | 05-072, 113 and 131.  E-mail concerning James Walden's draft article, *Curious Case of Stolt-Nielsen S.A. v. United States.*  Staff comment to ATR staff was redacted pursuant to the deliberative process privilege because they reflect the impressions and thought process of staff. Mr. Walden's e-mail was released.  His article was not attached to this e-mail string, but was released in connection with ATR-21-35. |
| ATR-39-41 (3) | F | Document Released in Full | | | | | 05-113 and 131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-42-47 (6) | F | Document Released in Full | | | | | 05-113 and 131. |
| ATR-48-49 (2) | R | 1/25/05 | Belinda Barnett | Scott Hammond Robert Connolly, Ann Olek, John Powers, John Fonte | E-mails - "Work in Progress | (b)(5) | 05-072, 113 and 131. E-mail communication to ATR staff relating to James Walden draft article, *Curious Case of Stolt-Nielsen S.A. v United States*. Internal communications among staff were redacted pursuant to the deliberative process privilege because they reflect staff's mental impressions and recommendation. The e-mail from Mr. Walden was released. His article was not attached to this e-mail string, but was released in connection with ATR-21-35. |
| ATR-50-51 (2) | F | Document Released in Full | | | | | 05-072, 113 and 131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-52-54 (3) | R | 1/26/05 | Robert Connolly | Scott Hammond<br><br>cc: James Walden | E-mails - "Work in Progress | (b)(5) and (b)(6) | 05-072, 113 and 131.  First redaction on ATR-052 was removed and a copy of the revised page sent to plaintiff on January 31, 2006.  Communications among staff were withheld because they reflect staff's thought processes.  Disclosure of telephone numbers could violate Mr. Walden's privacy. |
| ATR-55-58 (4) | R | 1/31/05 | Robert Connolly | ATR-PHI-Attorneys<br><br>One e-mail cc: James Walden | E-mails - "Work in Progress | (b)(5) and (b)(6) | 05-072, 113 and 131.  First redaction on page ATR-056 has been removed and a corrected copy sent to plaintiff on January 31, 2006.  Some of the remaining redactions were made to protect the thought processes of staff, and hence are protected from disclosure pursuant to the deliberative process prong of (b)(5).  Other redactions were made to protect Mr. Walden's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-59-60 (2) | R | 4/20/05 | Richard Rosenberg | Wendy Norman, Robert Connolly, Antonia Hill, Kimberly A. Justice | E-mails - "Work in Progress | (b)(5) | 05-072, 113 and 131.  E-mail with internal comments by ATR staff concerning a draft of James Walden's article, *Curious Case of Stolt-Nielsen S.A. v. United States.*  Staff's internal discussions were redacted pursuant to the deliberative process privilege because they reflect staff's  thought processes and mental impressions.  Mr. Walden's e-mail was released, but his article was not attached to this e-mail string, but was released in connection with ATR-21-35. |
| ATR-61-63 (3) | R | 5/27/05 | Robert Connolly | Scott Hammond, Kimberly A. Justice, Antonia Hill, Wendy Norman, Richard Rosenberg | E-mails - "Stolt could face further charges" | (b)(5) | 05-072, 113 and 131.  E-mails between staff and outside parties were released in full.  Internal e-mail discussions among staff reflecting their  thoughts and opinions were redacted pursuant to the attorney work-product and deliberative process privileges. |
| ATR-64-65 (2) | F | Document Released in Full | | | | | 05-072, 113 and 131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-66-69 (4) | F | Documents Released in Full | | | | | 05-080 and 131. |
| ATR-070-72 | F | Document Released in Full | | | | | 05-131. |
| ATR-73-76 (4) | R | 11/22/02 | James Bandler, John McKinnon, reporters Wall St. Jrl. | None, copy of article | WALL STREET JOURNAL article entitled: *"Stolt-Nielsen Unit is Probed for Traffic with Iran*." | (b)(5) | 05-080.  Staff notations reflecting their thoughts were redacted pursuant to the work product privilege. |
| ATR-77-78 (2) | F | Document Released in Full | | | | | 05-080. |
| ATR-79-80 (2) | R | 11/22/02 | James Bandler, John McKinnon | None, copy of article | Wall Street Journal; article entitled: *"Stolt-Nielsen Unit is Probed for Traffic with Iran."* | (b)(5) | 05-080.  Staff notations reflecting mental impressions and thought processes in connection with investigation were redacted pursuant to the work-product privilege. |

9

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-81-83 (3) | F | Document Released in Full | | | | | 05-080. |
| ATR-84-91 (8) | F | Documents Released in Full | | | | | 05-088. |
| ATR-92-126 (35) | F | Documents Released in Full | | | | | 05-072. |
| ATR-127-138 (12) | F | Documents Released in Full | | | | | 05-080. |
| ATR-139-151 (13) | F | Document Released in Full | | | | | 05-131. |
| ATR-152-208 (57) | F | Documents Released in Full | | | | | 05-072, 113 and 131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-209-210 (2) | R | 11/22/02 | Robert Connolly | James Griffin (DAAG), Scott Griffith, Belinda Barnett, Jeffrey Parker, Joseph Muoio, Asst Chief, Philadelphia Field Office | E-mails - "Stolt-Nielsen; antitrust lawsuit." Included article entitled: *"Stolt-Nielsen Unit is probe for Traffic Unit Iran"* (2002), | (b)(5) and (7)(C) | 05-080 and 131. Internal e-mail to superior discussing staff's mental impressions and thought processes redacted as reflecting attorney work-product and the deliberative process privilege. Name of individual withheld to protect his privacy. |
| ATR-211-213 (3) | R | 11/25/02 | Jeffrey Parker, Philadelphia Field Office | Erin A. Blake, Philadelphia Field Office paralegal | E-mails - "Stolt-Nielsen Antitrust investigation" | (b)(5) and (7)(C) | 05-080 and 131. Internal e-mail communications between staff and superior were redacted pursuant to the attorney work-product and deliberative process privileges because their disclosure could reveal staff's thought processes about its search for relevant information and interfere with individual's privacy. Article that is part of the e-mail is entitled "Stolt-Nielsen Unit is Probed for Traffic with Iran" is released in full. |
| ATR-214-215 (2) | R | 11/22/02 | Jeffrey Parker, | Robert Connolly, Joseph Muoio | E-mail - Stolt-Nielsen; antitrust lawsuit | (b)(5) and (7)(C) | 05-080 and 131. Redacted material is duplicative of redacted material on ATR-209-210. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-216-223 (8) | F | Documents Released in Full. However, upon further review, it has been determined that these documents are not responsive to any requests. | | | | | N/A. |
| ATR-224-229 (6) | F | Document Released in Full. However, upon further review, it has been determined that these documents are not responsive to any requests. | | | | | N/A. |
| ATR-230-273 (44) | F | Documents Released in Full | | | | | 05-131. |
| ATR-274-280 (7) | F | Document Released in Full. However, upon further review, it has been determined that these documents are not responsive to any requests. | | | | | N/A. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-281-284 (4) | W | December 4, 2002 | Ann Olek, Special Assistant to DAAG Griffin and Scott Hammond, Antitrust Division Director of Criminal Enforce-ment | Unknown | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071.  Handwritten notes taken by staff during a December 4, 2002 meeting with John Nannes.  The notes, which were taken in anticipation of litigation, were shared internally among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA.  The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy.  Disclosure could be expected to impede the ongoing investigation. |
| ATR-285-289 (5) | W | December 4, 2002 | Patrick O'Shaugh-nessey, Special Assistant to DAAG Griffin and Scott Hammond | Robert Connolly | Handwritten Notes | (b)(5), (7)(A), and (7)(C) | 05-071.  Fax cover from Patrick O'Shaughnessy transmitting an identical copy of the notes described in ATR 281 - 284 above and withheld for the reasons described therein. |

