UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2217 (RJL) |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**REPLY TO OPPOSITION TO MOTION TO CONSOLIDATE**

Defendant moved to consolidate two civil actions that arise out of a series of twelve requests made to the Department of Justice pursuant to the Freedom of Information Act ("FOIA") by Stolt-Nielsen Transportation Group Ltd. ("Stolt-Nielsen") concerning a criminal investigation of collusion in the parcel tanker shipping industry. Cases may be consolidated whenever they are pending before the court and involve a common question of law or fact under Fed. R. Civ. P. 42(a). The decision whether to consolidate cases is committed to the sound discretion of the court and will not be disturbed on appeal absent an abuse of discretion. *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951).

Here there is substantial overlap between the two cases which militates in favor of consolidation. *See Coyne & Delany Co., v. Selman*, 98 F.3d 1457, 1459 (4th Cir. 1996) (consolidation is in the interest of judicial economy where substantial overlap existed between employer's two lawsuits.) For example, each FOIA suit at issue here concerns a FOIA request related to any communications by defendant with foreign antitrust agencies regarding the parcel tanker shipping investigation if those governments happen to be members of the International

1

Competition Network,[1] one or more FOIA requests regarding any speeches by defendant related to the parcel tanker shipping investigation,[2] and one or more FOIA requests that pertain to any contacts by defendant with outside parties regarding the parcel tanker shipping investigation.[3] Consolidation is proper in order to avoid piecemeal litigation.  Judicial economy will best be served through consolidation of the cases so that the evidence and briefs can be presented to the Court in a logical, coherent, and complete manner and the parties will not have to duplicate their efforts by briefing the same issues twice.  Should the Court consolidate the two actions, the defendant proposes that the Court adopt a single briefing schedule so that the parties can address all of the issues in one round of cross motions for summary judgment.

    Plaintiff opposes the motion to consolidate, arguing that it is entitled to the speedy resolution of its FOIA requests and that consolidation will cause undue delay.  Plaintiff emphasizes that it needs the information that it seeks pursuant to FOIA to defend itself against a criminal indictment that it suspects is imminent.  Stolt-Nielsen accuses the government of hindering the release of non-exempt documents and interposing the motion to consolidate for the improper purpose of delay.

---

[1] See Exhibit 1 (Plaintiff's FOIA requests ATFY 05-088 and ATFY 06-026).  Most major antitrust authorities around the world belong to the International Competition Network.  In addition to the defendant's grand jury investigation, some of these foreign antitrust authorities have also conducted their own investigations of collusion in the parcel tanker shipping industry.

[2] See Exhibit 2 (Plaintiff's FOIA requests ATFY 05-072, ATFY 06-019, and ATFY 06-038).

[3] See Exhibit 3 (Plaintiff's FOIA requests ATFY 05-113, ATFY 05-131, and ATFY 06-003).

The Supreme Court has opined many times and in many ways that the Freedom of Information Act "is fundamentally designed to inform the public about agency action and not to benefit private litigants [citations omitted]." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 (1975 ). *Tax Analysts v. United States Dep't of Justice,* 965 F.2d 1092, 1095 (D.C. Cir. 1992). A litigant's "rights under the Act are neither increased nor decreased by reason of the fact that it claims an interest in the [information sought] greater than that shared by the average member of the public." *Id*. at 144. "The Supreme Court has indicated that FOIA is emphatically *not* designed for use as a general discovery device for purposes of civil or criminal litigation." *Nishnic, et al. v. U.S. Department of Justice*, 671 F.Supp. 776, 813 (D.D.C. 1987). Moreover, at least one court has observed that permitting the FOIA to be used as a criminal discovery device would open the floodgates to FOIA litigation and contribute to the "already burdensome backlog of FOIA cases" thereby "undermining the rights of those members of the public whom Congress primarily intended to benefit." *Kanter v. I.R.S., et al.*, 433 F.Supp. 812, 819 n.13 ( N.D. Ill. 1977).

