UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stolt-Nielsen Transportation Group Ltd.,

*Plaintiff,*

v.

United States of America,

*Defendant.*

Civil Action No. 05cv2217 (RJL)

**Oral Argument Requested**

### PLAINTIFF'S SURREPLY CONCERNING DEFENDANT'S MOTION TO CONSOLIDATE

The government's reply argues that Stolt-Nielsen should not be afforded relief because its "interest in the information sought is private, not public." Reply at 3. It should come as no surprise that Stolt-Nielsen has both a public and a private motivation for filing its FOIA requests. Most FOIA requestors do. But the fact that Stolt-Nielsen has an interest in these documents — the Antitrust Division's public speeches, amnesty agreements, and the Division's other external discussions about Stolt-Nielsen — does not mean that this lawsuit should be *unreasonably delayed*, as would occur if the Court adopted the government's briefing schedule.

The government's lead case, *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 (1975), merely states that "Sears' rights under the Act are *neither increased nor decreased* by reason of the fact that it claims an interest in the Advice and Appeals Memoranda greater than that shared by the average member of the public" (emphasis added). Here, Stolt-Nielsen has not asked for preferential treatment with respect to its FOIA requests. Stolt-Nielsen fully exhausted its administrative remedies and has fully complied with all

applicable deadlines. The fact that Stolt-Nielsen has an interest in the documents is no reason for diminishing its rights under FOIA.

The government's reply relies on cases that support the proposition that there is a "public benefit" requirement when a FOIA litigant requests *fees*. *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995). Stolt-Nielsen has not yet sought its fees in this action. But none of the FOIA fees cases hold that the existence of a personal benefit acts as a ***bar*** to the rights afforded by FOIA.

Finally, Stolt-Nielsen's request would meet any public interest test, as explained by Stolt-Nielsen in its response to the government's motion:

> Relief in this case benefits not just Stolt-Nielsen, but all other potential applicants to the Antitrust Division's Amnesty Program and the public at large. The Antitrust Division regularly touts the "transparency" of its Amnesty Program. There is a cognizable public interest in ensuring that a government agency that touts its transparency complies with FOIA.

Stolt-Nielsen Response at 2. The government has no response to this argument.

Congress has never imposed a *pro bono* requirement on FOIA. The DOJ's consolidation motion seeks to extend the time the Division operates in the dark — a result at odds with FOIA.

Dated: June 6, 2006

Respectfully submitted,

**WHITE & CASE LLP**

By: /s/ J. Mark Gidley
J. Mark Gidley (D.C. Bar No. 417280)
Christopher M. Curran (D.C. Bar. No. 408561)
Lucius B. Lau (D.C. Bar No. 446088)
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Stolt-Nielsen Transportation Group Ltd.*