# Exhibit 14

Case 1:05-cv-02217-RJL   Document 26-6   Filed 08/18/2006   Page 1 of 5



**U.S. Department of Justice**

Antitrust Division

---

*Office of the Deputy Assistant Attorney General*     Washington, D.C. 20530

March 2, 2004

J. Mark Gidley, Esquire
White & Case LLP
601 Thirteenth Street, N.W.
Suite 600 South
Washington, DC 20005

Re:   Stolt-Nielsen Transportation Group Ltd.

Dear Mr. Gidley:

On February 6, 2004, Stolt-Nielsen Transportation Group Ltd. ("SNTG") filed a civil law suit under seal with Judge Savage seeking to prevent the United States Department of Justice Antitrust Division ("the Division") from indicting SNTG for its role in the parcel tanker shipping price-fixing conspiracy. At a conference with Judge Savage in connection with that suit on February 9, 2004, you requested that the Division give you and the Court notice of its intent to seek an indictment against SNTG three weeks' prior to taking such action. The purpose of this letter is to provide you, as counsel for SNTG, notice that the Division intends to seek an indictment of SNTG on March 24, 2004 and is, hereby, exercising its right under the January 15, 2003, conditional leniency agreement between the Division and SNTG to void the agreement and revoke the conditional acceptance of SNTG into the Division's Corporate Leniency Program.

As you know, on January 15, 2003, the Division, and SNTG entered into a conditional leniency agreement in connection with possible collusion in the parcel tanker industry. The agreement contains certain material representations made by SNTG concerning its eligibility for the Division's Corporate Leniency Program. The agreement states that SNTG's conditional acceptance into the Corporate Leniency Program is "[s]ubject to verification of SNTG's representations in paragraph 1." The agreement also imposes various continuing obligations on SNTG, including the obligation in paragraph 2 to "provide full, continuing and complete cooperation" in the Division's investigation into the parcel tanker industry by, inter alia, "providing a full exposition of all facts known to SNTG." The agreement further provides that "[i]f the Antitrust Division at any time determines that SNTG has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of SNTG into the Corporate Leniency Program."

On April 8, 2003, the Division informed SNTG that, based on newly-obtained specific, credible evidence, it was considering whether to revoke SNTG's conditional acceptance into the Corporate Leniency Program. At that time, the Division relieved SNTG of its cooperation obligations under the conditional leniency agreement pending further investigation. Based on that investigation, the Division now has determined (1) that a material representation SNTG made in the conditional leniency agreement was false and SNTG, therefore, was not eligible to participate in the Corporate Leniency Program and (2) that SNTG violated the conditional leniency agreement by failing to provide the full and complete cooperation required in paragraph 2 of the agreement. For these two separate reasons, the Division is voiding the conditional leniency agreement and revoking SNTG's conditional acceptance in the Corporate Leniency Program.

    A.    <u>False Representation</u>

To be eligible for the Corporate Leniency Program, a company must have taken prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity. Although SNTG represented in the conditional leniency agreement that it took such action, the evidence now shows that this representation was false.

Specifically, SNTG represented to the Division that SNTG's in-house counsel learned of the illegal activity by no later than February 2002 and, by March 2002, SNTG had taken prompt and effective action to terminate its part in the activity. In support of its leniency application and as evidence that it had promptly terminated its illegal conduct, SNTG told the Division that it had notified its co-conspirators of its withdrawal from the conspiracy through conversations and a series of letters and e-mails sent to its co-conspirators and other parcel tanker shipping companies on March 14, March 21, and April 8, 2002. SNTG produced copies of those letters and e-mails to the Division in support of its application.

Contrary to the representations made at the time SNTG made its application and in the leniency agreement itself, the Division has determined that SNTG did not terminate its participation in the conspiracy when it discovered the illegal activity, but instead continued its participation in the conspiracy until at least as late as November 2002.

    B.    <u>Failure to Cooperate</u>

Paragraph 2 of the conditional leniency agreement requires SNTG to provide "full, continuing and complete cooperation" in the Division's ongoing investigation, including "providing a full exposition of all facts known to SNTG." SNTG has materially breached this obligation by, among other things, falsely representing the true duration of its participation in the conspiracy and failing to fully disclose the roles played by some of its senior executives.

C.   Conclusion

Had SNTG been truthful about its failure to take prompt and effective action to terminate its participation in the conspiracy upon discovery of the conspiracy, the Division would not have accepted SNTG into the Corporate Leniency Program. Based on SNTG's ineligibility for the Corporate Leniency Program, and its material breach of its obligations under the agreement, the Division is hereby exercising its right to void the agreement and revoke the conditional acceptance of SNTG into the Corporate Leniency Program.

The staff now has recommended that an indictment of SNTG be presented to the grand jury. Today, in accordance with the Court's instructions on February 9, 2004, the Division is giving notice to Judge Savage that the Division has provided SNTG notice of its decision to revoke the conditional leniency agreement and withdraw SNTG's conditional admission into the Division's Corporate Leniency Program and that a staff recommendation to seek an indictment of SNTG on March 24, 2004 is under consideration. While the staff has recommended an indictment, I have not yet approved that recommendation. If you wish to meet with Director of Criminal Enforcement Scott Hammond and me before a final decision on that recommendation is made, please contact me at your earliest convenience so that a meeting can be scheduled. In any event, no indictment against the company will be presented to the grand jury before March 24, 2004.

Sincerely,

James M. Griffin

# United States Department of Justice

## Antitrust Division



950 Pennsylvania Ave., NW
Room 3214
Washington, D.C. 20530

Fax Number: 202-307-9978
Voice Number: 202-514-3543

The information contained in this facsimile is government privileged and confidential information intended only for the use of the addressee(s) listed on this coversheet. If the reader of this message is not the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of the telecopy is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender at the telephone number listed on this coversheet and the original facsimile must be returned via the United States Postal Service to the address above. Thank you.

## FAX COVER SHEET

| | |
|---|---|
| Date: | March 2, 2004 |
| To: | J. Mark Gidley, Esquire |
| Of: | White & Case |
| Fax Number: | 202-639-9355 |
| From: | James M. Griffin |

Pages Sent (including this sheet):     4

Remarks: