# Exhibit 34

☑ 002/005



U. S. Department of Justice

Antitrust Division

*Office of the Deputy Assistant Attorney General*            *Washington, D.C. 20530*

Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

Dear Mr. Aronson:

This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and Christie's International plc and its wholly-owned subsidiaries ("Christie's"), in connection with possible price fixing or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the auction markets for fine and applied arts, wine, stamps, and other collectibles worldwide. This agreement is conditional and depends upon Christie's satisfying the conditions set forth below. After all of these conditions are met, the Division will notify Christie's in writing that the application has been granted. It is further agreed that disclosures made by counsel for Christie's in furtherance of the amnesty application will not constitute a waiver of the attorney-client privilege or the work-product privilege, except as provided in Paragraph 2(g) below.

## AGREEMENT

1. **Representations:** Christie's desires to report to the Antitrust Division possible price fixing activity or other conduct violative of the Sherman Act in the auction markets for fine and applied arts, wine, stamps, and other collectibles worldwide ("the anticompetitive activity being reported"). Christie's represents to the Antitrust Division that:

    (a) upon discovery of the anticompetitive activity being reported, it took prompt and effective action to (i) terminate its part in the activity and (ii) come forward and report the activity; and

    (b) it did not coerce any other party to participate in the activity and was not the leader in, or the originator of, the anticompetitive activity being reported.

The representation of Christie's in 1(a)(ii), that it promptly came forward and reported the anticompetitive activity to the Antitrust Division upon its discovery, is critical to the Division's analysis as to whether Christie's satisfies condition number 7 of Part B of its Corporate Leniency Program because of the advanced stage of the Antitrust Division's investigation at the time of the application. In verifying the representations in 1(a)(i) and 1(a)(ii), the Division will pay particular attention to whether authoritative representatives of the company for legal matters had knowledge of the anticompetitive activity being reported prior to December 1999.

**Highly Confidential
Subject to Protective Order**            *OUTSIDE COUNSEL ONLY*            CHR 760000



1

ATR-2015

(THU) 11. 17. 05 15:26/ST. 15:25/NO. 4261227362 P 2            FROM ATR/DAAGLIT

@003/005

2. **Cooperation:** Christie's agrees to provide full, continuing and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

   (a) providing a full exposition of all facts known to Christie's relating to the anticompetitive activity being reported;

   (b) providing promptly, and without requirement of subpoena, all documents or other items in its possession, custody or control, wherever located, requested by the Antitrust Division, to the extent not already produced;

   (c) using its best efforts to secure the ongoing, full, and truthful cooperation of the current directors, officers and employees of Christie's, and Christopher Davidge, the former Chief Executive of Christie's International plc ("Davidge"), and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

   (d) facilitating the ability of current directors, officers, employees, and Davidge to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Antitrust Division;

   (e) using its best efforts to ensure that current directors, officers, employees, and Davidge who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly and truthfully to all questions asked in interviews, and grand jury appearances and at trial;

   (f) using its best efforts to ensure that current directors, officers, employees, and Davidge who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity;

   (g) waiving its attorney-client and work-product privileges with respect to (i) any information obtained by Patricia Hambrecht, former General Counsel at Christie's Inc., relating to the anticompetitive activity being reported; and (ii) any information obtained by inside or outside counsel for Christie's relevant to the Antitrust Division's verification of the representation in 1(a)(ii) above.

   (h) making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution to any person or entity injured as a result of the anticompetitive activity being reported, in which Christie's was a participant.

-2-

*OUTSIDE COUNSEL ONLY*    **Highly Confidential Subject to Protective Order**    CHR 760001

2

ATR-2016

FROM ATR/DAAGLIT    (THU) 11. 17. 05 15:27/ST. 15:25/NO. 4261227362 P 3

☑ 004/005

3. **Corporate Leniency:** Subject to verification of the representations of Christie's in Paragraph 1 above, and subject to its full, continuing and complete cooperation, as described in Paragraph 2 above, the Antitrust Division agrees conditionally to accept Christie's into Part B of the Corporate Leniency Program, as explained in an Antitrust Division policy statement dated August 10, 1993 (attached). Pursuant to that policy, the Antitrust Division agrees not to bring any criminal prosecution against Christie's for any act or offense it may have committed prior to the date of this letter in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Christie's, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If the Antitrust Division at any time determines that Christie's has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of Christie's into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of Christie's into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Christie's, without limitation. Should such a prosecution be initiated, any documentary or other information provided by Christie's, as well as any statements or other information provided by any current director, officer or employee of Christie's to the Antitrust Division pursuant to this Agreement, may be used against Christie's in any such prosecution.

4. **Non-Prosecution Protection For Corporate Directors, Officers And Employees:** Subject to the full, continuing and complete cooperation of Christie's, the Antitrust Division agrees that current directors, officers, and employees of Christie's, and Davidge who admit their knowledge of, or participation in, and fully and truthfully cooperate with the Antitrust Division in its investigation of the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed prior to the date of this letter in connection with the anticompetitive activity being reported. Such full and truthful cooperation shall include, but not be limited to:

   (a) producing in the United States all documents and records, including personal documents and records, and other materials requested by attorneys and agents of the United States;

   (b) making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States;

   (c) responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information;

   (d) otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph, that he or she may have relevant to the anticompetitive activity being reported; and

   (e) when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621) and making false

-3-

**Highly Confidential**
**Subject to Protective Order**        *OUTSIDE COUNSEL ONLY*        CHR 760002

3

ATR-2017

statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Christie's, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a current director, officer, or employee of Christie's, or Davidge fails to comply fully with his/her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any leniency, immunity or non-prosecution granted to such individual under this Agreement may be revoked by the Antitrust Division. Should any leniency, immunity or non-prosecution granted be revoked, the Antitrust Division may thereafter prosecute such person criminally, and any statements or other information provided by such person to the Antitrust Division pursuant to this Agreement may be used against him/her in such prosecution.

5. **Entire Agreement**: This letter constitutes the entire agreement between the Antitrust Division and Christie's, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

6. **Authority And Capacity**: The Antitrust Division and Christie's represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely yours,

Date: 1/26/00

Gary R. Spratling
Deputy Assistant Attorney General
Antitrust Division

Date: 27 Jan 2000
Edward J. Dolman, CEO
Christie's International plc

Date: 27 Jan. '00
Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Counsel for Christie's International plc

-4-

Highly Confidential
Subject to Protective Order

OUTSIDE COUNSEL ONLY

CHR 760003

ATR-2018