# Exhibit 37

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
Stolt-Neilsen Transportation Group, Ltd.  )
                                   )
        Plaintiff,                 )
                                   )    Civil Action No.  1:05-cv-02217 (RJL)
        v.                         )
                                   )
United States of America,          )
                                   )
        Defendant.                 )
_____)

Bates Numbers ATR 1 to 1561, 2377-3974

**W** means Document Withheld in Full
**R** means Document Released as Redacted
**F** means Document Released in Full

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-382-384 (3) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-652-657 (6) | W | 11/26/02 | Regina Kedziora, secretary Philadelphia FO | Ann Olek, Robert Connolly and CRIM-ENF (Office of DAAG), and PI Requests | E-mail with Attached Memorandum & Routing and Transmittal Slip | (b)(3), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-080.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff.  It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information.  Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation.  Finally, disclosure could reveal information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |

| Bates Nos. (Pages) | WRF | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR733-736 (4) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |