# Exhibit 39



**DEPARTMENT OF JUSTICE**
Antitrust Division

**R. HEWITT PATE**
Assistant Attorney General

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202) 514-2401 / (202) 616-2645 (Fax)
E-mail: antitrust@usdoj.gov
Web site: http://www.usdoj.gov/atr

April 12, 2004

James M. Griffin
Deputy Assistant Attorney General
Antitrust Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Suite 3214
Washington, D.C. 20530-0001

Re: *Stolt-Nielsen S.A. and Stolt-Nielsen Transportation Group Ltd. v. United States*, Civ. No. 04-CV-537 (E.D. Pa.) and *Wingfield v. United States*, Civ. No. 04-CV-684 (E.D. Pa.)

Dear Mr. Griffin:

I authorize you, pursuant to 28 C.F.R. § 16.23(a), to testify on behalf of the Antitrust Division in an *in camera* preliminary injunction hearing in *Stolt-Nielsen S.A. and Stolt-Nielsen Transportation Group Ltd. v. United States*, Civ. No. 04-CV-537 (E.D. Pa.) and *Wingfield v. United States*, Civ. No. 04-CV-684 (E.D. Pa.) to be held on Tuesday, April 13, 2004 regarding your corporate amnesty negotiations with counsel for Stolt-Nielsen Transportation Group Ltd. and the Division's corporate amnesty program. However, pursuant to 28 C.F.R. § 16.26(b), you are not authorized to make any of the following disclosures:

(1) disclosures that would violate a statute or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P. Rule 6(e);
(2) disclosures that would violate a specific regulation;
(3) disclosures that would reveal classified information, unless appropriately declassified by the originating agency;
(4) disclosures that would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection;
(5) disclosures that would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired; or



GOVERNMENT EXHIBIT 1

(6) disclosures that would improperly reveal trade secrets without the owner's consent.

Also, pursuant to 28 C.F.R. § 16.26(a)(2), you are not authorized to reveal information protected by privilege, such as the deliberative process privilege or work product privilege. Copies of 28 C.F.R. §§ 16.23 and 16.26 are attached.

Yours sincerely,

R. Hewitt Pate