# Exhibit 45



# GRAND JURY MANUAL

- **Introduction**
- **Chapter 1 - Getting Started**
- **Chapter 2 - The Requirement of Secrecy -- Rule 6(e)**
- **Chapter 3, Part I - Subpoenas**
- **Chapter 3, Part II - Subpoenas**
- **Chapter 4 - Presenting Evidence to the Grand Jury**
- **Chapter 5 - Immunity**
- **Chapter 6 - Multiple Representation/Conflicts of Interest**
- **Chapter 7 - Indictment and Information**
- **Chapter 8 - Perjury and Obstruction of Justice**
- **Chapter 9 - Plea Agreements**

J.   Corporate "Amnesty"

The Division has a policy of giving serious consideration to according lenient treatment to corporations voluntarily reporting their illegal activity prior to our detection of it. "Lenient treatment" means not indicting such a firm. (The policy is known variously as the corporate amnesty, immunity or leniency policy.)

There are several factors that are weighed in arriving at the decision to grant leniency. First, only the first corporation to come forward will be considered for leniency. If other corporations involved in the same conspiracy subsequently come in to confess wrongdoing, or if all of the involved corporations come forward as a group, they cannot be given the same consideration. Their cooperation can be given some weight, of course, at the sentencing stage.

Second, in order to redound to the benefit of the corporation, the voluntary confession of wrongdoing must be truly a corporate act, as opposed to the confessions of individual executives or officials. If individual executives cooperate with the Government in the same manner as the corporation, they may also be given serious consideration for immunity.

Other factors that must bear on any decision regarding leniency include the following:

1.   whether the Division could have reasonably expected that it would have become aware of the conspiracy in the near future if the corporation had not reported it;

2. whether the corporation, on discovery of the illegal activity previously unknown to it, took prompt and effective action to terminate its part in the conspiracy;

3. the candor and completeness with which the corporation reports the wrongdoing and continues to assist the Division throughout the investigation;

4. the nature of the violation and the confessing party's role in it, e.g., was the corporation's conduct coercive toward its co-conspirators, was it the originating party, and did it have actual exclusionary effects on others in the marketplace; and

5. whether the corporation has made, or stated its intention to make, restitution to injured parties.

If the attorney who receives the request for amnesty believes the corporation qualifies for, and should be accorded lenient treatment, he should forward a favorable recommendation to the Office of Operations, setting forth the reasons why leniency should be granted. Staff should not delay making such a recommendation until a fact memo recommending prosecution of others is prepared. The Director of Operations will review the request, and forward it to the Assistant Attorney General for final decision. If the staff attorney recommends against lenient treatment, corporate counsel may wish to seek an appointment with the Director of Operations to make his

views known.  Counsel are not entitled to such a meeting as a matter of right, but the opportunity will generally be afforded.

### K.   Immunity Under Plea Agreements

The Division attorney negotiating immunity or non-prosecution provisions in a plea agreement should be aware of certain principles.[85]  Generally, defendants should not be granted immunity absent a plea of guilty to some violation.  Plea agreements may provide for no further prosecution of defendants for antitrust, mail fraud, wire fraud or related violations committed prior to the date of the plea agreement involving the subject product or industry within the specific geographic area in which the defendants have admitted to unlawful conduct.  If part of that area is within the territory of another Division office or section, that office or section should be consulted prior to any commitment.

Where a defendant has provided information as to one or more violations but it is believed that additional information is being withheld, it may be desirable to use a sealed appendix to the agreement.  This would set forth all the information provided by the defendant and any immunity given would be limited to that information and information derived therefrom. Where, however, there is specific reason to believe that the defendant has information relating to other violations, the Division should generally not enter into an immunity agreement.

---

[85] See Ch. IX for a more detailed discussion of plea agreements.