

U. S. Department of Justice

Antitrust Division

*Office of the Deputy Assistant Attorney General*

950 Pennsylvania Ave., Suite 3214
Washington, D.C. 20530

John M. Nannes, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., N.W.
Washington, D.C. 20005

Dear Mr. Nannes:

This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and Stolt-Nielsen Transportation Group Ltd. (Bermuda), its parent (including its ultimate parent), affiliates, and subsidiaries[1] [hereinafter SNTG] in connection with possible collusion or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the parcel tanker industry involving transportation to and from the United States. This agreement is conditional and depends upon SNTG satisfying the conditions set forth below. After all of these conditions are met, the Division will notify SNTG in writing that the application has been granted. It is further agreed that disclosures made by counsel for SNTG in furtherance of the amnesty application will not constitute a waiver of the attorney-client privilege or the work-product privilege.

## AGREEMENT

1. **Representations**: SNTG desires to report to the Antitrust Division possible collusive activity or other conduct violative of the Sherman Act in the parcel tanker industry involving transportation to and from the United States ("the anticompetitive activity being reported"). SNTG represents to the Antitrust Division that, in connection with the anticompetitive activity being reported, it:

    (a) took prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity; and

    (b) did not coerce any other party to participate in the activity and was not the leader in, or the originator of, the anticompetitive activity being reported.

2. **Cooperation**: SNTG agrees to provide full, continuing and complete cooperation to the Antitrust Division in connection with the activity being reported, including, but not limited to, the following:

    (a) providing a full exposition of all facts known to SNTG relating to the anticompetitive activity being reported;

---

[1] This agreement does not cover any joint venture partners SNTG may have or had in the parcel tanker industry.

GOVERNMENT EXHIBIT C

(b) providing promptly, and without requirement of subpoena, all documents or other items in its possession, custody or control, wherever located, requested by the Antitrust Division, to the extent not already produced;

(c) using its best efforts to secure the ongoing, full and truthful cooperation of the current and former directors, officers and employees of SNTG, and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

(d) facilitating the ability of current and former directors, officers and employees to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Antitrust Division;

(e) using its best efforts to ensure that current and former directors, officers and employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f) using its best efforts to ensure that current and former directors, officers and employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g) making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution to any person or entity injured as a result of the anticompetitive activity being reported, in which SNTG was a participant.

3. **Corporate Leniency**: Subject to verification of SNTG's representations in paragraph 1 above, and subject to its full, continuing and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept SNTG into Part B of the Corporate Leniency Program, as explained in an Antitrust Division policy statement dated August 10, 1993 (attached). Pursuant to that policy, the Antitrust Division agrees not to bring any criminal prosecution against SNTG for any act or offense it may have committed prior to the date of this letter in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of SNTG, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If the Antitrust Division at any time determines that SNTG has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of SNTG into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of SNTG into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against SNTG, without limitation. Should such a prosecution be initiated, any documentary or other information provided by SNTG, as well as any statements or other information provided by any

-2-

current or former director, officer or employee of SNTG to the Antitrust Division pursuant to this Agreement, may be used against SNTG in any such prosecution.

4. **Non-Prosecution Protection For Corporate Directors, Officers And Employees**: Subject to SNTG's full, continuing and complete cooperation, the Antitrust Division agrees that current and former[2] directors, officers and employees of SNTG who admit their knowledge of, or participation in, and fully and truthfully cooperate with the Antitrust Division in its investigation of the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed prior to the date of this letter in connection with the anticompetitive activity being reported. Such full and truthful cooperation shall include, but not be limited to:

(a) producing in the United States all documents and records, including personal documents and records, and other materials requested by attorneys and agents of the United States;

(b) making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States;

(c) responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information;

(d) otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph, that he or she may have relevant to the anticompetitive activity being reported; and

(e) when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of SNTG, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a current or former director, officer or employee of SNTG fails to comply fully with his/her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any leniency, immunity or non-prosecution granted to such individual under this Agreement may be revoked by the Antitrust Division. Should any leniency, immunity or non-prosecution granted be revoked, the Antitrust Division may thereafter prosecute such person

---

[2] The United States retains the right to decline to extend leniency coverage to any former employee who is, or has been an executive of a non-SNTG company engaged in the parcel tanker industry.

-3-

criminally, and any statements or other information provided by such person to the Antitrust Division pursuant to this Agreement may be used against him/her in such prosecution.

5. **Entire Agreement:** This letter constitutes the entire agreement between the Antitrust Division and SNTG, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

6. **Authority And Capacity:** The Antitrust Division and SNTG represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely yours,

Date: 1/15/03

James M. Griffin
Deputy Assistant Attorney General
Antitrust Division

Date: January 15, 2003

Reginald J.K. Lee
Chief Executive Officer
Stolt-Nielsen Transportation Group Ltd.

Date: January 15, 2003

John M. Nannes, Esq.
Counsel for Stolt-Nielsen Transportation Group Ltd.

-4-