UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stolt-Nielsen Transportation Group Ltd.,

*Plaintiff,*

v.

United States of America,

*Defendant.*

Civil Action No. 05cv2217 (RJL)

**Oral Argument Requested**

### PLAINTIFF'S SURREPLY CONCERNING DEFENDANT'S MOTION TO CONSOLIDATE

The government's reply argues that Stolt-Nielsen should not be afforded relief because its "interest in the information sought is private, not public." Reply at 3. It should come as no surprise that Stolt-Nielsen has both a public and a private motivation for filing its FOIA requests. Most FOIA requestors do. But the fact that Stolt-Nielsen has an interest in these documents — the Antitrust Division's public speeches, amnesty agreements, and the Division's other external discussions about Stolt-Nielsen — does not mean that this lawsuit should be ***unreasonably delayed***, as would occur if the Court adopted the government's briefing schedule.

The government's lead case, *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 (1975), merely states that "Sears' rights under the Act are ***neither increased nor decreased*** by reason of the fact that it claims an interest in the Advice and Appeals Memoranda greater than that shared by the average member of the public" (emphasis added). Here, Stolt-Nielsen has not asked for preferential treatment with respect to its FOIA requests. Stolt-Nielsen fully exhausted its administrative remedies and has fully complied with all

applicable deadlines. The fact that Stolt-Nielsen has an interest in the documents is no reason for diminishing its rights under FOIA.

The government's reply relies on cases that support the proposition that there is a "public benefit" requirement when a FOIA litigant requests *fees*. *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995). Stolt-Nielsen has not yet sought its fees in this action. But none of the FOIA fees cases hold that the existence of a personal benefit acts as a ***bar*** to the rights afforded by FOIA.

Finally, Stolt-Nielsen's request would meet any public interest test, as explained by Stolt-Nielsen in its response to the government's motion:

> Relief in this case benefits not just Stolt-Nielsen, but all other potential applicants to the Antitrust Division's Amnesty Program and the public at large. The Antitrust Division regularly touts the "transparency" of its Amnesty Program. There is a cognizable public interest in ensuring that a government agency that touts its transparency complies with FOIA.

Stolt-Nielsen Response at 2. The government has no response to this argument.

Congress has never imposed a *pro bono* requirement on FOIA. The DOJ's consolidation motion seeks to extend the time the Division operates in the dark — a result at odds with FOIA.

Dated: June 6, 2006

Respectfully submitted,

**WHITE & CASE** LLP

By: _____
J. Mark Gidley (D.C. Bar No. 417280)
Christopher M. Curran (D.C. Bar. No. 408561)
Lucius B. Lau (D.C. Bar No. 446088)
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Stolt-Nielsen Transportation Group Ltd.*