## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2217 (RJL) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0474 (RJL) |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |

---

## DEFENDANT'S OPPOSITION
## TO MOTION FOR SUMMARY JUDGMENT

Defendant, United States Department of Justice ("DOJ"), opposes plaintiff's

August 18, 2006 motion for summary judgment (Dk# 23), filed in civil action no. 05-

2217, pursuant to Fed. R Civ. P. 56.  As set forth in the accompanying memorandum of

points and authorities, defendant has submitted reasonably detailed affidavits and *Vaughn*

indices which justify the withholding and redaction of documents.   Accordingly,

defendant is entitled to summary judgment.

Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


___/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant U.S. Attorney


___/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2217 (RJL) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0474 (RJL) |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S OPPOSITION TO MOTION  FOR SUMMARY JUDGMENT**

Defendant United States Department of Justice, Antitrust Division ("the Division or Agency"), by and through counsel, hereby submits this Opposition to plaintiff's August 18, 2006 Motion for Summary Judgment.

**INTRODUCTION**

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and concerns eleven requests for documents made by plaintiff to defendant.  Plaintiff seeks no further relief on a twelfth request, ATFY05-071, which pertains to a meeting with John Nannes.  *See* Plaintiff's Motion for Summary Judgment (Dk# 23) at 1.  In this opposition,

defendant addresses the six FOIA requests that are the subject of plaintiff's August 18

summary judgment motion.  The six requests are: ATFY05-072, ATFY05-080, ATFY05-

088, ATFY05-113, ATFY05-131, and ATFY06-026.  Defendant's opposition to plaintiff's

remaining five FOIA requests will be addressed separately in defendant's opposition to

plaintiff's May 13, 2006 Motion for Partial Summary Judgment.  Defendant's opposition to

plaintiff's Motion for Partial Summary Judgment is due on September 29, 2006, not on

September 26, as asserted by plaintiff on page 11 of its August 18, 2006 Motion for Summary

Judgment.

**FACTS**

The background of the case is fully described in the Agency's Memorandum of Points

and Authorities in Support of Defendant's Motion for Summary Judgment (Dk# 28) at 3-13.

After that motion was filed, the grand jury in the Eastern District of Pennsylvania, on

September 6, 2006, indicted plaintiff Stolt-Nielsen Transportation Group Ltd. ("Stolt-

Nielsen"), its parent Stolt-Nielsen S.A., another Stolt-Nielsen affiliate, Stolt-Nielsen

executive Richard Wingfield, and Stolt-Nielsen executive Samuel Cooperman.  *United States

v. Stolt-Nielsen S.A.*, Crim No. 06-466 (E.D. Pa.) (Exhibit A).  The Division's grand jury

parcel tanker shipping investigation continues as to other subjects.

**ARGUMENT**

In its Motion for Summary Judgment, Stolt-Nielsen correctly notes that the Agency

bears the burden to prove that it is entitled to withhold records pursuant to various FOIA

exemptions.  *CEI Washington Bureau Inc. v. U.S. Dep't of Justice*, 404 F. Supp. 2d 172, 175

(D.D.C. 2005) (citing 5 U.S.C. § 552(a)(4)(B)).   It is also true that "[a]n agency 'may meet

its burden by submitting a detailed affidavit showing that the information logically falls

within the claimed exemptions.'" *Gordon v. FBI*, 388 F. Supp. 2d 1028, 1034 (N.D. Cal. 2005) *(*citing *Minier v. Central Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996)). "'In evaluating a claim for exemption, a district court must accord substantial weight to [agency] affidavits, provided the justifications for nondisclosure are not controverted by contrary evidence in the record or by evidence of [agency] bad faith.'" *Id*.

Plaintiff's Memorandum Of Points And Authorities In Support Of Its Motion For Summary Judgment contains no analysis of how the claimed exemptions relate to specific documents described in the *Vaughn* indices and hence does not create a dispute as to material facts precluding a grant of summary judgment for the defendant. *See Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1122 (D.D.C. 1995) (holding that plaintiff's disagreement with application of exemptions does not constitute a dispute as to material facts precluding summary judgment "because he does not put forth any facts to prove that they were wrongfully applied.")  Instead, Stolt-Nielsen wrongly claims that the Division has instigated a "public relations campaign" against it, that the Division in its treatment of Stolt-Nielsen's application for corporate leniency deviated from the publically-announced terms of the Division's Corporate Leniency Policy,[1] and therefore that all of the Division's correspondence and documents leading to public statements about Stolt-Nielsen are subject to the FOIA and must be disclosed.  Pltf's Mem. at 1-2.

