UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., )<br>)<br>Plaintiff, )<br>)<br>v. ) Civil Action No. 05-2217 (RJL)<br>)<br>United States of America, )<br>)<br>Defendant. )<br>_____)<br>)<br>Stolt-Nielsen Transportation Group Ltd., )<br>)<br>Plaintiff, )<br>)<br>v. ) Civil Action No. 06-0474 (RJL)<br>)<br>United States Department of Justice, )<br>)<br>Defendant. )<br>_____) | |

**STATEMENT OF GENUINE DISPUTED ISSUES
IN RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Defendant submits this statement of genuine disputed issues, pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1, in opposition to plaintiff's motion for summary judgment. Defendant contends that plaintiff's statement of material facts ¶¶ 1-24 are not material and so do not require a response because whether these statements are true or false does not affect the disposition of the motion. Defendant responds as follows to the factual assertions by plaintiff:

1. Stolt-Nielsen wrongly claims that the Division has instigated a "public relations campaign" against it, that the Division in its treatment of Stolt-Nielsen's application for corporate leniency deviated from the publically-announced terms of the Division's Corporate

Leniency Policy,[1] and therefore that all of the Division's correspondence and documents leading to public statements about Stolt-Nielsen are subject to the FOIA and must be disclosed. Pltf's Mem. at 1-2. Plaintiff's statement is factually inaccurate. *See* Def's. Mem. at 3-4. Also, defendant disputes plaintiff's erroneous legal conclusion that disclosure of information to the public waives FOIA exemptions with regard to confidential information not disclosed to the public but related to the same general subject matter as the information that was disclosed to the public.

.      2.   The Division only publicly discussed information that was public and declined to discuss nonpublic information. For example, the Division reviewed articles by private attorneys

---

[1]   The Division's Corporate Leniency Policy is attached as Exhibit 1 to plaintiff's August 18, 2006 Motion for Summary Judgment. Stolt-Nielsen cites speeches where Division officials say that leniency means a "complete pass" from prosecution or "not charging" a corporation. Pltf's Mem. at 1-2. However, it is important to note that Stolt-Nielsen did not receive leniency. Stolt-Nielsen received a conditional leniency agreement. The Division grants a corporation leniency only after all the conditions in a conditional leniency agreement are met. *See* Amnesty Agreement between the Antitrust Division and Stolt-Nielsen and its affiliates (Jan. 15, 2003) (hereinafter "SNTG Amnesty Agreement") (Exhibit C to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment) ("This agreement is conditional and depends upon SNTG satisfying the conditions set forth below. After all these conditions are met, the Division will notify SNTG in writing that the application has been granted. . . . If the Antitrust Division at any time determines that SNTG has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of SNTG into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of SNTG into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against SNTG, without limitation." SNTG Amnesty Agreement intro para., ¶ 3); *see also* Hammond decl. ¶ 12 (Exhibit B to Memorandum Of Points And Authorities In Support Of Defendant's Motion For Summary Judgment). The SNTG Amnesty Agreement defined SNTG as Stolt-Nielsen Transportation Group Ltd. (Bermuda), its parent (including its ultimate parent), affiliates, and subsidiaries, but not including joint venture partners. Defendant uses SNTG in this Opposition to refer to the same entities.

James Walden and Donald Baker[2] for factual errors and referred the authors to the public record to correct factual errors. *See* Exhibit 2 to Answer to 2006 complaint (January 25, 2005 e-mail from Scott Hammond to James Walden: "I just sent you a fax with transcripts and exhibits from the public record . . . .").

    3.  As noted in the Division's Corporate Leniency Policy, Exhibit 1 to Plaintiff's August 18, 2006 Motion for Summary Judgment, under Part A "Leniency will be granted to a corporation reporting illegal activity before an investigation has begun, <u>if the following six conditions are met.</u>" (emphasis added)  The first condition is that "[a]t the time the corporation comes forward to report the illegal activity, the Division has not received information about the illegal activity being reported from any other source."  The second condition, is that "[t]he corporation, upon its discovery of the illegal activity being reported, took prompt and effective action to terminate its part in the activity."  This condition is also a requirement of leniency under Part B of the Division's Corporate Leniency Policy and a condition that is at issue in the Stolt-Nielsen leniency litigation.  The third condition is that "[t]he corporation reports the wrongdoing with candor and completeness and provides full, continuing and complete cooperation to the Division throughout the investigation," which is similar to condition 4 of Part B Leniency.  Stolt-Nielsen's full and complete cooperation is also at issue in its leniency litigation.

    4.  Plaintiff seeks a host of exempted documents in its very broad FOIA request AT05-080. It seeks "any and all documents relating to the opening of the . . . investigation . . . , including but not limited to . . . [a]ny documents memorializing actions taken by the Antitrust

---

[2] Jim Walden & Kristopher Dawes, *The Curious Case of Stolt-Nielsen S.A. v. United States*, THE ANTITRUST SOURCE (May 2005); Donald L. Baker, *True Confessions*, LEGAL TIMES (Sept. 26, 2005).

Division in opening such investigation." Hence this request asks not only for the request to open the investigation, which is exempt under Exemptions (7)(A), (b)(5) work product and deliberative process, (7)(C), (7)(D), and (b)(3), but also asks for any document that mentions the opening of the investigation in passing, including highly sensitive documents such as the grand jury recommendation memorandum, indictment recommendation memoranda, other criminal case recommendation memoranda, other internal memoranda regarding proposed actions or strategies considered or recommended in course of grand jury investigation, internal notes and e-mails reflecting staff's mental impressions and thought processes, draft pleadings, and pleadings filed under seal, which are exempt under Rule 6(e) of the Federal Rules of Criminal Procedure, (b)(5) work product and deliberative process, (7)(A), (7)(C), and (7)(D). Releasing this information would give Stolt-Nielsen unprecedented criminal discovery not allowed under the Federal Rules of Criminal Procedure even to indicted defendants.

      Defendant does not dispute the remainder of Plaintiff's statement of undisputed facts, ¶¶ 25-34. Even if these statements are true, it is Defendant, and not the Plaintiff, that is entitled to summary judgment. *Also see Minier v. CIA*, 88 F.3d 796, 799 (9th Cir. 1996) (Facts are rarely in dispute in FOIA cases.)

Respectfully submitted,


\_\_\_/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 171538
Assistant U.S. Attorney

\_\_\_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332