13

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-290-299 (10) | W | December 4, 2002 | Belinda Barnett | Robert Connolly | Handwritten Notes | (b)(5), (7)(A), and (7)(C) | 05-071. Internal fax between ATR staff with attached handwritten notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of litigation and internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA. The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy. Disclosure could be expected to impede the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-300-302 (3) | W | December 4, 2002 | Jim Griffin | Melissa Lenzi, Philadelphia Field Office | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071.  Handwritten notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of litigation were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA.  The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy.  Disclosure could be expected to impede the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-303-305 (3) | W | December 4, 2002 | Robert Connolly | Unknown | Handwritten Notes | (b)(5), (7)(A), and (7)(C) | 05-071.  Notes taken during the same December 4, 2002 meeting with John Nannes.  The notes, which were taken in anticipation of grand jury investigation and litigation, were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA.  The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy.   Disclosure could be expected to impede the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-306-311 (6) | W | December 4, 2002 | Wendy Norman | Unknown | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071.  Notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of grand jury investigation and litigation, were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA.  The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy.  Disclosure could be expected to impede the ongoing investigation. |
| ATR-312-320 (9) | W | December 4, 2002 | Belinda Barnett | Unknown | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071.  Duplicate of notes Bates numbered ATR - 291-299 and withheld for same reasons stated above for that document. |
| ATR-321-342 (22) | F | Document Released in Full | | | | | 05-072. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-343-347 (4) | W | May 3, 2005 | Robert Connolly | Scott Hammond, Scott Watson, Chief Cleveland Field Office, Antitrust Division, James Ragsdale, paralegal to DAAG Hammond, Antonia Hill, Wendy Norman, Kimberly Justice, and Richard Rosenberg | E-mail with Attachment | (b)(5), (7)(A) and (7)(C) | 05-072.  Internal e-mail transmitting an attached document consisting of information compiled for investigation and litigation that staff suggest may be useful in preparing a speech.  The document reflects attorney-work product.  The information also contains names of third parties, some of whom could become witnesses.  The disclosure of their identities could be expected to constitute an invasion of personal privacy and interfere with the ongoing litigation. |
| ATR-347 (1) | W | May 3, 2005 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5) and (7)(A) | 05-072.  Internal e-mail requesting certain factual information that could be useful in a speech; its release would reveal staff's thought processes and thus interfere with the deliberative process.  Its release could reasonably be expected to interfere with an ongoing proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-348-357 (10) | W | February 1, 2005 | Robert Connolly | Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Richard Rosenberg and Kimberly Justice | E-mail and attachment | (b)(5), (7)(A) and (7)(C) | 05-072.  Internal e-mail to superior and staff with attached draft memorandum relating to possible future speech.  There is no evidence that the draft was used as a speech or made public in any other way.  It reflects staff's deliberations and recommendations as well as its work-product.  The draft also contains the names of third parties, some of whom may become witnesses.  The release of their identities could invade their privacy and interfere with the ongoing enforcement proceeding. |
| ATR-358-365 (8) | W | January 28, 2005 | Robert Connolly | Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Richard Rosenberg and Kimberly Justice | E-mail and attachment | (b)(5), (7)(A) and (7)(C) | 05-072.  Internal e-mail to superiors with attached draft memorandum that was created by staff.  There is no evidence that the draft was adopted by superiors or made public.  It reflects staffs deliberations and work-product.  It also contains names of third parties, the release of which could invade privacy.  The material relates to an ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-366-374 (9) | W | Undated | Unknown | Unknown | Draft Excerpt | (b)(5), (7)(A) and (7)(C) | 05-072. Document created by ATR staff marked draft. It is very similar but not identical to the draft memorandum attached to bates No. ATR-358 reflecting staff deliberations and selection of facts and is withheld pursuant to the deliberative process privileges. It contains third parties names release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The document could reveal the direction of the ongoing investigation and its release could reasonably be expected to interfere with that proceeding. |
| ATR-375-377 (3) | W | Undated | Belinda Barnett | Scott Hammond | Typed Notes | (b)(5) and (7)(A) | 05-072. Notes compiled for superior with input and advice from the Division's Appellate Section reflecting author's advice, recommendations and opinions. Notes were not shared outside the Division. Notes are withheld pursuant to the deliberative process and work-product privileges. The text relates to an ongoing grand jury investigation and its release could reasonably be expected to interfere with those proceedings. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-378 (1) | W | Undated | Belinda Barnett | Unknown | Notes | (b)(5) and (7)(A) | 05-072.  Draft notes compiled for Scott Hammond, with input and advice from the Division's Appellate Section reflecting author's opinions, recommendations and thoughts.  The document was not shared with anyone outside the Division and unclear if ever given to Mr. Hammond.  It is withheld pursuant to the deliberative process and work-product privileges.  The text relates to an ongoing grand jury  investigation and litigation and its release could reasonably be expected to interfere with those proceedings. |
| ATR-379-381 (3) | F | Document Released in Full | | | | | 05-080. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-382-384 (3) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff.  It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information.  Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation.  Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-385-406 (22) | R | 11/02/05 | Robert Connolly | Scott Hammond, Thomas O. Barnett, Gina Talamona (DOJ Press Officer), John Powers, John Fonte, Marc Siegel (Antitrust Div Director of Criminal Enforcement), Belinda Barnett, Ann O'Brien, and Division Field Office Chiefs Duncan Currie, Nezida Davis, Ralph Giordano, Lisa Phelan, Marvin Price, Phillip Warren and Scott Watson | E-mail | (b)(5) | 05-131.  Internal e-mail circulating within the Division Don Baker article about the plaintiffs published by Lloyds List.  E-mail text reflects internal staff thoughts and opinions and is redacted pursuant to the deliberative process and work-product privileges.  Additional news articles not concerning the plaintiffs were redacted because the information was not responsive to the request.  Baker is attorney in private practice. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-407-426 (21) | R | 11/02/05 | John Powers | Scott Hammond, Ann O'Brien and Belinda Barnett | E-mail | (b)(5) | 05-131.  Internal e-mail regarding the 11/02/05 Don Baker article published by Lloyds List.  Email text redacted pursuant to (b)(5) reflects internal staff thoughts and opinions exempt pursuant to the deliberative process and work-product privileges.  Baker article released in full.  Other news articles that do not concern the plaintiffs were redacted because non-responsive request. |
| ATR-428 (1) | F | Document Released in Full | | | | | |
| ATR-429-440 (12) | R | 9/02/05 | D. Baker, private practice attorney | Mark Siegal and Belinda Barnett | E-mail entitled "My Stolt-Nielsen Article" | (b)(5) and (b)(6) | 05-131.  E-mail communication from D. Baker to Division staff related to Mr. Baker's attached draft article entitled "The Great Antitrust Amnesty Detour."  Telephone numbers are redacted to protect the author's privacy.  Internal e-mail reflecting staff's opinion was redacted pursuant to deliberative process and work-product privileges. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-441-442 (2) | R | 8/15/05 | Belinda Barnett | Scott Hammond | E-mails entitled "My Stolt-Nielsen Article" | (b)(5) and (b)(6) | 05-131.  Internal communications between ATR staff about Don Baker article were redacted pursuant to the deliberative process privilege because they reflect staff's thoughts and opinions.  The e-mail exchange between Mr. Baker and staff is released in its entirety.  Mr. Baker's personal cell phone number was redacted to avoid an unwarranted invasion of personal privacy. |
| ATR-443 (1) | R | 8/08/05 | Belinda Barnett | Marc Siegal | E-mail entitled "My Stolt-Nielsen Article" | (b)(5) and (b)(6) | 05-131.  Internal communications which reflects staff's thought processes was redacted pursuant to the deliberative process privilege.  The external portion of the e-mail communication was released in its entirety.  Mr. Baker's cell phone number withheld to avoid unwarranted invasion of his privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-444-454 (11) | R | 08/04/05 | Belinda Barnett | Robert Connolly, Scott Hammond, Marc Siegel, John Fonte, and John Powers | E-mail entitled "My Stolt-Nielsen Article" with attached draft article by Donald Baker entitled: *The Great Antitrust Amnesty Detour: Stolt-Nielsen v. U.S.* | (b)(5) and (b)(6) | 05-131.  The cell phone number was redacted to protect Mr. Baker's cell phone number.  Draft article and  external communications between D. Baker and ATR staff were released in their entirety.  Internal e-mail reflecting staff opinion redacted pursuant to deliberative process and attorney-work product privileges. |
| ATR-455-457 (3) | R | 3/07/05 | Robert Connolly | Scott Hammond, Marc Siegel and Belinda Barnett | E-mails entitled "Sunday Philadelphia Inquirer Article" | (b)(5) | 05-131.  Inter e-mail reflecting  staff's opinion was redacted pursuant to the deliberative process privilege and work product privileges.  News article regarding amnesty program and Stolt-Nielsen released in its entirety. |
| ATR-458-460 (3) | R | 3/22/04 | Donna Wills-Simms, DAAG secretary | Belinda Barnett | E-mails entitled "WSJ.com - Stolt-Nielsen Loses Immunity From Antitrust Prosecution" | (b)(5) and (7)(C) | 05-131.  Internal e-mails between ATR staff forwarding links to WSJ.com article and reflecting staff's opinion withheld pursuant to attorney work product privilege.  The name of a third party redacted to protect his privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-461 (1) | R | 3/22/04 | Leslie Overton, AAG Counsel | Belinda Barnett | E-mail with attached Press Release entitled "Justice Department Statement Regarding Antitrust Division's Corporate Leniency Program" | (b)(5) | 05-131. Internal e-mail concerning Press Release reflects staff inquiry to superior, exempt pursuant to deliberative process privilege. |
| ATR-462-463 (2) | R | 9/9/04 | Ann Olek | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mails among staff and press releases issued by plaintiff and defendant. Redacted information reflects request for information and advice exempt as deliberative process and work-product. Release could reasonably be expected to interfere with the ongoing proceeding. |
| ATR-464 (1) | R | 11/15/04 | Ann Olek | Belinda Barnett | E-mail | (b)(5) | 05-131. Superior's opinion to staff redacted pursuant to the deliberative process privilege. The Paul O'Brien mentioned in the e-mail is an Antitrust Division attorney to whom Ann Olek is now married. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-465-468 (4) | R | 1/18/05 | Ann Olek | Belinda Barnett, Scott Hammond | E-mail entitled "Reversal of Fortune: Important Opinion of DOJ Amnesty Program" | (b)(5) | 05-131.  E-mail received from ABA member was released in full.  Internal communication between staff reflects attorney work-product. |
| ATR-469-471 (3) | R | 3/22/04 | Kimberly Justice | Robert Connolly, James Griffin, Scott Hammond, Belinda Barnett, Gina Talamona, Antonia Hill, Wendy Norman and Richard Rosenberg | E-mail entitled "WSJ.com - Stolt-Nielsen Loses Immunity From Antitrust Prosecution" with link to article | (b)(5) and (7)(C) | 05-131.  Internal communications between staff members and superiors.  Redacted material reflects staff's selection of important facts.  Other redacted information could violate a third party's privacy if disclosed. |
| ATR-472 (1) | R | 3/22/04 | James Griffin | Pate, R. Hewitt (AAG), Gina Talamona, Scott Hammond and Belinda Barnett | E-mail | (b)(5) | 05-131. Internal e-mail communication between staff and superior containing thoughts about Stolt-Nielsen's press release.  Press release released in full. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-473-476 (4) | R | 8/8/05 | James Griffin, attorney in private practice as of 12/31/04 | Don Baker Cc'd Belinda Barnett | E-mail entitled "My Stolt-Nielsen Article" | (b)(6) | 05-131.  E-mail between outside parties and copied to Ms. Barnett.  Document released in full, but individual's cell phone number was redacted to protect his privacy. |
| ATR-477 (1) | R | 9/26/05 | Don Baker | John Powers and Belinda Barnett | E-mail entitled "Stolt-Nielsen Argument" | (b)(6) | 05-131.  External e-mails from outside party to Division staff member with attached Legal Times article released in its entirety, except for the outside party's cell phone member, disclosure of which could invade his privacy. |
| ATR-478-479 (2) | R | 10/26/05 | John Powers | Don Baker and Belinda Barnett | E-mail entitled "Stolt-Nielsen Argument" | (b)(6) | 05-131.  External e-mails between outside party and Division staff member  released in their entirety, but for the outside party's cell phone member, disclosure of which could invade his privacy. |
| ATR-480 (1) | F | Document Released in Full | | | | | |
| ATR-481 (1) | R | 8/04/05 | D. Baker | Belinda Barnett | E-mail entitled My "Stolt-Nielsen Article" | (b)(6) | 05-131.  External e-mail from outside party to Division staff member  released in its entirety, but for the outside party's cell phone member, disclosure of which could invade his privacy. |

29

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-482-484 (3) | R | 3/7/05 | Jeffrey Parker | Robert Connolly and Joseph Muoio | E-mail entitled "Questions of Credibility After U.S. Reneges on Deal" | (b)(5) | 05-131.  Internal e-mail among Division staff reflects staff's thoughts about included news article, the disclosure of which thoughts could reveal direction of the investigation.  News article released in full. |
| ATR-485 (1) | W | 3/02/05 | Jeffrey Parker | Melissa Lenz, paralegal Philadelphia FO and Kimberly Justice, attorney Philadelphia FO | E-mail entitled "Stolt-Nielsen S.A. Announces Exercise of Stock Options and Sale of Shares by Primary Insiders" | (b)(5) | 05-131.  Internal e-mail communication between staff reflects staff's thoughts about news article and possible investigative avenues. |
| ATR-486-488 (3) | F | Document Released in Full | | | | | 05-131. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-489-493 (5) | R | 1/25/05 | Scott Hammond | Ann Olek, Phillip Warren, Niall Lynch, Marc Siegel and Belinda Barnett | E-mail entitled "ABA Antitrust Seminar" | (b)(5) | 05-131.  Internal e-mails redacted as they reflect staff and superiors thoughts, opinions, and advice regarding policy matter.  External e-mails with ABA members released in full. |
| ATR-494-498 (5) | R | 12/7/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly A. Justice and Richard Rosenberg | E-mail entitled "Congrats" | (b)(6) and (7)(C) | 05-131.  E-mail reflecting external communication between Division staff and outside party.  Certain information was redacted because it is not responsive to the request.  It also contains the name of a third party the disclosure of which could  reasonably be expected invade personal privacy.  An attached news article was released in full. |
| ATR-499-500 (2) | R | 12/03/04 | Jeffrey Parker | Robert Connolly and Joseph Muoio | E-mail entitled "Chemical Giants Seek U.S. Fed Help" | (b)(5) | 05-131.  Internal e-mail communication from subordinate to superior with text of a Tradewinds article dated December 3, 2004.  Redacted material reflects subordinate opinion and thoughts and is withheld pursuant to the deliberative process and attorney work-product privilege.  The article was released in its entirety. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-501-506 (6) | F | Documents Released in Full | | | | | 05-131. |
| ATR-507-515 (9) | F | Document Released in Full | | | | | 05-131. |
| ATR-516-517 (2) | W | 8/4/05 | Belinda Barnett | Scott Hammond, John Powers, Robert Connolly and Marc Siegal | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail communications between staff and superiors which reflects internal Division deliberations and is, therefore, exempt from disclosure pursuant to the deliberative process privilege.  The document's release could reveal information concerning the ongoing investigation and litigation.  Its disclosure could interfere with that proceedings. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-518 (1) | W | 2/25/04 | Gina Talamona | Belinda Barnett and Leslie Overton | E-mail | (b)(5), and (7)(A) | 05-131. Internal e-mail concerning draft material provided by staff to superior and DOJ press officer. It reflects deliberations and recommendations. It is withheld pursuant to the deliberative process and attorney work-product privileges. Release could reveal information relating to an ongoing investigation and could interfere with that proceeding. The draft was not attached to this e-mail string. |
| ATR-519-520 (2) | W | 2/25/04 | Gina Talamona | Leslie Overton and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting draft material and recommendations requiring approval of superiors. It's an ongoing enforcement proceeding its release could interfere with that proceeding. |
| ATR-521-522 (2) | W | 2/25/04 | Gina Talamona | Leslie Overton and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting staff's opinions and recommendations to superiors. Document reflects information relating to an ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-523 (1) | W | 4/15/04 | Gina Talamona | Robert Connolly, James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, R. Hewitt Pate, Gloria Jenkins (AAG Secretary) and Philadelphia Field Office staff | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail from subordinate reflecting advice and recommendations to superiors. It relates to an ongoing enforcement proceeding and its release could interfere with the ongoing proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-524-525 (2) | W | 3/22/04 | Gina Talamona | R. Hewitt Pate, Scott Hammond, James Griffin, Gloria Jenkins, Belinda Barnett, Nellie Pittman (DAAG paralegal), Luke Macaulay (DOJ Press Asst), Mark Corallo (DOJ Director of Public Affairs), and Monica Goodling (Deputy Director FOJ Public Affairs Office) | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail ATR staff on draft materials relating to an ongoing enforcement proceeding and seeks advice from superior.  It is exempt from disclosure under the attorney work-product and deliberative process privileges.  Release could reasonably be expected to interfere with the ongoing proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-526-527 (2) | W | 2/25/04 | Gina Talamona | Belinda Barnett, Leslie Overton, Nellie Pittman and Luke Macaulay | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail reflecting the exchange of thoughts, comments, and recommendations concerning draft material among staff.  It was compiled in anticipation of litigation, is pre-decisional, and was generated for superior approval.  It is, therefore, exempt from disclosure pursuant to the deliberative process and attorney work-product privilege.  The information relates to an ongoing enforcement proceeding and its release could interfere with that proceeding. |
| ATR-528 (1) | W | 3/22/04 | Gina Talamona | Gina Talamona, Hewitt R. Pate, Scott Hammond, James Griffin, Gloria Jenkins, Belinda Barnett, Nellie Pittman, Luke Macaulay, Mark Corallo and Monica Goodling | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail reflecting the thoughts and recommendations of subordinates to superior concerning draft material that was compiled in anticipation of litigation. The information relates to ongoing enforcement proceedings and its release could reasonably be expected to interfere with that proceeding.  It is exempt from disclosure under the attorney work-product and deliberative process privileges. |