Here plaintiff's interest in the information sought is private, not public. *See Nishnic*, at 791, citing, *Lloyd and Henniger v. Marshall*, 526 F.Supp. 485, 487 (M.D.Fla. 1981). Plaintiff admits that it is seeking to obtain documents to exonerate itself from criminal charges that might be brought in the future. These motives have been held to be purely personal in nature. *See Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C. Cir. 1995); *also see Ellis v. United States*, 941 F.Supp. 1068, 1079 (D.Utah 1996), *citing Republic of New Afrika v. FBI*, 645 F.Supp. 117, 121 (D.D.C. 1986)("rejecting fee request where plaintiff's motives were purely personal–to exonerate its members of criminal charges and circumvent civil discovery"); and *Guam Contractors Ass'n*

*v. United States Dep't of Labor*, 570 F.Supp. 163, 169 (N.D. Cal. 1983)("fee award improper where plaintiff used FOIA to get a head start on discovery").  Presumably if plaintiff is indicted it will be entitled to seek exculpatory information through criminal discovery.  *See Barney v. IRS*, 618 F.2d 1268, 1273, *citing NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. at 242, (FOIA "not intended to function as a private discovery tool....plaintiffs can access information through "normal pre-trial discovery channels.").  Also see *Kantor. I.R.S., et al.*, 433 F.Supp. 812, 816 ("FOIA cases treated as independent causes operating on a different plane from other litigation; parties in other litigation only entitled to that discovery provided by the rules applying to their suit.")

In *Nishnic, et al.v. U.S. Department of Justice*, 671 F.Supp. 776, the district court acknowledged the public interest in "the government's conducting itself fairly and humanely," and "the court's role in ensuring that there is no undue delay in the administrative processing of FOIA requests and the judicial review of the response." *Nishnic* at 813.  The court found that despite plaintiff's protestations to the contrary, "defendant has gone to great lengths to be prompt, thorough, and forthcoming to the fullest extent required by law.  The courts should require no more." *Nishnic*, at 791.

In the instant case, defendant's proposed consolidated schedule would only add two months–not four as plaintiff asserts–to the briefing schedule already in effect in civil action 05-2217.  Moreover, there is nothing in the record to support plaintiff's easy allegation of bad faith on the part of the government.  Just like in *Nishnic*, defendant has been "prompt," "thorough," "and forthcoming to the fullest extent required by law."  The documents being withheld by defendant are either exempt from production under the FOIA or are non-responsive to the

4

plaintiff's twelve FOIA requests. And contrary to plaintiff's assertion, defendant is not withholding public speeches. Furthermore, the government timely filed an answer in 05-cv-2217, agreed to a briefing schedule, and timely filed a detailed 167-page *Vaughn* index, referring to more that 3,156 pages of documents. In civil action 06-474, defendant timely filed an answer and voluntarily agreed to produce a *Vaughn* index before a scheduling order was even entered. At that point in time, defendant was ready and willing to timely confer with regard to a briefing schedule in accordance with the Court's initial order. Instead of conferring with defense counsel, plaintiff unilaterally filed a motion for summary judgment and now falsely accuses defense counsel of refusing to negotiate with regard to a briefing schedule. Plaintiff's assertion that defendant is withholding documents for improper motives (i.e., to delay and to avoid embarrassment) is as baseless as it is offensive.

Defendant has explained that it is unable to oppose plaintiff's motion for summary judgment until after its second *Vaughn* index is complete and that if defendant is forced to re-direct its limited resources to brief the issues out of turn in civil action 06-474, it must seek to extend the briefing schedule in civil action 05-2217. At the time it negotiated the schedule with plaintiff in civil action 05-2217, it did not anticipate that plaintiff would unilaterally file a motion for summary judgment in civil action 06-474 requiring an immediate response. Plaintiff has failed to explain why civil action 06-474 should proceed along a faster track than the earlier-filed suit.

For the foregoing reasons, and the reasons set forth in its motion, defendant moves the Court to consolidate the cases and enter a comprehensive scheduling order.

Respectfully submitted,

\_\_\_/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


\_\_\_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332