Plaintiff's hyperbole notwithstanding, there is no legal or factual basis to support plaintiff's argument that a FOIA litigant will be precluded from claiming a FOIA exemption

---

[1]    The Division's Corporate Leniency Policy is attached as Exhibit 1 to plaintiff's August 18, 2006 Motion for Summary Judgment.  The SNTG Amnesty Agreement defined SNTG as Stolt-Nielsen Transportation Group Ltd. (Bermuda), its parent (including its ultimate parent), affiliates, and subsidiaries, but not including joint venture partners.  Defendant uses SNTG in this Opposition to refer to the same entities.

for one set of information simply by virtue of the fact that it disclosed other information to the public related to the same general subject matter.  The Division only publicly discussed information that was public and declined to discuss nonpublic information, so there is no waiver.  For example, the Division reviewed articles by private attorneys James Walden and Donald Baker[2] for factual errors and referred the authors to the public record to correct factual errors.  *See* Exhibit 2 to Answer to 2006 complaint (January 25, 2005 e-mail from Scott Hammond to James Walden: "I just sent you a fax with transcripts and exhibits from the public record . . . .").

A FOIA exemption can be waived if the specific information sought to be withheld has been disclosed previously.  *Afshar v. Department of State*, 702 F.2d 1125, 1133 (D.C. Cir. 1983); *United States Student Ass'n v. CIA*, 620 F. Supp. 565 (D.D.C. 1985).  However, the extent of the waiver is equivalent to the extent of the disclosure.  *See Mobil Oil Corp. v. EPA*, 879 F.2d 698, 701 (9th Cir. 1989).  Plaintiff must establish that the information it seeks through the FOIA has "already been specifically revealed to the public" and duplicates the information being withheld.  *United States Student Ass'n*, 620 F. Supp. at 571.  In spite of its assertions, plaintiff has not even attempted to meet this test.  *See Irons v. FBI*, 880 F.2d 1446 (1st Cir. 1989)(public testimony by confidential sources did not waive FBI's claim to confidential source exemption 7(D)), *Mehl v. EPA*, 797 F. Supp. 43, 47 (D.D.C. 1992)(no waiver of exemptions where partial disclosure of contents of document).

Defendant responds below to each of plaintiff's arguments.  The headings correspond to the sections in plaintiff's Memorandum Of Points And Authorities In Support Of Its

---

[2]     James Walden & Kristopher Dawes, *The Curious Case of Stolt-Nielsen S.A. v. United States*, THE ANTITRUST SOURCE (May 2005); Donald L. Baker, *True Confessions*, LEGAL TIMES (Sept. 26, 2005).

Motion For Summary Judgment.

## I.      The FOIA Requests Made By Stolt-Nielsen At Issue In This Motion

### A.  Speeches Made By Antitrust Division Officials About Stolt-Nielsen (ATFY05-072)

Plaintiff requested copies of and notes related to speeches given by Scott Hammond, the Division's Deputy Assistant Attorney General for Criminal Enforcement, as well as drafts of the Walden article, *The Curious Case of Stolt-Nielsen S.A. v. United States*[3] and any documents relating to the article prepared by any Division employee.  Plaintiff's FOIA Request ATFY05-072 (Exhibit H to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment).  Plaintiff concedes that the Division responded to this request on September 13, 2005 and March 28, 2006 and produced certain documents in their entirety and in redacted form.  Other documents were withheld.  Plaintiff correctly notes that the Division withheld documents under Exemptions 5, 6, 7(A), and (7)(C).  Pltf's Mem. at 11.  *See* Amended 2005 *Vaughn* index, pages 2-8 and 18-21. (Dk# 31-2).

### 1.      Exemption (b)(5): Inter-Agency Or Intra-Agency Memoranda Or Letters

In this section of its memorandum, plaintiff recites the law but does not identify any specific records that were improperly withheld under Exemption 5.  Plaintiff cites *Brownstein Zeideman & Schomer v. U.S. Dep't of Air Force*, 781 F. Supp. 31, 35 (D.D.C. 1991), for the proposition that records of negotiations between the government and outside parties are not exempt under (b)(5).  But plaintiff does not provide any analysis and does not state how that case applies to the instant case.  Pltf's Mem. at 12.