36

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-529-530 (2) | W | 1/14/05 | Gina Talamona | Scott Hammond, Hewitt R. Pate, David Higbee (DAAG), Ann Olek and Belinda Barnett | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail containing staff's recommendations and thoughts concerning a possible witness. It reflects information relating to an ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. Contains the name of third party, the disclosure of which could invade the person's privacy. |
| ATR-531 (1) | W | 9/22/03 | Douglas Ross, AAG Counsel | Belinda Barnett, O'Shaugh-nessy (Special Asst DAAG), Robert Connolly, Scott Hammond, James Griffin | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) Fed. R. Crim. P. | 05-131. Internal e-mail from subordinate to superior about a potential withness Release could violate grand jury rules and interfere with ongoing enforcement proceedings. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-532-533 (2) | W | 5/11/04 | John Powers | Robert Connolly, James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail exchange among ATR staff reflecting their thoughts, comments, and recommendations about draft document and a matter in litigation that are protected by the deliberative process privilege.  Its release could be expected to interfere with an ongoing enforcement proceeding.  Contains the names of third parties the disclosure of which could invade their privacy. |
| ATR-534-535 (2) | W | 2/24/04 | Leslie Overton | Belinda Barnett, Gina Talamona | E-mail | (b)(5), (7)(A), and (7)(C) | 05-131. Internal e-mail exchange reflecting staff's comments and opinions relating to document prepared for superior's  approval.  It also reflects information relating to an ongoing enforcement proceeding the release of which could interfere with that proceeding.  Disclosure could also identify a third party who became a witness. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-536-537 (2) | W | 2/25/04 | Leslie Overton | Belinda Barnett | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail exchange reflecting staff's comments relating to information prepared for superior's approval.  It also reflects information relating to an ongoing enforcement proceeding, the release of which could interfere with that proceeding.  Finally, disclosure could identify third party who might become a witness. |
| ATR-538 (1) | W | 6/24/03 | Ann Olek | Belinda Barnett | E-mail | (b)(5) | 05-131.  Internal e-mail among staff conveying information about an ongoing enforcement proceeding.  It is withheld pursuant to the  attorney work-product privilege. |
| ATR-539 (1) | W | 6/12/03 | Scott Hammond | Belinda Barnett | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131.  Internal e-mail reflecting staff's thoughts and impressions involving an ongoing enforcement proceeding.  It identifies a third party entitled to protection from an invasion of his privacy and who is a confidential source of information. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-540-542 (3) | W | 1/14/05 | Scott Hammond | Belinda Barnett, Ann Olek, Nellie Pittman | E-mail with Attachment | (b)(5) | 05-131.  Internal e-mail reflecting staff's exchange of thoughts and recommendations regarding attached draft document. The draft was never made public.  It is withheld from public disclosure because it constitutes attorney work-product and the deliberative process privilege of Division staff. |
| ATR-543-544 (2) | W | 2/23/04 | James Griffin | Gina Talamona, Scott Hammond, Belinda Barnett and Robert Connolly | E-mail with Attachment | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail between staff members advising them of factual information and draft material relating to an ongoing enforcement proceeding.  Its release could reasonably be expected to interfere with that proceeding.  It also contains the identity of  a third party, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-545-547 (3) | R | 3/22/04 | James Griffin | Hewitt R. Pate, Gina Talamona, Scott Hammond and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail exchanges between subordinate and superior were redacted because the contain recommendations and advice. Also, they reflect information relating to ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. |
| ATR-548 (1) | W | 4/15/04 | James Griffin | Gina Talamona, Robert Connolly, Scott Hammond, Belinda Barnett, Antonia Hill, Hewitt R. Pate and Gloria Jenkins | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail to and from superior and subordinate reflecting impressions, advice and thoughts on ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-549 (1) | W | 2/25/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling (Special Asst DAAG), Maureen Casey(Antitrust Div Foreign Commerce attorney), Gina Talamona, Antonia Hill, Shaan Chima (Philadelphia FO paralegal) and Jeffrey Parker | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail reflecting staff's comments on ongoing enforcement proceeding.  Release could reveal aspects of investigation and the release of which could reasonably be expected to interfere with the ongoing proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-550-551 (2) | W | Withheld | Robert Connolly | Belinda Barnett, James Griffin, Scott Hammond, Patrick O'Shaugh-nessy | E-mail entitled "New WSJ Article on Stolt" including Article | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  Internal e-mail communication reflecting staffs thoughts and queries about article.  It relates to an ongoing enforcement proceeding and disclosure could reasonably be expected to interfere with that proceeding.  Release could also disclose the identity of possible witnesses and subjects of the grand jury investigation and constitute an unwarranted invasion of person privacy. |
| ATR-552 (1) | W | 8/15/03 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, John Sharp (FBI agent detailed to Philadelphia FO), Gina Talamona, Belinda Barnett, Scott Hammond and James Griffin | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail informing staff of matters relating to the ongoing investigation.  It reflects author's thoughts and analysis, exempt under the deliberative  process privilege and is also exempt under the attorney work-product privilege.  It also contains the name of a third party. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-553 (1) | W | 3/22/04 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Richard Rosenberg and Kimberly Justice | E-mail | (b)(5) | 05-131. Internal e-mail communication between staff advising of certain developments in the investigation, withheld pursuant to the attorney work-product privilege. |
| ATR-554-555 (2) | W | 12/19/05 | Robert Connolly | Philadelphia FO Attorneys Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker, Laura Heiser and Philadelphia paralegal Melissa Lenzi | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail between staff containing information associated with, and/or potentially of investigative use, for the ongoing investigation. It constitutes attorney work-product the release of which could interfere with the ongoing enforcement proceeding if disclosed. It also identifies a third party, the release of whose name could invade his privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-556 (1) | W | 12/15/05 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker and Richard Hess (Antitrust Div Contract Attorney Manager Information Systems Support Group) | E-mail | (b)(5) and (7)(C) | 05-131.  Internal e-mail requesting staff to research certain information associated with the ongoing enforcement proceeding. It constitutes attorney work-product and disclosure could reasonably be expected to interfere with ongoing enforcement proceedings.  It also identifies third party, the release of whose name could invade his privacy. |
| ATR-557-558 (2) | W | 8/4/05 | Scott Hammond | John Powers, Belinda Barnett, Robert Connolly, Marc Siegel and Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail communications between staff reflecting staff's opinion and recommendation on how to proceed with ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-559 (1) | W | 8/4/05 | Scott Hammond | Belinda Barnett, Robert Connolly, Marc Siegel and John Powers | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications reflecting staff analysis and recommendation about responding to a telephone call. Its disclosure could interfere with an ongoing enforcement proceeding. |
| ATR-560-561 (2) | W | 8/4/05 | John Powers | Belinda Barnett, Scott Hammond, Robert Connolly, Marc Siegel, Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications reflecting staff analysis and recommendation about responding to a telephone call. It's disclosure could interfere with an ongoing enforcement proceeding. |
| ATR-562-563 (2) | W | 8/4/05 | John Powers | Belinda Barnett, Scott Hammond, Robert Connolly, Marc Siegel and Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail between staff reflecting staff's opinion and recommendation about responding to a telephone call. Its disclosure could interfere with ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-564-565 (2) | W | 8/26/05 | Jeffrey Parker | Joseph Muoio | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  Internal e-mail containing  staff's thought processes, deliberations, opinions, and potential direction of the ongoing investigation.  Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. It reflects staff's deliberative process and attorney work-product, and its disclosure could stifle frank and open discussions. It contains the identity of a subpoena recipient and a possible subpoena recipients, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy and a violation of Rule 6(e) of Federal Rules of Criminal Procedure. |
| ATR-566-567 (2) | W | 8/8/05 | Jeffrey Parker | Laura Heiser, Melissa Lenzi | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail communication reflecting staff's research of certain facts connected with the ongoing investigation, withheld pursuant to the attorney work-product privilege.  It also contains names of third parties, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Its disclosure could reveal the direction of the ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-568-569 (2) | W | 7/20/05 | Kimberly Justice | Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail communication containing certain information associated with the ongoing investigation staff selected as of investigative interest. It reflects attorney work-product because it reveals their thought processes. It contains the names of third parties the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| ATR-570-574 (5) | W | 7/22/05 | Robert Connolly | Potential Witness | E-mail | (b)(5), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. E-mail to potential grand jury witness describing the investigation and forwarding article. Disclosure of the e-mail could constitute an unwarranted invasion of personal privacy, may reveal a confidential source, and could have an adverse effect on the ongoing proceeding. |
| ATR-575 (1) | W | 6/12/03 | Antonia Hill | Robert Connolly | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131. Internal e-mail communication reflecting staff's thoughts and impressions regarding ongoing investigation. It contains the names of third parties and the identity of a confidential source of information. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-576-577 (2) | W | 12/28/04 | Jeffrey Parker | Robert Connolly, Wendy Norman, Antonia Hill, Kimberly Justice, Richard Rosenberg and Joseph Muoio | E-mail | (b)(5) and (b)(7)(A) | 05-131.  Internal e-mail communication from subordinate to superior forwarding certain facts and information associated with the ongoing investigation.  It is withheld pursuant to the attorney work-product privilege.  Release could reasonably be expected to interfere with the ongoing enforcement proceedings because it could show the direction of the investigation. |
| ATR-578-579 (2) | W | 6/28/04 | Jeffrey Parker | Kimberly Justice | E-mail | (b)(3), (5) and (7)(A) | 05-131.  Internal e-mail among staff reflecting their selection of facts important to the ongoing litigation. Disclose could harm the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-580-581 (2) | W | 6/28/04 | Antonia Hill | Jeffrey Parker, Robert Connolly, Wendy Norman, Richard Rosenberg, Melissa Lenzi, Shaan Chima, Beth Fuhrhop (Philadelphia FO secretary) and Joseph Muoio | E-mail | (b)(3), (b)(5) and (7)(A) | 05-131. Internal e-mail among staff reflecting their selection of facts important to the ongoing investigation. . Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release. |
| ATR-582-583 (2) | W | 6/28/04 | Antonia Hill | Jeffrey Parker, Robert Connolly, Wendy Norman, Richard Rosenberg, Melissa Lenzi, Shaan Chima, Beth Fuhrhop and Joseph Muoio | E-mail | (b)(3), (b)(5) and (7)(A) | 05-131.  Same as ATR-580-581, but does not include information tracking receipt of e-mail. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-584-585 (2) | W | 6/2/04 | Jeffrey Parker | Joseph Muoio and Robert Connolly | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail from subordinate to superiors transmitting article on which the sender had identified what he considers useful to the investigation, withheld pursuant to the attorney work-product privilege.  Disclosure could reveal the direction of the government's ongoing investigation and could impede the ongoing enforcement proceeding. |
| ATR-586 (1) | W | 6/2/04 | Jeffrey Parker | Joseph Muoio | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail from subordinate to superiors transmitting article on which the sender identified information he selected as useful to the investigation, withheld pursuant to the attorney work-product privilege.  Disclosure could reveal the direction of the investigation, and could be expected to impeded it. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-587 (1) | W | 4/15/04 | James Griffin | Gina Talamona, Robert Connolly, Scott Hammond, Belinda Barnett, Antonia Hill, Hewitt R. Pate, Gloria Jenkins and Philadelphia Staff | E-mail | (b)(5) and (7)(A) | 05-131.  Exchange of internal e-mail between superiors and subordinates relaying information, advice, and recommendation relating to the ongoing investigation. |
| ATR-588-589 (2) | W | 3/23/04 | Robert Connolly | Staff | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail reflecting staff briefing by superior reflecting certain information about important aspects of the ongoing investigation.  Its disclosure could reveal the author's selection of information and could interfere with the ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-590 (1) | W | 7/2/03 | Robert Connolly | Antonia Hill | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 05-131.  E-mail forwarding a confidential source and a description of that communication.  Disclosure could reveal the identity of a confidential source, information provided, and could reasonably be expected to invade the person's privacy and interfere with ongoing investigation. |