Plaintiff also observes that defendant bears the burden to prove that no segregable

---

[3]      *Supra* note 2.

information exists within the records withheld by defendant under the deliberative process privilege of Exemption 5. Pltf's Mem. at 13. Under the FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). But defendant met its burden to prove that no segregable information exists in this case. Ann Lea Richards, Chief of the FOIA Unit, addresses segregablity on pages 12-15 of her declaration. (Exhibit A to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment). She describes how Wayne Foster, paralegal specialist, reviewed each document to determine whether it was responsive, and then re-reviewed the responsive documents line-by-line to determine whether they could be released under the FOIA. Richards declar. at 13, 14, ¶¶ 22, 26. "Exempt information in otherwise disclosable documents was bracketed for excision and the exemption supporting the non-disclosure was noted on the page next to the redaction." Id. at 13. The documents were then forwarded to Ms. Richards for further review. Id. at 13, ¶ 22. She states that she complied with the requirement to release all reasonably segregable information. Id. at 15, ¶ 26. Ms. Richards' declaration proves that defendant complied in full with the reasonable segregation requirement of the FOIA.

On page 13 of its memorandum, plaintiff notes that information that may otherwise be protected by the attorney work-product doctrine and the deliberative process privilege is subject to waiver by disclosure to third parties. But plaintiff does not identify any specific record from the 185 page *Vaughn* index that it contends was disclosed to third parties, such that defendant waived the deliberative process or work product privileges. Pltf's Mem. at 13-14. In response to plaintiff's request ATFY05-072, the Division released speeches (ATR-92-104, 105-112, 113-126); communications with private attorneys about speeches, such as

outlines circulated with outside panelists (ATR-321-342); drafts of and the final version of

the Walden article received from Mr. Walden as well as communications with Walden about

the article (ATR 001-014, 015-017, 018, 019-20, 021-35, 036-37, 038, 048-49, 050, 051,

052-54, 055-58, 059-60, 061-63, 064-65, 152-170, 171-189, 190-208), but withheld as work

product and deliberative process drafts of speeches and internal communications about what

to include in Division speeches or how to respond to Walden.  Deliberative work product

does not have to be released just because it might have some public interest.  One of the

reasons for withholding documents pursuant to the work-product and deliberative process

privileges is to avoid confusion about the agency's actual position as opposed to proposed

positions.  *Taxation with Representation Fund v. I.R.S.*, 646 F.2d 666, 677 (D.C. Cir. 1981).

These privileges also encourage open and frank discussions.  Defendant met its burden to

show that it properly withheld documents under Exemption 5.  Both the Amended 2005

*Vaughn* index and the Richards declaration contain detailed justifications explaining why

defendant redacted or withheld records under Exemption 5.   The Amended 2005 *Vaughn*

index, along with the detailed justifications, lists the specific documents that were  redacted

or withheld under Exemption 5 for request ATFY05-072.

### 2.     Exemption 6: Unwarranted Invasion of Personal Privacy

Plaintiff cites *Washington Post Co. v. U.S. Dep't of Health & Human Services*, 690

F.2d 252, 261 (D.C. Cir. 1982), for the proposition that the "clearly unwarranted" language in

Exemption 6 "tilt[s] the balance (of disclosure interest against privacy interests) in favor of

disclosure."  However, plaintiff provides no analysis, and does not identify any records listed

in the *Vaughn* index for which it contends that the public interest in disclosure outweighs

privacy interests of individuals.  As noted in the Richards declaration at 27, ¶ 35,  defendant

redacted pursuant to Exemption 6, personal telephone numbers and e-mail addresses, and

plaintiff doesn't claim that that particular information was improperly withheld.  In addition,

the Amended 2005 *Vaughn* index lists the redaction of a facsimile number pursuant to

Exemption 6.  *See* ATR 55-58, Amended 2005 *Vaughn* index p. 7.  These phone and

facsimile numbers and e-mail addresses do not shed light on the inner workings of the

government, and therefore, there is no public interest in this information.

> ### 3.    Exemption 7(A): Records Compiled For Law Enforcement Purposes That Could Reasonably Be Expected to Interfere With Enforcement Proceedings

Plaintiff sets forth the standard for meeting Exemption 7(A), that production of the

withheld records "could reasonably be expected to interfere with enforcement proceedings,"

but provides no analysis and does not identify any records that were improperly withheld

under Exemption 7(A).  Defendant met its burden to show that it properly withheld

documents under Exemption 7(A).  The documents responsive to ATFY05-072 that were

withheld under Exemption 7(A) were internal documents consisting of speech drafts,

suggestions for speech content, and request for advice concerning upcoming speeches.  These

documents include thoughts and opinions of Division personnel and strategy considerations

pertaining to the Division's grand jury investigation of and litigation with Stolt-Nielsen and

its employees, as well as references to third parties, some of whom could become witnesses.