| ATR-591 (1) | W | 5/21/03 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Shaan Chima, Constance Webster (Philadelphia FO Secretary), Gina Talamona, James Griffin and Scott Hammond | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail summarizing for staff information received from confidential source in an ongoing grand jury investigation.  The disclosure of which could impede the ongoing matter. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-592 (1) | W | 5/1/03 | Scott Hammond | Robert Connolly, James Griffin, Laura Starling, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Gina Talamona | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails reflecting exchange of information between subordinate and supervisor and an analysis of the information subordinate conveyed to superior in a ongoing grand jury investigation. E-mails contain the names of confidential sources of information and third parties. Disclosure could reasonably be expected to interfere with the ongoing investigation because release could identify possible witnesses, information they have conveyed, and investigative avenues in the ongoing matter. |
| ATR-593 (1) | W | 5/1/03 | Robert Connolly | James Griffin, Scott Hammond, Laura Starling, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Gina Talamona | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mail the majority of which is identical to text in the e-mail numbered ATR 592. It is exempt for the same reasons as stated above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-594-596 (3) | W | 2/27/03 | Shaan Chima | Robert Connolly, Antonia Hill, Richard Rosenberg and Jeffrey Parker | E-mail | (b)(5) and (7)(A) | 05-131.  Internal e-mail reflecting subordinate's research and comments.  Disclosure could impede the ongoing investigation because its disclosure could reveal potential witnesses. |
| ATR-597-598 (2) | W | 2/24/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  E-mails among Division staff consisting of mental impressions and analysis of e-mails from confidential sources in ongoing investigation and discussion of alternative responses to the information conveyed. It is withheld pursuant to the attorney work-product and deliberative process privileges.  In addition, disclosure could reveal the direction of the ongoing GJ investigation, and impede the ongoing enforcement proceeding.  The names of third parties were redacted to protect their privacy and/or their status as confidential informants or potential witnesses. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-599-600 (2) | W | 2/21/03 | Jeffrey Parker | Antonia Hill, Robert Connolly, Shaan Chima, Richard Rosenberg and Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail from subordinate to superiors providing details and mental impressions about certain aspects of the ongoing investigation.  It is withheld pursuant to the attorney work-product and deliberative process privileges.  In addition, disclosure could reveal the direction of the ongoing GJ investigation, and impede the ongoing enforcement proceeding.  The names of third parties were redacted to protect their privacy and/or their status as confidential informants or potential witnesses. |
| ATR-601-602 (2) | W | 2/20/03 | Shaan Chima | Shaan Chima, Jeffrey Parker, Antonia Hill, Robert Connolly and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mails transferring and analyzing selected information useful to the ongoing grand jury investigation.  It reflects staff's mental impressions and contains the name of a third party.  Disclosure of his idenfify could impede the ongoing matter and invade his privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-603-604 (2) | W | 2/20/03 | Shaan Chima | Jeffrey Parker, Antonia Hill, Robert Connolly and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mails transferring and analyzing selected information useful to the ongoing GJ investigation.  It reflects staff's mental impressions and contains the name of a third party.  Disclosure of his identify could impede the ongoing matter and invade his privacy. |
| ATR-605-611 (7) | W | 2/20/03 | Jeffrey Parker | Jeffrey Parker, Antonia Hill, Shaan Chima, Robert Connolly and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  Internal e-mail conveying staff analysis of specific information in selected documents responsive to a GJ subpoena.  Document is exempt from disclosure pursuant to the work-product privilege.  It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-612 (1) | W | 2/20/03 | Antonia Hill | Scott Hammond, James Griffin, Robert Connolly and Joseph Muoio | E-mail | (b)(5), (7)(C), and (7)(D) | 05-131. Internal e-mail conveying information from confidential source in an ongoing investigation. E-mail is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| ATR-613-619 (7) | W | 2/20/03 | Shaan Chima | Jeffrey Parker and Antonia Hill | E-mail | (b)(3), (5), (7)(A), (7)(C), and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails conveying staff analysis of specific information in selected documents responsive to GJ subpoena. Document is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-620-626 (7) | W | 2/20/03 | Shaan Chima | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  Internal e-mails conveying staff analysis of specific information in selected documents responsive to a GJ subpoena.  Document is exempt from disclosure pursuant to the work-product privilege.  It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| ATR-627-631 (5) | W | 2/20/03 | Antonia Hill | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131.  Internal e-mail conveying staff analysis of specific information in selected documents submitted to the Division responsive to a grand jury subpoena and is exempt from disclosure pursuant to the work-product privilege.  It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-632-634 (3) | W | 2/06/03 | Robert Connolly | Antonia Hill, Jeffrey Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 131 and 06-026  (Bates numbers ATR- 2421 - 2423). Contains emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could also disclose the names of  individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each  provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-635-637 (3) | W | 2/3/03 | Robert Connolly | Exempt | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 131 and 06-026  (Bates numbers ATR- 2424 - 2426).  Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation.  Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could also disclose the names of  individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each  provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-638-639 (2) | W | 2/1/03 | Robert Connolly | Exempt | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088 and 06-026 (Bates numbers ATR-2419 - 2420).  Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could disclose the names of  individuals whose privacy could thereby be invaded.  Release could also disclose the names of confidential sources and the information each provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-640-641 (2) | W | 12/12/02 | Robert Connolly | Wendy Norman, James Griffin, Scott Hammond, Belinda Barnett, Ann Olek, Antonia Hill, Richard Rosenberg, Jeffrey Parker and Joseph Muoio | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131.  Internal e-mails between Division staff concerning conversation with another executive agency of the government and containing quotation from news article that is of potential investigative use in ongoing investigation. Contains analysis of other agency's actions and recommendations about the Division potential response.  Document also discusses and recommends investigative strategies, assembling of information, and determination of relevant facts.  Both e-mails also identify the names of individuals who were likely to be interviewed and perhaps used as witnesses in the ongoing proceeding. Document is exempt pursuant to work product prong of (b)(5).  Disclosure of their names could invade their personal privacy.  Disclosure may also identify a confidential source, exempt pursuant to (7)(D).  Disclosure could impede ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-642-644 (3) | W | 12/10/02 | Jeffrey Parker | Jeffrey Parker, Robert Connolly, Joseph Muoio, Antonia Hill and Wendy Norman | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail from one staff member to other staff members circulating press stories and additional research. The e-mail shows the selection of information chosen by the sender for potential investigative use in ongoing matter and is, thus, exempt pursuant to the attorney-work product privilege. Disclosure could identify an individual who may become a grand jury or trial witness, thus impeding the ongoing enforcement proceeding. Disclosure could also be expected to invade the individual's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-645-646 (2) | W | 12/10/02 | Jeffrey Parker | Robert Connolly, Joseph Muoio, Antonia Hill, Wendy Norman and Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131.  Internal e-mail from one staff member to other staff members circulating press story.  The e-mail shows the selection of information chosen by the sender for potential investigative use in ongoing mater and is, thus, exempt pursuant to the attorney-work product privilege.  Disclosure could identify an individual who may become a grand jury or trial witness, thus impeding the ongoing enforcement proceeding.  Disclosure could also be expected to invade the individual's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-647-650 (4) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing Slip & Transmittal Slip | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088.  Division memorandum requesting grand jury authority.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. |
| ATR-651 (1) | W | Un-dated | Donna Wills-Simms | Robert E. Connolly and Joseph Muoio  Cc'd SpAssisants, OCE, Elaine | E-mail | (b)(5) and (7)(A) | 05-080.  Internal e-mail responding to staff recommendation to superior regarding action taken in course of ongoing investigation.   Disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-652-657 (6) | W | 11/26/02 | Regina Kedziora, secretary Philadelphia FO | Ann Olek, Robert Connolly and CRIM-ENF (Office of DAAG), and PI Requests | E-mail with Attached Memorandum & Routing and Transmittal Slip | (b)(3), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-080.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff.  It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information.  Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation.  Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-658-662 (5) | W | 12/9/02 | Elaine Gibbs, Antitrust Div Premerger Unit Chief | Philadelphia and F.O. and CRIM-ENF | E-mail with Attached Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080.  The document was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff.  It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information.  Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation.  Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-663-667 (5) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached E-mail and Routing & Transmittal Slip | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and 6(e) of Fed. R. Crim. P. | 05-080 and 088.  Division memorandum requesting grand jury authority.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. |
| ATR-668 (1) | Upon Further Review, It Has Been Determined That This Document Is Not Responsive to Any Request. | | | | | | |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-669-671 (3) | W | 1/27/03 | Robert E. Connolly | Scott D. Hammond | Memorandum | (b)(5), (7)(A), (b)(3), and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-672-709 (38) | W | 2/12/04 | Antonia R. Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Recommendation memorandum from subordinates to superior created in anticipation of litigation and regarding proposed action by grand jury.  It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions and analysis of selected facts and evidence and the direction of the investigation.  It contains the names of third parties interviewed, the identities of individuals appearing before a grand jury as well as grand jury testimony, and potential targets of the grand jury investigation.  It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding.  Duplicate of ATR-750-787 and 788-825. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-710-723 (14) | W | 5/14/04 | Antonia R. Hill, Wendy Bostwick Norman, Richard Rosenberg and Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7) (C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  Draft recommendation memorandum from subordinates to superior created in anticipation of litigation and regarding proposed action by the grand jury.  It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions, analysis of selected facts and evidence and the direction of the grand jury.  It contains the names of third parties interviewed, the identities of individuals  appearing before a grand jury as well as grand jury testimony and potential targets of the grand jury.  It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-724-728 (5) | W | 9/24/03 | James M. Griffin | R. Hewitt Pate Cc'd Scott Hammond | Memorandum with Attached Routing Slip | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  Draft recommendation from subordinate seeking approval from superior.  It reflects certain facts, opinions and background material relating to an ongoing investigation.  It also contains the identities of grand jury subpoena recipients as well as witnesses who testified before a federal grand jury.  It is pre-decisional and was created in anticipation of litigation. |
| ATR-729-732 (4) | W | 4/27/04 | Scott Hammond | Leslie Overton and R. Hewitt Pate | Memorandum with Attached Routing Slip | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  Draft recommendation from subordinate seeking approval from superiors.  It reflects certain facts, opinions and background material relating to an ongoing investigation.  It also contains the identities of  grand jury subpoena recipients as well as witnesses who testified before a federal grand jury.  It is pre-decisional and was created in anticipation of litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR733-736 (4) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff.  It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information.  Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation.  Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-737-749 (13) | W | 3/1/04 | Belinda Barnett | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Beth Fuhrhop and James Griffin<br><br>Cc'd John Powers, Patrick O'Shaugh-nessy, and Scott Hammond | E-mail with Attachment | (b)(5) and (7)(A) | 05-071 and 080. Internal e-mail and attachment withheld pursuant to the deliberative process and attorney work-product privileges because it is a draft, was compiled in anticipation of litigation, reflects staff's thoughts and mental impressions and was created for potential use for ongoing enforcement proceedings. Its disclosure could reasonably be expected to interfere with the ongoing proceedings. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-750-787 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Recommendation memorandum from subordinates to superiors created in anticipation of litigation and regarding proposed action by grand jury.  It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions and analysis of selected facts and evidence and the direction of the grand jury.  It contains the names of third parties interviewed, the identities of individuals  appearing before a grand jury as well as grand jury testimony and potential targets of the grand jury.  It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-788-825 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Recommendation memorandum from subordinates to superiors created in anticipation of litigation and regarding proposed action by grand jury. The text is the identical with the exception of the I-manage file numbers to ATR-750-787 and is withheld for the same reasons noted above for that document. |