Release of this information "could reasonably be expected to interfere with [the Division's]

enforcement proceedings."  Both the Amended 2005 *Vaughn* index and the Richards

declaration contain detailed justifications explaining why defendant redacted or withheld

records under Exemption 7(A).  In addition to noting the general likely harm to the

Division's enforcement proceedings, Ms. Richards also identified four specific potential

sources of harm that would be evident from release of records withheld under Exemption 7(A).  Richards declar. at 28-29, ¶¶ 37-8.  These are: a) destruction or alteration of evidence that remains to be discovered, b) witness intimidation, c) giving potential defendants insights into the government's strategy and strength of position, and d) the chilling of cooperation.  The Amended 2005 *Vaughn* index, along with the detailed justifications, lists each specific document that was redacted or withheld under Exemption 7(A) for request ATFY05-072.

4.    **Exemption 7(C): Records Compiled For Law Enforcement Purposes That Could Reasonably Be Expected To Constitute An Unwarranted Invasion Of Personal Privacy**

In its opposition, plaintiff sets forth the standard for withholding documents under Exemption 7(C).  Once again, plaintiff provides no analysis and fails to identify any documents that were improperly withheld under Exemption 7(C).  Defendant met its burden to justify withholding of records under Exemption 7(C).  Exemption 7(C)'s privacy protection is particularly applicable to investigations by criminal law enforcement agencies.  Richards declar. ¶ 39.   The Division is a law enforcement agency that is investigating criminal violations of the Sherman Act.  *Id*.  For this reason, defendant has withheld the names of persons mentioned in records of its investigations.  *Id*.  There is no public interest that would be served by the release of such information, and having one's name associated with a criminal investigation is stigmatizing.  The Amended 2005 *Vaughn* index lists each document that was redacted or withheld under Exemption 7(C) for request ATFY05-072 and provides a detailed justification for the redaction or withholding.

**B. Opening Of The Parcel Tanker Industry Investigation In November 2002 (ATFY 05-080)**

Plaintiff requested records related to the opening of the parcel tanker industry investigation in November 2002.  Pltf's Mem. at 16; Plaintiff's FOIA Request ATFY 05-080

(Exhibit I to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment). Plaintiff concedes that the Division responded to this request on September 13, 2005 and on March 28, 2006, and that the Division released records in their entirety and in redacted form. Other records were withheld. Plaintiff correctly notes that the Division withheld documents under Rule 6(e) of the Federal Rules of Criminal Procedure and Exemptions (b)(3), (b)(5), and 7(A), (C), and (D). *See* Amended 2005 *Vaughn* index, pages 9, 11, 22, 68-94, 96-100, 102-106, 182-185. The Amended 2005 *Vaughn* index lists, and provides detailed justification for, each document responsive to ATFY05-080 that was redacted or withheld pursuant to these exemptions. Plaintiff contends it is entitled to know the date upon which the parcel tanker investigation was formally opened because the Division has publicized certain aspects of the parcel tanker investigation. Pltf's Mem. at 16-17. Plaintiff asserts that this date is important because leniency is automatic for applicants under Part A of the Division's Corporate Leniency Policy. Pltf's Mem. at 9.

Plaintiff's assertion, however, is a red herring, which simply ignores the prerequisites that even an applicant for leniency under Part A must satisfy in order to obtain leniency, and is only designed to confuse issues in, and interfere with, the Division's enforcement proceedings against Stolt-Nielsen and its employees. As noted in the Division's Corporate Leniency Policy, Exhibit 1 to Plaintiff's August 18, 2006 Motion for Summary Judgment, under Part A "Leniency will be granted to a corporation reporting illegal activity before an investigation has begun, if the following six conditions are met." (emphasis added). The first condition is that "[a]t the time the corporation comes forward to report the illegal activity, the Division has not received information about the illegal activity being reported from any other source." The second condition, is that "[t]he corporation, upon its discovery

of the illegal activity being reported, took prompt and effective action to terminate its part in the activity." This condition is also a requirement of leniency under Part B of the Division's Corporate Leniency Policy and a condition that is at issue in the Stolt-Nielsen leniency litigation. The third condition is that "[t]he corporation reports the wrongdoing with candor and completeness and provides full, continuing and complete cooperation to the Division throughout the investigation," which is similar to condition 4 of Part B Leniency. Stolt-Nielsen's full and complete cooperation is also at issue in its leniency litigation.