| ATR-826-861 (36) | W | 12/11/03 | Antonia Hill | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Patrick O'Shaugh-nessy and John Powers<br><br>Cc'd Robert Connolly, Wendy Norman and Kimberly Justice | Memorandum with Attached E-mail | (b)(5), (7)(A), (7)(C), (7) (D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Recommendation memorandum from subordinates to superiors which sets forth the basis for the recommendation, strategies, staff's opinions and analysis, legal theories and summary of relevant facts associated with an ongoing investigation.  It contains the names of third parties interviewed, the identities of individuals  appearing before a grand jury as well as grand jury testimony.  It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-862-863 (2) | W | 4/2/03 | Jeffrey Parker | Jeffrey Parker, Antonia Hill<br><br>Cc'd Robert Connolly, Richard Rosenberg, Shaan Chima, Wendy Norman and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Internal e-mail created by subordinate for superior.  It was created in anticipation of litigation and provides a time-line for selected facts associated with an ongoing investigation. |
| ATR-864-867 | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing and Transmittal Slip | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088.  Memorandum requesting grand jury authority.  Release would disclose direction of the investigation and plans for future action.  Release would also identify parties coordinating and cooperating in the investigation. |
| ATR-868-870 (3) | W | 1/27/03 | Robert Connolly | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088.  Document is the same as ATR-864-867 but there is no Routing and Transmittal sheet.  It is withheld for the same reasons as stated above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-871 | W | 12/5/02 | Robert Connolly | Phi-All Staff | E-mail | (b)(5) and (7)(A) | 05-071 and 080. An e-mail the release of which would disclose Mr. Connolly's evaluation of and comments upon investigative activities and could interfere with the ongoing grand jury investigation and litigation. |
| ATR-872-875 (4) | W | Un-dated | Un-known (Phi-staff) | Not-Specified | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088, 06-026. A draft memorandum prepared for superiors analyzing investigative activities and options and containing staff's opinions and thoughts, exempt pursuant to the deliberative process and work-product privilege prong of (b)(5). The disclosure would identify recipients of grand jury subpoenas and confidential sources of information. In addition, its release could adversely affect the ongoing grand jury investigation and litigation and could invade the personal privacy of third-parties. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-876-878 (3) | W | Un-dated | Un-known (Phi-staff) | Not-Specified | Memorandum | (b)(5), (7)(A), (7)(C), and (7)(D) | 05-080.  A memorandum prepared for superiors reflecting staff's thoughts and opinions regarding investigative activities and options, exempt pursuant to the work-product privilege prong of (b)(5).  Its disclosure could invade the personal privacy of third parties and disclose confidential sources of information.  In addition, its release could adversely effect the ongoing investigation. |
| ATR-879-911 (33) | W | Un-dated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | United States District Court for the Eastern District of Pennsylvania | Filing | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080.  Draft memorandum to be filed in camera discussing investigative activities, legal theories, relevant facts, confidential sources of information and grand jury testimony.  Its release could adversely effect the ongoing investigation. |
| ATR-912-915 (4) | W | Un-dated | James Griffin | Not-Specified | Draft Declaration | (b)(5) and (7)(A) | 05-071 and 080.  Draft declaration discussing investigative activities and relevant facts, the disclosure of which could adversely effect the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-916 (1) | W | 4/2/03 | Antonia Hill | Shaan Chima, Robert Connolly, Wendy Norman, Jeffrey Parker, Richard Rosenberg and Constance Webster | E-mail | (b)(5) and (7)(A) | 05-080.  Request for research from superior to subordinate regarding selected facts. |
| ATR-917-922 (6) | W | 6/10/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling<br><br>Cc'd  Joseph Muoio, Antonia Hill, Wendy Norman, Kimberly Justice and Shaan Chima | E-mail with Attachment | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  E-mail transmitting a document describing and analyzing issues for discussion in order to plan future investigation, the disclosure of which is exempt pursuant to the deliberative process and attorney work-product privileges.  Its release could also have an adverse effect on the ongoing grand jury investigation and litigation as well as interfere with the privacy of third parties and identify confidential sources.  The document includes excerpts of grand jury testimony, exempt from disclosure pursuant to (b)(3) and Rule 6(e) of Fed. R. Crim. P. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-923-927 (5) | W | Un-dated | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  Document with same text as ATR-917-922 but is not identical.  E-mail is missing.  It is withheld for the same reasons as described above. |
| ATR-928-931 (4) | W | 2/20/04 | John Powers | Robert Connolly and Antonia Hill  Cc'd  Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  E-mails analyzing and exchanging opinions, legal theories, and factual inquiries regarding ongoing investigation and, thus, exempt pursuant to the deliberative process and work-product prong of (b)(5).  Its disclosure could identify confidential sources of information and have an adversely effect on the ongoing matter.  Release would also disclose a target of the grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-932-940 (9) | W | 3/22/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail with Presentation Notes | (b)(5), (7)(A) and (7)(C) | 05-071 and 080.  E-mail transmitting draft argument proposals for use in litigation, exempt from release pursuant to the work-product privilege prong of (b)(5).  Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation and could interfere with the privacy of third parties. |
| ATR-941-948 (8) | W | Un-dated | Not Specified | Not Specified | Presentation Notes | (b)(5), (7)(A) and (7)(C) | 05-071 and 080.  Litigation proposals substantially identical to those in ATR-932-940, but some phrases highlighted and e-mail missing.  It is withheld for the same reasons as stated above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-949-963 (15) | W | 5/14/04 | Antonia Hill, Wendy Bostwick Norman and Richard Rosenberg | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. This memorandum contains staff's thoughts, analysis and recommendations to superiors proposing action by grand jury and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). The memorandum also includes the identities of third parties-whose privacy could be invaded by its release, as well as the identities of the confidential sources of information. Finally, release of the memo could adversely affect the ongoing grand jury investigation and litigation. |
| ATR-964-977 (14) | W | 3/30/04 | Antonia Hill, Wendy Bostwick Norman and Richard Rosenberg | James Griffin | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. The memorandum contains staff's thoughts, analysis and recommendations to superiors concerning a proposed prosecution. It is exempt from disclosure for the reasons set for in ATR-949-963 above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-978-1015 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  This memorandum contains staff's thoughts, analysis and recommendations to superiors concerning proposed action by the grand jury.  It is exempt from disclosure for the same reasons set forth in ATR-949-963 above. |
| ATR-1016-1028 (13) | W | 11/14/03 | Antonia Hill, Wendy Bostwick Norman and Kimberly Justice | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  This memorandum contains staff's thoughts, analysis and recommendations to superiors concerning a proposed prosecution.  It is exempt from disclosure for the same reasons set for in ATR-949-963 above. |
| ATR-1029-1042 (14) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071.  This portion of a draft pleading relating to *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005) is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges.  Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1043-1044 (2) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080.  This portion of a memorandum prepared as a briefing for superiors describing progress of the grand jury investigation and litigation to date is exempt from disclosure pursuant to the deliberative process and work-product prongs of (b)(5).  Because it identifies persons who may be indicted, potential witnesses, and subjects of the investigation, its disclosure would violate F. R. Crim. P (6)(e).  Its release could also have an adverse effect on the ongoing grand jury investigation and litigation. |
| ATR-1045-1053 (9) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080.  This portion of a draft pleading concerning *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges.  Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1054-1066 (13) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080.  This portion of a draft pleading concerning *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges.  Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |
| ATR-1067-1080 (14) | W | 5/31/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail with Attachment | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080.  E-mail and attached draft notes and analysis for possible use in future direct testimony, exempt pursuant to the deliberative process and attorney work-product privilege prongs of (b)(5).  Discusses grand jury testimony and confidential source of information. Their release could adversely affect the privacy rights of some individuals discussed and could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1081-1104 (24) | W | 1/27/05 | John Powers | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc'd John Fonte | E-mail and Attachment | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080.  E-mail forwarding draft memorandum prepared for superiors recommending appeal of *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), exempt pursuant to the deliberative process and attorney-work product privileges.  Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |
| ATR-1105-1106 (2) | W | 1/26/05 | Robert Connolly | John Fonte and John Powers<br><br>Cc'd Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A) | 05-071.  E-mail analyzing and answering questions from staff.  Its disclosure would reveal the author's selection of facts necessary to respond to inquiries and his thoughts about and analysis of that information.  The document is, accordingly, exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5).  Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1107-1115 (9) | W | 1/20/05 | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071. This draft memorandum discusses and analyses *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), and, accordingly, is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Memo discusses grand jury testimony. Its disclosure could invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. |
| ATR-1116-1117 (2) | W | 1/14/05 | Belinda Barnett | Robert Nicholson, Scott Hammond, John Powers, Catherine O'Sullivan and John Fonte<br><br>Cc'd  Robert Connolly, Wendy Norman and Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. E-mails among staff analyzing the decision in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005). It is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. In addition, its describes grand jury testimony and, accordingly, its disclosure would violate Fed. R. Crim. P. 6(e). |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1118-1125 (8) | W | 3/7/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail with Attachment | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071.  E-mail forwarding attached draft summary analysis regarding appeal of *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges.  Document discusses subjects of the grand jury investigation. Disclosure could invade the privacy of certain individuals and impede the ongoing grand jury investigation and litigation. |
| ATR-1126-1133 (8) | W | 6/7/04 | Valerie Quinn, legal intern Philadelphia Office | Robert Connolly | Memorandum | (b)(5) and (7)(A) | 05-080.  This memorandum is an analysis of a legal issue related to the grand jury investigation and litigation.  It is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges.  Its release could impede the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1134 (1) | W | 5/23/04 | Richard Rosenberg | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice | E-mail | (b)(5) and (7)(A) | 05-071. E-mail among staff discussing suggestion for appellate pleading, exempt from disclosure pursuant to the attorney-work product privilege. Its release could impede the ongoing grand jury investigation and litigation. |
| ATR-1135-1147 (13) | W | 3/1/04 | Belinda Barnett | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, James Griffin, Beth Fuhrhop<br><br>Cc'd  John Powers, Patrick O'Shaugh-nessy and Scott Hammond | E-mail with Attachment | (b)(5) and (7)(A) | 05-071 and 05-080. E-mail discussing and analyzing changes to an attached Declaration. It is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its release could impede the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1148-1153 (6) | W | 3/1/04 | Beth Fuhrhop | James Griffin, Scott Hammond, Belinda Barnett, Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc'd Beth Fuhrop and Regina Kedziora | E-mail with Attachment | (b)(5), (7)(A) | 05-071 and 080.  E-mail transmitting changes to a portion of a draft declaration.  The memorandum is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5).  Its release could impede the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1154-1163 (12) | W | 9/10/03 | Antonia Hill | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Patrick O'Shaughnessy<br><br>Cc'd Robert Connolly, Wendy Norman, Kimberly Justice | E-mail | (b)(5), (7)(A), (7)(C), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080. E-mail transmitting draft outline of response to submission by opponent. The outline consists of analysis of factual and legal issues raised by the submission and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Discusses grand jury testimony. Release could invade the privacy of certain individuals and impede the ongoing grand jury investigation and litigation. |