Plaintiff seeks a host of exempted documents in its very broad FOIA request AT05-080. It seeks "any and all documents relating to the opening of the . . . investigation . . . , including but not limited to . . . [a]ny documents memorializing actions taken by the Antitrust Division in opening such investigation." Hence this request asks not only for the request to open the investigation, which is exempt under Exemptions (7)(A), (b)(5) work product and deliberative process, (7)(C), (7)(D), and (b)(3), but also asks for any document that mentions the opening of the investigation in passing, including highly sensitive documents such as the grand jury recommendation memorandum, indictment recommendation memoranda, other criminal case recommendation memoranda, other internal memoranda regarding proposed actions or strategies considered or recommended in the course of the grand jury investigation, internal notes and e-mails reflecting staff's mental impressions and thought processes, draft pleadings, and pleadings filed under seal, which are exempt under Rule 6(e) of the Federal Rules of Criminal Procedure, and Exemptions 2, 3, 5, work product and deliberative process, (7)(A), (7)(C), and (7)(D). Releasing this information would give Stolt-Nielsen unprecedented criminal discovery not allowed under the Federal Rules of Criminal Procedure

even to indicted defendants.[4]

As discussed in defendant's Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment at 29-30, the FOIA is not to be used as a subterfuge for discovery by a criminal defendant. *See Kanter v. I.R.S., et al.*, 433 F. Supp. 812, 816, 819 n.13 ( N.D. Ill. 1977) ("FOIA cases treated as independent causes operating on a different plane from other litigation; parties in other litigation only entitled to that discovery provided by the rules applying to their suit" and noting that permitting the FOIA to be used as a criminal discovery device would open the floodgates to FOIA litigation and contribute to the "already burdensome backlog of FOIA cases" thereby "undermining the rights of those members of the public whom Congress primarily intended to benefit."); *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (FOIA "not intended to function as a private discovery tool. . . . Plaintiffs can access information through 'normal pre-trial discovery channels.'")).

## 1.     Exemption 3: Matters That Are Specifically Exempted From Disclosure By Statute

Defendant met its burden to show that it is entitled to withhold records under Exemption 3 by providing a detailed justification in the Amended 2005 *Vaughn* index (Dk# 31-2) and in the Richards declarations. Richards declar. at 18-21, ¶ 29; Sealed Richards declar. The Amended 2005 *Vaughn* index lists, and provides a detailed justification for, each document that was redacted or withheld under Exemption 3 for request ATFY 05-080.

## 2.     Federal Rule Of Criminal Procedure 6(e)

---

[4]Moreover, plaintiff's arguments concerning its specific needs for these documents are irrelevant because a requester's need for the requested documents is irrelevant to the analysis under FOIA. N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 144 (1975); Tax Analysts v. United States Dep't of Justice, 965 F.2d 1092, 1095 (D.C. Cir. 1992).

Defendant met its burden to show that it is entitled to withhold grand jury records under Exemption 3 by providing detailed justifications for the redacted or withheld records in the Amended 2005 *Vaughn* index and in the Richards declarations. Richards declar. at 18-20, ¶ 29. The Amended 2005 *Vaughn* index lists, along with the detailed justification, each specific document that was redacted or withheld under Federal Rule of Criminal Procedure 6(e) for request ATFY05-080.

### 3.     Exemption 7(D): Records Compiled For Law Enforcement Purposes That Could Reasonably Be Expected to Disclose The Identity Of A Confidential Source

Defendant met its burden to show that it is entitled to withhold records under Exemption 7(D) by providing detailed justifications in the Amended 2005 *Vaughn* index, and in the Richards and Hammond declarations. Richards declar. at 33-35, ¶ 40; Hammond declar. at 7-10, 14-16, ¶¶ 9-11, 18-19. The Amended 2005 *Vaughn* index lists, along with the detailed justifications, each specific document that was redacted or withheld under Exemption 7(D) for request ATFY05-080. A law enforcement agency, such as the Department of Justice, "need only establish a 'rational nexus' between enforcement of a federal law and the document for which [a law enforcement] exemption is claimed." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995); *Gordon v. FBI*, 388 F. Supp. 2d 1028, 1035 (N.D. Cal. 2005).

Ms. Richards describes the serious financial consequences that result for those convicted of Sherman Act violations. Richards declar. at 33-34, ¶ 40. Defendant has withheld under Exemption 7(D) the identities of persons who provided information to the Division about criminal activity under the express assurance of confidentiality or with the understanding of confidentiality and withheld the information they provided. Richards

declar. at 33-35, ¶ 40; Hammond declar. at 7-10, 14-16, ¶¶ 9-11, 18-19.  Informants are

concerned that, if their identities and the information they provide are discovered, they will

lose favor in the industry, become the subject of retaliation by customers and competitors,

and be subject to harassment, loss of employability, and social stigma.  *Id.*  These concerns

establish a "rational nexus" between the documents withheld and the enforcement of federal

law.  *Rosenfeld*, 57 F.3d at 808.