| ATR-1164-1165 (2) | Upon further review, it was determined that this document is not responsive to any request. | | | | | | |
| ATR-1166-1169 (4) | W | Un-dated | Not Specified | Not Specified | Declaration | (b)(5) and (7)(A) | 05-071 and 080. This draft Declaration is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could adversely affect the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1170 | W | 12/5/02 | Robert Connolly | Philadelphia Staff | E-mail | (b)(5) and (7)(A) | 05-071 and 05-080.  E-mail describing the initiation of the investigation. Because the author has selected certain facts and has analyzed the import of those facts, it is exempt from disclosure pursuant to the attorney work-product privilege of (b)(5). Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |
| ATR-1171-1174 (4) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 05-080.  Portion of a draft memorandum that discusses the conduct of the investigation, exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5).  Its disclosure could invade the privacy of certain individuals and disclose the identities of confidential sources of information.  In addition, the memorandum identifies grand jury subpoena recipients and grand jury testimony, and its release would violate Fed. R. Crim. P. 6(e). |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1175-1181 (7) | W | 3/7/05 | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. This portion of a draft memorandum contains factual and legal analysis of the decision in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. In addition, the memorandum discusses subjects of the investigation, and its release would violate F. R. Crim. P. 6(e). |
| ATR-1182-1198 (17) | W | Un-dated | Not Specified | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. Another version of document Bates numbered 1175-1181. It is exempt for the reasons the previous version is exempt. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1199-1204 (12) | W | June 3, 2004 | Richard Rosenberg | Not Specified | Declaration | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 080.  This draft Declaration is exempt from disclosure pursuant to the deliberative process and attorney work-product privileges of (b)(5).  Its disclosure could invade an individual's privacy and identify a confidential source of information.  In addition, its release could adversely affect the ongoing grand jury investigation and litigation. |
| ATR-1205-1210 | W | Un-dated | Richard Rosenberg | Not Specified | Declaration | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 05-080. This draft Declaration is identical to the document Bates numbered ATR-1199-1204 but for the fact that this document is not dated.  It is exempt from disclosure for the reasons the previous version is exempt. |
| ATR-1211-1222 (12) | W | Undated (printed 7/1/05) | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 05-080.  This draft cross examination of possible witness, including staff analysis, is exempt from disclosure pursuant to the attorney work-product privilege of (b)(5).  Its disclosure could invade the privacy of certain individuals and identify a confidential source of information.  In addition, its release could adversely affect the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1223-1234 (12) | W | Undated (printed 6/16/05) | Not Specified (Phi-staff) | Not Specified | Draft Witness Examination | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080.  This draft cross examination of possible witness, including staff analysis, is substantially identical to the cross examination Bates numbered ATR-1211 - 1222 and is exempt from disclosure for the reasons the previous version of the document is exempt. |
| ATR-1235-1247 (13) | W | Un-dated | Not Specified | Not Specified | Draft Witness Examination | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080.  This document is a duplicate of the document Bates numbered ATR-1068-1080 but for the covering e-mail, which is Bates numbered ATR-1067.  It is exempt from disclosure for the reasons its duplicate is exempt. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1248-1282 (35) | W | 12/11/03 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice, Robert Connolly | James Griffin, Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. This memorandum to superiors recommending course of action in ongoing grand jury investigation is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and identify confidential sources of information. Its release would disclose the identities of grand jury witnesses and grand jury testimony and, therefore, violate Fed. R. Crim. P. 6(e). Finally, its release could adversely affect the ongoing grand jury investigation and litigation. |
| ATR-1283-1284 (2) | W | 2/27/04 | Antonia Hill | Robert Connolly | E-mail | (b)(5) and (7)(A) | 05-071 and 080. E-mails exchanged among staff based upon their selection and analyses of factual information, exempt from disclosure pursuant to the deliberative process and attorney work-product exemptions of (b)(5). Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1285-1291 (7) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 080.  Portion of draft brief containing edits.  It is exempt from disclosure pursuant to the attorney work-product privilege prong of (b)(5).  Its disclosure could invade third parties' privacy and could adversely affect the ongoing grand jury investigation and litigation. |
| ATR-1292-1335 (44) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A), (7)(C) | 05-071 and 080.  Draft post hearing brief in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), exempt from disclosure pursuant to the attorney work-product privilege prong of the (b)(5).  Its release could invade third parties' privacy and could adversely affect the ongoing grand jury investigation and litigation. |
| ATR-1336-1344 (9) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), Fed. R. Crim. P. 6(e) | 05-071 and 05-080.  Draft portion of ATR-1248-1282 and is exempt from disclosure for the same reasons as listed above for that document. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1345 | Upon further review, it was determined that this document is not responsive to any request | | | | | | |
| ATR-1346-1349 (4) | W | Un-dated | Robert Connolly | Jim Griffin, Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 131.  Internal document providing information to superiors about an interview and recommendations for future actions related to the interview.  It reflects staff's mental impressions thoughts, and analysis of relevant facts and evidence.  The memo is, accordingly, exempt from disclosure  pursuant to the deliberative process and attorney work-product privileges.   It also identifies confidential sources, parties interviewed, the content of those discussions and the identity of potential witnesses, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of their personal privacy as well as show the direction of the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1350-1351 (2) | R | 11/16/05 | Robert Connolly | Antonia Hill, Wendy Norman, Richard Rosenberg, Kimberly Justice and Laura Heiser | E-mail | (b)(5) | 05-131. Internal e-mail circulating a press article from superior to subordinates. Staff mental impressions of article are withheld pursuant to the deliberative process privilege. |
| ATR-1352-1353 (2) | R | 9/9/04 | Ann Olek | Mark Pletcher, Antitrust Division Attorney, National Criminal Enforcement Section | E-mail | (b)(5) | 05-131. Internal e-mail circulating press articles between staff. Superior's instructions about future action is withheld pursuant to the attorney work-product privilege. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1354-1364a-1369 (17) (1 page was inadvert-ently skipped in numbering and later numbered 1364a) | R | 1/24/05 | Jspigel@KSLAW.com, attorney in private practice | tllawson@dpw.com, skowal@bellboyd.com , attorneys in private practice<br><br>Cc'd Mark Pletcher, Bmeiners@KSLAW.com, Mblaszak@KSLAW.com , all but Pletcher are attorneys in private practice | E-mail with Attachment | Not Responsive | 05-131.  External e-mail communications between outside parties and Division attorney were released in full.  The attachment is a draft of Chapter VIII of the 2004 Antitrust Law Developments (2004 ABA book) written by attorneys in private practice for an ABA project.  Portions which are not responsive to any of the FOIA requests were withheld. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1370-1384 (15) | R | 1/6/05 | Jspigel@KSLAW.com | tllawson@dpw.com, skowal@bellboyd.com  Cc'd  Mark Pletcher, Bmeiners@KSLAW.com, Mblaszak@KSLAW.com | E-mail with Attachment | Not Responsive | 05-131.  External e-mail communications between outside parties and Division attorney were released in full.  The attachment is a draft of Chapter VIII of the 2004 ABA book written by attorneys in private practice for an ABA project.  Portions which are not responsive to any of the FOIA requests were withheld. |
| ATR-1385-1402 (18) | R | 2/2/05 | Jspigel@KSLAW.com | tllawson@dpw.com, skowal@bellboyd.com  Cc'd  Mark Pletcher, Bmeiners@KSLAW.com, Mblaszak@KSLAW.com | E-mail with Attachment | Not Responsive | 05-131. External e-mail communications between outside parties and Division attorney were released in full.  The attachment is a draft of Chapter VIII of the 2004 ABA book written by attorneys in private practice for an ABA project.  Portions which are not responsive to any of the FOIA requests were withheld. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1403-1416 (16) | R | 10/19/04 | Jspigel@KSLAW.com | skowal@bellboyd.com<br><br>Cc'd Mark Pletcher, Bmeiners@KSLAW.com, Mblaszak@KSLAW.com | E-mail with Attachment | Not Responsive | 05-131. External e-mail communications between outside parties and Division attorney were released in full. The attachment is a draft of Chapter VIII of the 2004 ABA book written by attorneys in private practice for an ABA project. Portions which are not responsive to any of the FOIA requests were withheld. |
| ATR-1417-1432 (16) | R | 1/13/05 | Jspigel@KSLAW.com | Mark Pletcher<br><br>Cc'd Bmeiners@KSLAW.com, Mblaszak@KSLAW.com | E-mail with Attachment | Not Responsive | 05-131. External e-mail communications between outside parties and Division attorney were released in full. The attachment is a draft of Chapter VIII of the 2004 ABA book written by attorneys in private practice for an ABA project. Portions which are not responsive to any of the FOIA requests were withheld. |
| ATR-1433-1451 (19) | W | | | | | | Upon further review, it was determined that this document is not responsive to any request. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1452-1463 (12) | R | Un-dated | Not Specified | Not Specified | Book Chapter | Not Responsive | 05-131. Draft of Chapter VIII of the 2004 ABA book, written by outside attorneys for an ABA project. Certain information was withheld because it is not responsive to any of the FOIA requests. |
| ATR-1464-1472 (9) | W | | | | | | Upon further review, it was determined that this document is not responsive to any request. |
| ATR-1473-1483 (11) | R | Un-dated | Not Specified | Not Specified | Book Chapter | Not Responsive | 05-131.  Draft chapter entitled "Criminal Investigations" that appears to have been written for the 2004 ABA book, authored by outside attorneys for an ABA project. Certain information was redacted because it is not responsive to any of the FOIA requests. |
| ATR-1484-1495 (12) | R | Un-dated | Not Specified | Not Specified | Book Chapter | Not Responsive | 05-131.  Draft of Chapter VIII of the 2004 ABA book, written by outside attorneys for an ABA project.  Certain information was withheld because it is not responsive to any of the FOIA requests. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1496-1507 (12) | R | Un-dated | Not Specified | Not Specified | Book Chapter | Not Responsive | 05-131.  Draft of Chapter VIII of the 2004 ABA book, written by outside attorneys for an ABA project.  Certain information was withheld because it is not responsive to any of the FOIA requests. |
| ATR-1508-1526 (19) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071.  Internal document for use in drafting pleadings regarding the ongoing grand jury investigation and litigation.  It consists of staff's thoughts, mental impressions and analysis of facts deemed relevant to the ongoing investigation and is, thus, exempt pursuant to the deliberative process and attorney work-product privileges.  It also contains the names of third parties, the disclosure of which could invade their  personal privacy and could identify confidential sources of information.  Its disclosure could adversely affect the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1527-1538 (12) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071.  Notes for use in drafting pleadings related to *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005).  It consists of attorney thought processes and recommendations as well as their selection and analysis of relevant facts.  Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation as well as identify third parties whose privacy could thereby be invaded. |
| ATR-1539-1541 (3) | W | Un-dated | Not Specified | Not Specified | Notes | (b)(5) and (7)(A), (7)(D) | 05-071.  Notes regarding possible examination of future witness and reflecting staff's thought processes and information provided by confidential source.  They are protected from disclosure pursuant to the attorney work product privilege and their disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-1542-1561 (20) | W | 6/19/03 | Antonia Hill | Jim Griffin, Scott Hammond<br><br>Cc'd Robert Connolly | E-mail with Attachment | (b)(5), (b)(6), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  This draft memorandum consists of staff's thoughts, analysis and recommendation of proposed action by grand jury.  It sets forth selected relevant facts and evidence and an analysis of that information.  Accordingly, the memorandum is exempt from disclosure pursuant to the deliberative process and attorney work-product privileges.  It also includes confidential sources, the identities of individuals who testified before the federal grand jury and quotes from that testimony, the disclosure of which would violate Fed. R. Crim. P. 6(e).  In addition, disclosure would  violate Fed. R. Crim. P. 6(e) by revealing the direction of the grand jury investigation.  The document implicitly reflects communications with a foreign government that is an ICN member.  Its release would invade the personal privacy of one individual and could invade the privacy of third parties identified in the memorandum.  Finally, disclosure could interfere with the ongoing grand jury investigation and |