C.    **International Competition Network Documents about Stolt-Nielsen (ATFY05-088 and ATFY06-026)**

Stolt-Nielsen, in its Fourth and Tenth FOIA Requests, seeks communications between

Division officials and foreign governments that are members of the International Competition

Network (ICN) relating to Stolt-Nielsen matters.  Plaintiff's FOIA Requests ATFY05-088

and ATFY06-026 (Exhibits J and P to Memorandum Of Points And Authorities In Support

Of Defendant's Motion For Summary Judgment).  Plaintiff concedes that the Division

responded to its requests on September 13, 2005 and March 28, 2006, and produced certain

records, both in their entirety and in redacted form, and withheld other pages of records.

Pltf's Mem. at 20.  Plaintiff correctly notes that defendant justified its redactions and

withheld materials under Exemptions 3, 5, 6, 7(A), 7(C), 7(D).  Defendant also justified its

redactions and withheld materials under Exemption 2.  Plaintiff's sole argument in support of

its claim that it is entitled to all documents relating to communications between the Division

and the ICN regarding the investigation of Stolt-Nielsen is that it is "aware of no case that

extends a FOIA exemption to the ICN or to similar organizations."  Pltf's Mem. at 20.

Plaintiff's FOIA requests seek not only public speeches and presentations at ICN

conferences, but also all communications, including e-mails, facsimiles, and other

documents, between Division officials and individual antitrust authorities which happen to be

ICN members relating to any investigation of Stolt-Nielsen or the parcel tanker industry.

Stolt-Nielsen fails to mention that multiple foreign antitrust authorities who are ICN

members are also investigating Stolt-Nielsen and the parcel tanker industry.  *See* Hammond

declar. at 16, ¶ 19.  While the Division has released publicly disclosed information, such as at

least one ICN speech, planning e-mails among panelists at an ICN conference, and press

releases or links to press releases provided to foreign enforcers,[5] the Division has withheld

documents relating to private communications with specific foreign authorities regarding the

investigation of Stolt-Nielsen or the parcel tanker shipping industry due to the need to

maintain the confidentiality of those communications.  Disclosure of these communications

could interfere with the investigation of the parcel tanker industry, could invade individuals'

privacy rights, could reveal information protected by Rule 6(e) of the Federal Rules of

Criminal Procedure, could reveal confidential sources and the information they provided, and

would impede the effectiveness of law enforcement activities and the efficient operation of

government by having a chilling effect on the investigations at issue, the willingness of

foreign authorities to communicate with the Division regarding other specific investigations,

and the Division's international anti-cartel enforcement efforts.  Hammond declar. at 14-16,

¶¶ 18-19; Richards declar. at 17, 25-26, ¶¶ 28, 34.  The Amended 2005 *Vaughn* index, on

pages 60-65, 68-69, 73-75, 83-85, and 115-182, and the Amended 2006 *Vaughn* index (Dk#

31-3), on pages 48-125, list each specific document responsive to ATFY 05-088 and 06-026

that was redacted or withheld and describe in detail the justifications for the redacting or

withholding of the documents.

Mr. Hammond provided a declaration describing the Division's emphasis on the

---

[5]        ATR-84-91, 2384-90, 2392-96, and 2482-84.

investigation and prosecution of international cartels due to the increasing globalization of

the U.S. economy and the resulting increased threat of international cartels targeting U.S.

businesses and consumers.  Hammond declar. at 3-4, ¶ 3.  Mr. Hammond described the

"enormous obstacles" initially facing the Division in gathering evidence in international

cartel cases.  *Id.* at ¶ 4.  One of the key factors in the Division's increasing ability to gather

evidence and prosecute offenders in such investigations has been the development of strong

cooperative relationships with foreign authorities which has led many foreign authorities to

provide critical coordination and assistance to the Division.  *Id.* at ¶ 5.