| ATR 2377-2378[4] (2) | R | 3/24/04 | Edward Hand, Antitrust Div, Foreign Commerce Chief | James Griffin Scott Hammond and Belinda Barnett | E-mail | (b)(5), (b)(6), (7)(A), (7)(C), and (7)(D) | 05-088 and 06-026. Reflects communication from official of foreign government that is an ICN member. Individual's identity, e-mail address, home e-mail address and cell phone number redacted because not shed light on inner-workings of government nor serve a public interest; disclosure would reasonably be expected to constitute unwarranted invasion of personal privacy. Internal communication between superior and subordinate redacted because reflects superior's comments, question, mental impressions and opinion, withheld pursuant to deliberative process and attorney work product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to understanding of confidentiality and neither has an interest adverse to the other. Redacted communication from foreign official concerned confidential investigative |
|---|---|---|---|---|---|---|---|

---

[4] Documents responsive to FOIA request 05-088 bear bates numbers relating to the 1:06-cv-00474 (RJL) Vaughn Index, with the exception of ATR-632-639, 872-875, and 1542-1561, and hence are not sequential with respect to the other documents on this 1:05-cv-02217 (RJL) Vaughn.

| ATR 2379-2380 (2) | R | 3/24/04 | Edward Hand | Belinda Barnett | E-mail | (b)(5), (b)(6), (7)(C) and (7)(D) | 05-088 and 06-026. Certain of the information contained in this e-mail is identical to the exempt material described above for ATR- 2377-2378. It is, accordingly, withheld for the same reasons as stated above for ATR- 2377-2378.  However, it also contains additional internal e-mail communications from superior to subordinate that reflect questions, comments and opinions of the superior.  Those portions are withheld pursuant to the deliberative process and attorney work-product privilege because they reflect staff's thoughts and mental impression. |
|---|---|---|---|---|---|---|---|

| ATR 2381-2383 (3) | R | 3/26/04 | Scott Hammond | Belinda Barnett | | (b)(5), (b)(6), (7)(C) and (7)(D) | 05-088 and 06-026. Certain of the information contained in this e-mail is identical to the exempt material described in 2377-2378. It is, accordingly, withheld for the same reasons as stated above for that document. However, it also contains additional internal e-mail communications from superior to subordinate and subordinate to superior that reflect superior and subordinate's questions, comments and opinions. Those portions are withheld pursuant to the deliberative process and attorney work-product privilege. |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ATR 2384-2385 (2) | F | Document Released in Full | | | | | 05-088 and 06-026 |
| ATR 2386-2387 (2) | F | Document Released in Full | | | | | 05-088 and 06-026 |
| ATR 2388-2390 (3) | F | Document Released in Full | | | | | 05-088 and 06-026 |

| ATR 2391-2396 (6) | R | 11/10/04 | Scott Hammond | Foreign Government, Ann Olek and Belinda Barnett | E-mail | (b)(5), (7)(C) and (7)(D) | 05-088 and 06-026. Released text of communications concerning planning of ICN Leniency Workshop. Redacted separate communication with officials of foreign government, which is ICN member, that discusses confidential policy/investigative issue. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2397 (1) | W | 2/20/03 | Robert Connolly | Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e) and (b)(3) | 05-088, 05-131, and 06-026. E-mail includes communication with official of foreign government, which is ICN member.  The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other.  Issues discussed relate to an ongoing enforcement proceeding, the issuance of grand jury subpoenas, and preliminary activities involving the ongoing investigation. Document was prepared in anticipation of litigation.  Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it would reveal the direction of the investigation. |
|---|---|---|---|---|---|---|---|

| ATR 2398 (1) | W | 2/4/03 | Robert Connolly | James Griffin Scott Hammond Belinda Barnett, Laura Starling, Antonia Hill, Richard Rosenberg, Edward Hand and Maureen Casey<br><br>Cc'd Gina Talamona | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication between staff reflecting activities relating to the ongoing investigation.  It contains information about confidential sources of information, staff's thoughts, mental impressions, subpoena service, and  proposed course of action. Document was prepared in anticipation of litigation.  Disclosure would reasonably be expected to interfere with the ongoing enforcement proceeding because it would reveal the direction of the investigation. |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ATR 2399-2400 (2) | W | 1/22/03 | Robert Connolly | Foreign Government<br><br>Cc'd James Griffin, Antonia Hill and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Inter-agency e-mail exchange reflecting discussions between staff and confidential sources of information.  It was created in anticipation of litigation, reflects their thoughts and comments, as well as seeks information associated with the ongoing investigation. |

| ATR 2401-2402 (2) | W | 2/10/03 | Robert Connolly | James Griffin, Cc'd Belinda Barnett, Scott Hammond, Antonia Hill, Richard Rosenberg, Jeffrey Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. 6(e) and (b)(3) | 05-088 and 06-026. Internal e-mail communication created in anticipation of litigation that discusses current and future activities associated with the ongoing investigation. It reveals staff's thoughts and impressions, confidential sources of information, grand jury subpoena service to particular parties and staff's proposed course of actions. |
|---|---|---|---|---|---|---|---|
| ATR 2403 (1) | W | 2/10/03 | James Griffin | Robert Connolly Cc'd Belinda Barnett, Scott Hammond, Shaan Chima, Antonia Hill, Jeffrey Parker and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. This document reflects certain identical information as described in ATR 2401-2402. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above for ATR 2401-2402. The additional material reflects Mr. Griffin's comments and is a reply to Connolly's original e-mail. |

| ATR 2404-02405 (2) | W | 3/5/03 | Robert Connolly | Foreign Government<br><br>Cc'd Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. A pre-decisional inter-agency e-mail communication between staff and a confidential source of information created in anticipation of litigation. It discusses current and future activities of an ongoing investigation. It also reveals staff's thoughts and impressions, and grand jury subpoena service. |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ATR 2406 (1) | W | 3/7/03 | Foreign Government | Robert Connolly,<br><br>Cc'd Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. This document reflects certain identical information as described in ATR 2404-2405. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above. The additional material reflects the confidential source's comments and is a reply to Connolly's prior e-mail. |

| ATR 2407 (1) | W | 1/23/04 | Robert Connolly | Scott Hammond, James Griffin and Edward Hand<br><br>Cc'd Antonia Hill, Kimberly Justice, Wendy Norman, Beth Fuhrhop, John Powers, Belinda Barnett and Patrick O'Shaughnessy | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to an ongoing investigation. Its disclosure would reasonably be expected to interfere with the ongoing enforcement proceedings because it would reveal the direction of the ongoing investigation. |
| ATR 2408 (1) | W | 3/25/04 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett and Edward Hand<br><br>Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to an ongoing investigation, and its disclosure would reasonably be expected to interfere with the ongoing enforcement proceedings. |

| ATR 2409 (1) | W | 3/25/04 | Scott Hammond | Robert Connolly, James Griffin, Belinda Barnett and Edward Hand<br><br>Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. The information reflected on this internal e-mail is identical to the information described in ATR 2410 below.  It is, accordingly, withheld for the same reasons as stated below. |
| ATR 2410 (1) | W | 3/25/04 | Robert Connolly | Scott Hammond, James Griffin, Belinda Barnett and Edward Hand<br><br>Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026.  Internal e-mail communication reflecting a telephone call with confidential sources.  It contains staff's thoughts and impressions involving activities relating to an ongoing investigation. It also reflects superior's question to subordinate that relate to that ongoing investigation. |

| ATR 2411 (1) | W | 2/18/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling and Maureen Casey<br><br>Cc'd Antonia Hill, Jeffrey Parker, Shaan Chima and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication from superior to staff providing an update of activities associated with the ongoing investigation. It reflects staff's thought processes and a confidential source and disclosure would inhabit frank and open discussions among staff. It also contains the identity of subpoenas recipients the release of which would reasonably be expected to constitute an unwarranted invasion of personal privacy as well as reveal the direction of the ongoing investigation. |
|---|---|---|---|---|---|---|---|
| ATR 2412 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszyc (Antitrust Div Foreign Commerce paralegal), James Griffin, Belinda Barnett | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with a confidential source. It contains staff's and superior's thoughts and impressions involving activities relating to an ongoing investigation. |

| ATR 2413-2414 (2) | W | 4/1/04 | Edward Hand | Scott Hammond and Robert Connolly<br><br>Cc'd Maureen Casey, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, James Griffin and Belinda Barnett | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Internal e-mail created in anticipation of litigation reflecting communications among staff.  It contains staff's and superior's analysis, opinions and thought processes on legal, policy, and investigative issues associated with the ongoing investigation.  Disclosure would reveal the identity of a subpoena recipient and contents of subpoenaed document, staff's thoughts and mental impressions, as well as inhibit frank and open discussions among staff. |

| ATR 2415-2416 (2) | W | 3/30/04 | Belinda Barnett | James Griffin | E-mail | (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from an official of a foreign government, which is an ICN member, to staff in connection with investigative assistance in the parcel tanker investigation. It reflects internal thoughts, suggestions and recommendations for responding to foreign official and are withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither govenment has an interest adverse to the other. Name and e-mail address of foreign official are exempt from disclosure because their release would reasonably be expected to constitute an unwarranted invasion of personal privacy. |
|---|---|---|---|---|---|---|---|

| ATR 2417-2418 | W | 3/30/04 | Edward Hand | James Griffin<br><br>Cc'd Scott Hammond and Belinda Barnett | E-mail | (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from official of foreign government, which is ICN member, to staff in connection with assistance in parcel tanker investigation. It reflects internal suggestions and recommendations for responding to foreign official, and are, withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Name and e-mail address of foreign official are exempt from disclosure because their release would reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| ATR 2419-2420 (2) | W | 2/1/03 | Robert Connolly | Foreign Government