Mr. Hammond's declaration explains in detail the importance of maintaining the

confidentiality of communications with foreign authorities regarding specific investigations:

> It is vital that the cooperative relations that the Division and foreign governments
> have worked diligently to develop and maintain continue in order for governments to
> be able to effectively investigate and prosecute international cartels.  The Division
> and foreign governments communicate with, and provide advice to, one another
> regarding investigative and prosecutorial issues in specific investigations with an
> understanding of confidentiality.  In these communications, the Division and foreign
> enforcers are pursuing the common goal of investigating, prosecuting, punishing, and
> deterring cartel activity.  Public disclosure of such communications could have an
> adverse effect on the specific investigation at issue, as well as on enforcement efforts
> in general and the willingness of foreign governments to engage in such
> communications in other investigations, whether current or future.  To effectively
> investigate and prosecute international cartels, governments need to be able to
> communicate freely on investigative and prosecutorial issues regarding the cartels,
> whether in writing or verbally without a concern that such communications could be
> publicly disclosed.  Due to time differences or the need for precision in
> communications, it is sometime necessary for governments to communicate regarding
> cartel investigations in writing, including by e-mail, but the public disclosure of such
> communications could make governments reluctant to continue to communicate in
> writing, to reduce verbal communications to writing, or to engage in communications
> with other enforcers who might be reducing the communications to writing.  Hence
> public disclosure could seriously hinder the effectiveness of these vital
> communications and the Divisions's enforcement efforts against international cartels.

Hammond declar. at 14-15, ¶ 18.

### D.    Antitrust Division Documents Related To
*The Curious Case of Stolt-Nielsen* (ATFY05-113)

Plaintiff requested records of all correspondence between Division officials and James Walden and Kristopher Dawes related to the investigation of the parcel tanker industry, particularly relating to an article by Walden and Dawes. James Walden and Kristopher Dawes are the authors of *The Curious Case of Stolt-Nielsen S.A. v. United States*, THE ANTITRUST SOURCE (May 2005). Plaintiff's FOIA Request ATFY05-113 (Exhibit K to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment). Plaintiff concedes that the Division responded to this request on September 13, 2005; January 31, 2006; and March 28, 2006. Pltf's Mem. at 20. Defendant released some documents in their entirety and 51 pages of documents in redacted form. *Id*. Plaintiff correctly notes that Defendant justified its redactions and withheld records under Exemptions 5 and 6. Plaintiff does not present any argument why, under the law, it is entitled to receive the withheld materials except to refer to defendant's burden of proof on this issue. Pltf's Mem. at 21.

Members of the antitrust defense bar have written about the district court's unprecedented and now vacated decision enjoining the Antitrust Division from seeking an indictment of Stolt-Nielsen, its parent, or Richard Wingfield in *Stolt-Nielsen S.A. v. United States*, 352 F. Supp. 2d 553 (E.D. Pa. 2005), *rev'd* 442 F.3d 177 (3rd Cir. 2006).[6] Walden

---

[6] Contrary to Stolt-Nielsen's claim on page 5 of its memorandum that the district court found that "Stolt-Nielsen did not make any misrepresentation to the Antitrust Division," the district court did not make any finding as to whether Stolt-Nielsen took prompt and effective action to terminate its part in the parcel tanker cartel upon discovery of the activity, which is a representation that SNTG made in its conditional leniency agreement. The Third Circuit, in reversing the district court, concluded that, upon any motion to dismiss an indictment of Stolt-Nielsen, the district court hearing such motion must determine whether Stolt-Nielsen complied with its obligation of prompt and effective termination. 442 F.3d at 187 n.7.

contacted the Division regarding the article and requested that the Division review the draft article and alert him to any errors. The Division reviewed the Walden/Dawes article for factual errors and referred the authors to the public record to correct factual errors. *See* Exhibit F to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment at ATR-015 (January 25, 2005 e-mail from Scott Hammond to James Walden: "I just sent you a fax with transcripts and exhibits from the public record . . . .").

Defendant has met its burden of proof to show that it is entitled to withhold records or portions of records under Exemptions 5 and 6. The draft and final articles, *Curious Case of Stolt-Nielsen S.A. v. United States,* which had been sent to the Antitrust Division (ATR) by its author, James Walden, were released in their entirety, as were all communications with Walden,[7] with the exception of the redaction of Walden's cell telephone and facsimile numbers under Exemption 6. Internal communications among Division staff were redacted pursuant to the deliberative process privilege because they reflect the impressions and thoughts of staff. Each document obtained during defendant's search was carefully reviewed to determine its responsiveness to plaintiff's FOIA requests. While processing those records, defendant carefully reviewed each document to ensure that all non-exempt information was disclosed unless redacting exempt information made non-exempt material unintelligible. The Richards declaration and Amended 2005 *Vaughn* index describe in detail the justifications for the redacting or withholding of material pursuant to Exemptions 5 and 6. The Amended 2005 *Vaughn* index, on pages 2 through 8, lists, along with the detailed justifications, the specific documents that were redacted or withheld pursuant to Exemptions 5 and 6 for

---

[7]    *See* ATR 001-014, 015-017, 018, 019-20, 021-35, 036-37, 038, 039-041, 042-047, 048-49, 050, 051, 052-54, 055-58, 059-60, 061-63, 064-65, 139-151, 152-170, 171-189, 190-208, Amended 2005 *Vaughn* index.

request ATFY05-113.