Cc'd Richard Rosenberg, Antonia Hill, Foreign Goverment, Jeffrey Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-638-639) Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Release of the document could disclose the names of individuals whose privacy could thereby be invaded.  Release could also disclose the names of confidential sources and the information each provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |

| ATR 2421-2423 (3) | W | 2/6/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-632-634) Contains emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Release of the document could also disclose the names of individuals whose privacy could thereby be invaded.  Release could also disclose the names of confidential informants and the information each provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |
|---|---|---|---|---|---|---|---|

| ATR 2424-2426 (3) | W | 2/3/03 | Robert Connolly | Foreign Government<br><br>Cc'd Antonia Hill, Richard Rosenberg, Jeffrey Parker, Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-635-637) Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Release of the document could also disclose the names of individuals whose privacy could thereby be invaded.  Release could also disclose the names of confidential informants and the information each provides.  Finally, disclosure could have an adverse effect on the ongoing investigation. |

| ATR 2427 (1) | W | 3/18/03 | Foreign Government | Robert Connolly, Cc'd Antonia Hill, Constance Webster, and Foreign Government | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. It contains staff's thoughts and mental impressions, and recommendations, as well as statements on possible course of action and co-ordination. Disclosure would reveal the identity of confidential sources, the name of potential interviewees, and the direction of the ongoing investigation. |
| ATR 2428 (1) | W | 3/17/03 | Robert Connolly | Foreign Government Cc'd Antonia Hill, Constance Webster | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. E-mail discussing investigative strategy. All of the text of this e-mail is identical to certain of the text contained in ATR-2427. It is, accordingly, exempt from disclosure for the same reasons as stated above. |

| ATR 2429-2430 (2) | W | 4/14/05 | Scott Hammond | Ann OBrien, Cc'd Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Internal e-mail between staff seeking assistance from other staff members on legal and policy issues relating to leniency. It reflects staff's thought processes and opinions and is, accordingly, withheld pursuant to the attorney work-product and deliberative process privileges. Disclosure would reasonably be expected on interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|
| ATR 2431 (1) | W | 7/16/04 | State Department | Evan Maher, paralegal Antitrust Div Foreign Commerce Section | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication reflecting notification for foreign government, which is ICN member, regarding grand jury subpoena service. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2432-2438 (7) | W | 7/15/04 | Evan Maher | State Department | Fax with Transmission Results and Attached letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification for foreign government, which is ICN member, regarding subpoena service.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities and enforcement activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2439-2441 (3) | W | 7/16/04 | Anne Purcell White, Antitrust Div, Foreign Commerce Asst Chief | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication, with attached notification for foreign government, which is ICN member, concerning grand jury investigation and subjects of the investigation.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information relating to companies and individuals that is covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2442-2444 (3) | W | 7/15/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication, with attached notification for foreign government, which is ICN member, concerning grand jury subpoena service.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2445-2447 (3) | W | 7/15/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication with attached notification for a foreign government, which is an ICN member, concerning grand jury subpoena service.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2448-2449 (2) | W | 7/1/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notifications to foreign governments that are ICN members regarding grand jury investigation and subpoena service.  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2450-2452 (3) | W | 7/15/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication with attached notification for a foreign government, which is an ICN member, concerning grand jury subpoena service.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2453-2554 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Fax communication regarding subpoena service notification to a foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e). The fax indicates that there were four pages. However, two pages are missing. |
|---|---|---|---|---|---|---|---|

| ATR 2455 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency communication regarding notification to a foreign government, which is an ICN member, concerning action in ongoing grand jury investigation.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR 2456-2457 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding grand jury investigation and subpoena service notification for foreign government that is ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  The fax indicates that there were four pages. However, two pages are missing. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2458-2459 (2) | W | 7/16/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to a foreign government, which is an ICN member, concerning grand jury investigation and subjects of the investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2460-2461 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notification to foreign government that is ICN member regarding service of grand jury subpoenas.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2462-2463 (2) | W | 3/5/03 | Natalie Merry Pathwick | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. Fax indicates that there were four pages. However, two pages are missing. |

| ATR 2464-2465 (2) | W | 2/28/03 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign governments that are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2466-2468 (3) | W | 3/4/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2469-2471 (3) | W | 3/5/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| --- | --- | --- | --- | --- | --- | --- | --- |

| ATR 2472-2474 (3) | W | 3/7/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to a foreign government, which is an ICN member, concerning grand jury investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2475-2476 (2) | W | 11/24/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2477-2479 (3) | W | 11/24/03 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2480-2481 (2) | W | 11/26/03 | State Department | State Department, Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2482 (1) | W | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency communication regarding notification of activity in grand jury investigation to foreign government, which is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
|---|---|---|---|---|---|---|---|
| ATR 2483 (1) | W | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency communication  regarding notification of activity in grand jury investigation to foreign government, which is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR 2484 (1) | W | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign countries do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
|---|---|---|---|---|---|---|---|
| ATR 2485-2486 (2) | W | 6/24/03 | Natalie Merry Pathwick-Paszyc | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither country has an interest adverse to the other. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR 2487 (1) | W | 6/24/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling<br><br>Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Shaan Chima, Daniel B. Tehrani, Lisa Candera, Joseph Muoio and Natalie Merry Pathwick-Paszyc | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Internal e-mail to superior and staff updating superior and staff on matters associated with the ongoing investigation and possible future activity by the grand jury covered by Rule 6(e). |
| ATR 2488 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszyc, James Griffin and Belinda Barnett | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 6-026.  Internal e-mail reflecting communication with confidential sources of information.  It reflect staff's mental impressions and thought processes and advises staff and superiors on developments associated with the ongoing investigation.   Also reflects superior's reaction to and opinion and analysis of information presented by staff. |

| ATR 2489-2490 (2) | W | 6/24/03 | Edward Hand | State Department | Letter | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency letter regarding  notification of activity in grand jury investigation to foreign governments, which are ICN members.  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
|---|---|---|---|---|---|---|---|
| ATR 2491-2492 (2) | W | 6/25/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 6-026.  Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members.  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR 2493-2494 (2) | W | 6/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 6-026.  Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members.  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
|---|---|---|---|---|---|---|---|
| ATR 2495-2496 (2) | W | 6/24/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members.  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR 2497-2498 (2) | W | 9/25/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency letter regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| --- | --- | --- | --- | --- | --- | --- | --- |

| ATR 2499-2500 (2) | W | 6/25/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2501-2502 (2) | W | 9/26/03 | State Department | State Department, Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.   Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2503 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |

| ATR2504-2505 (2) | W | 4/16/04 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.   Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.   Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2506-2507 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.   Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2508-2509 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2510-2511 (2) | W | 4/9/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notification to foreign governments, which are ICN members, regarding service of grand jury subpoenas.   The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2512-2513 (2) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other. Disclosure would reveal investigation activities involving a company and individuals that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
|---|---|---|---|---|---|---|---|

| ATR 2514-2516 (3) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other.  Disclosure would reveal investigation activities involving a company and individuals that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2517-2519 (3) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other.  Disclosure would reveal investigation activities involving a company and individual that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| ATR 2520-2521 (2) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other. Disclosure would reveal investigation activities involving a company and individual that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| ATR 2522-2524 (3) | W | 5/26/04 | U.S. District Court for the Eastern District of Pennsylvania | Clerk of Court of U.S. District Court for the Eastern District of Pennsylvania | Order and related pleading | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Pleadings filed under seal and ex parte pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation, the disclosure of which would reasonably be expected to interfere with the investigation. |
| ATR 2525-2544 (20) | W | 2/19/03 | U.S. District Court for the Eastern District of Pennsylvania, Antonia Hill | Clerk of Court of U.S. District Court for the Eastern District of Pennsylvania | Order and related pleadings | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Pleadings filed under seal and ex parte pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation, the disclosure of which would reasonably be expected to interfere with the investigation. |

| ATR 2545-2595 (51 pages) | W | Mar.2, 2004 | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | U.S. District Court for the Eastern District of Pennsylvania | Pleading | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080.  Pleading filed under seal, in camera, and ex parte regarding potential action by the grand jury.  Document reveals grand jury testimony, confidential sources, and could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Disclosure would have an adverse effect on the ongoing grand jury investigation. |
| ATR 2596-2631 (36 pages) | W | Undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | U.S. District Court for the Eastern District of Pennsylvania | Pleading | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080.  Pleading filed under seal, in camera, and ex parte relating to activity occurring before the grand jury.  Document reveals grand jury testimony, confidential sources, and could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Disclosure would have an adverse effect on the ongoing grand jury investigation. |

| ATR 2632-2732 (101 pages) | R | Mar. 5, 2004 | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | U.S. District Court for the Eastern District of Pennsylvania | Pleading with exhibits | Not responsive, (b)(3) | 05-080.  Pleading filed in Richard B. Wingfield v. United States, Civil Action No. 04-684 (E.D. Pa. 2004).  Redacted pages of voluminous pleading are non-responsive to request.  Finally, eleven pages could reveal information protected from release by another statute.  The latter does not provide for discretionary release. |
| ATR 2733-2756 (24 pages) | W | Undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice | Philadelphia Staff | Draft Pleadings | (b)(5), (7)(A), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080.  Two copies of drafts of same pleading to be filed under seal regarding activity to occur before the grand jury.  Draft pleadings reveal staff's thought processes, mental impressions, legal theories, and opinions, and hence are exempt under the work product prong of (b)(5).  Disclosure would have an adverse effect on the ongoing grand jury investigation. |

| ATR 2757-3156 (400 pages) | W | Dates range from 2/27/04 to 4/25/04 and some undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | Philadelphia Staff | Draft Pleadings | (b)(5), (7)(A), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 5-080. Multiple copies of drafts of same pleading to be filed under seal, ex parte, and in camera regarding activity to occur before the grand jury, some with attached e-mails relating to the pleading drafts. Draft pleadings and e-mails reveal staff's thought processes, mental impressions, legal theories, and opinions, and hence are exempt under the work product prong of (b)(5). Disclosure would have an adverse effect on the ongoing grand jury investigation. |

| ATR 3157-3974 (818 pages) | W | Dates range from Mar. 3, 2004 to May 27, 2004 and some are undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, John Fonte, John Powers, | Robert Connolly, Wendy Norman, Kimberly Justice, Richard Rosenberg, Antonia Hill, John Powers, Hew Pate, Makan Delrahim (Antitrust Div Appellate DAAG), Scott Hammond, Belinda Barnett, Andrew Finch (Antitrust Div AAG Counsel), David Higbee, Marc Siegel, Gloria Jenkins, Antitrust Div Appellate Section Chief and Asst Chief Catherine O'Sullivan and Robert Nicholson | Draft Pleadings | (b)(5), (7)(A), (b)(3), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e) | 05-071 and 05-080. Multiple copies of draft pleadings for Stolt-Nielsen amnesty revocation litigation in E.D.Pa. And Third Circuit and related attached e-mails. Draft pleadings reveal staff's thought processes, mental impressions, opinions, and legal theories, and hence are exempt under the work product prong of (b)(5). Contains grand jury testimony. Disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and would reveal confidential sources and information they provided. Disclosure would have an adverse effect on the ongoing grand jury investigation. |