###### E.    Communications To Or From The Press, Bar Associations, Or Other Individuals Regarding Stolt-Nielsen Or The Investigation into the Parcel Tanker Industry (ATFY05-131)

Plaintiff requested any documents reflecting, memorializing, and containing communications to or from the press, bar associations, or other individuals uninvolved in the litigation with SNTG or the investigation into the parcel tanker industry.  Plaintiff's FOIA Request ATFY05-131 (Exhibit L to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment).  Plaintiff concedes that defendant responded to this request on September 29, 2005 and March 28, 2006, released certain records in their entirety and some in redacted form, and withheld 139 pages of records.  Plaintiff correctly notes that Defendant justified its withholding of records and portions of records under Exemptions 3, 5, 6, 7(A), 7(C), and 7(D).  Pltf's Mem. at 21.  Defendant also justified its withholding of records and portions of records under Exemption 2.  Plaintiff does not present any argument why, under the law, it is entitled to receive the withheld materials except to refer to defendant's burden of proof on this issue.  Pltf's Mem. at 22.

Defendant met its burden of proof to show that it was justified in redacting and withholding certain records from the Plaintiff.  Private individuals' land line, cell and fax numbers were redacted because release could constitute an unwarranted invasion of personal privacy.  The name of a third party was redacted to protect his privacy.  Internal communications between Division staff were redacted because such communications reflect attorney work-product; staff's selection of important facts, thoughts, and opinions; deliberative process communications; a superior's opinion to staff; and staff advice regarding a policy matter.  Defendant refers the Court to the following pages in the Amended 2005

*Vaughn* index for a complete justification of the redactions or withholdings made in response

to Plaintiff's FOIA request ATFY05-131.  *See* Amended 2005 *Vaughn* index pages 2-8, 11,

23-64, 66-68, 107-113, 122, and 138-142.

## II.   Adequacy Of Search In Response To Stolt-Nielsen's FOIA Requests

In its Opposition, plaintiff does not contest any aspect of defendant's search for

documents.  Plaintiff states that defendant bears the burden of proof to show the adequacy of

the search.  Defendant met its burden to show that its search for documents was reasonable,

and therefore, adequate.  Defendant contends that the affidavit of Ann Lea Richards

adequately describes the agency's search for records in sufficient detail to meet defendant's

burden of proof on this issue.

The law simply requires that an agency's search for records be "reasonable."  *Oglesby

v. United States Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v.

United States Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The

fundamental question "is not whether there might exist any other documents possibly

responsive to the request, but rather whether the *search* for those documents was *adequate*."

*Weisberg v. United States Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)

(emphasis in original) (citations omitted).  The search for records only need be reasonable. It

does not have to be exhaustive. *Miller v. U.S. Department of State*, 779 F.2d 1378, 1383 (8th

Cir. 1986).  The courts are guided by the principle of reasonableness.  *See Maydak v. Dep't of

Justice*, 254 F. Supp. 2d 23, 38 (D.D.C. 2003).

Ann Lea Richards, Chief of the FOIA Unit of the Division, provided a sworn

statement detailing the Division's search for records.  In her declaration on pages 12-13, Ms.

Richards describes the search for documents beginning with the delegation to Wayne Foster,

a paralegal specialist who conducted a search of the Division's computerized records index. The index revealed an open investigation and litigation relating to the plaintiff that was assigned to the Philadelphia Field Office. Mr. Foster contacted that office asking its chief, Robert Connolly, to search for the records responsive to plaintiff's first two FOIA requests. Mr. Foster also contacted the office of Mr. Hammond, Deputy Assistant Attorney General, to retrieve any responsive material. The Philadelphia Field Office searched for documents and located a small number of responsive documents. Each time the defendant received another request from plaintiff, Mr. Foster contacted Mr. Connolly's and Mr. Hammond's offices to have their offices search for documents. The Philadelphia Field Office conducted ten separate searches. Mr. Hammond's office conducted a similar number of searches. Ultimately, requests for responsive documents were made to the Division's Assistant Attorney General's office, the Deputy Assistant Attorney General's office, the Division's Appellate and Foreign Commerce Sections, and all Division criminal sections, and searches of these offices were conducted. Thus, the record fully supports that defendant's search for responsive documents was reasonable.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant defendant's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 and deny plaintiff's Motion for Summary Judgment.

Respectfully submitted,


__/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant U.S. Attorney


__/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332