**Exhibit 5**

### Table of FOIA Productions (ATFY-05-071; ATFY-05-072; ATFY-05-080; ATFY-05-088; ATFY-05-113; ATFY-05-131; ATFY-06-003; ATFY-06-002; ATFY-06-019; ATFY-06-026; ATFY-06-038; ATFY-06-040)

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| 1 (ATFY-05-071) | …any and all memoranda or notes related to a December 4, 2002 meeting between Antitrust Division officials and John Nannes relating to SNTG's application to, and participation in, the Antitrust Division's Amnesty Program. | | 5, 6, 7(A) | Request Withdrawn |
| 2 [1] (ATFY-05-072) | Copies of, and notes related to, the following speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement: 1. Las Vegas, Nevada during the 19th Annual National Institute on White Collar | ATR 343-346 **(Control Number 42)** | 5, 7(A), 7(C) | • Claims Attorney Work Product Doctrine ("AWP"), yet acknowledges in its *Vaughn* Index entry that the withheld information is ***suggestions for a speech***. • Provides no facts showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services Inc. v. SEC*, 926 F.2d 1197, 1203 (D.C. Cir. 1991). |

[1] The Antitrust Division provides "categorical description[s] of redacted material coupled with categorical indication[s] of anticipated consequences of disclosure" for every one of these documents. *King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987). This is inadequate. *Id.*

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | Crime 2005, on Mar. 3-4; <br><br> 2. Spring 2005 American Bar Association Antitrust Section Meeting, on March 30-April 1, 2005; <br><br> 3. Langdon Hall 2005 Competition Law and Policy Invitational Forum in Canada on May 6, 2005; | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1999). <br><br> • No showing that the release of information would be a clearly unwarranted invasion of personal privacy.  *See Campbell*, 164 F.3d at 32-34. <br><br> Even if applicable, 7(A) and 7(C) material can be redacted. |
| | 4. Any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG; and <br><br> 5. Release any drafts of the Curious Case of *Stolt-Nielsen S.A. v. United States* and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division official. | ATR 347 <br><br> **(Control Number 43)** | 5, 7(A) | • Claims deliberative process privilege ("DPP"), but not "pre-decisional" as this information pertains to "a speech" and is not "antecedent to the adoption of agency policy." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978).  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy.  *See Larson v. Dep't of State*, 2005 WL 3276303, at *23-24 (D.D.C. Aug. 10, 2005).  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. <br><br> • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. <br><br> Even if applicable, 7(A) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 348-57<br><br>**(Control Number 44)** | 5, 7(A), 7(C) | • Claims DPP, but not "pre-decisional" as this information pertains to a "possible future speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy.  *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id.* at *24.  Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter."  *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992).[2]<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy.  *See id.* at 32-34.<br><br>Even if applicable, 7(A) and 7(C) material can be redacted. |
| | | ATR 358-365 | 5, 7(A), 7(C) | • Claims DPP, but not "pre-decisional" as the Division points to no decision or policy subsequently made.  *See Jordan*, 591 |

[2] *See also Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 257 (D.C. Cir. 1982) (noting that the designation of documents as "drafts" does not end the Exemption 5 inquiry, suggesting that "*Coastal States* forecloses the . . . argument that any document identified as a draft is per se exempt.").

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | **(Control Number 45)** | | F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id.* at *24. Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435. <br><br> • Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. <br><br> • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. <br><br> • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34. <br><br> Even if applicable, 7(A) and 7(C) material can be redacted. |
| | | ATR 366-374 <br><br> **(Control Number 46)** | 5, 7(A), 7(C) | • Claims DPP, but not "pre-decisional" as this information pertains to a "possible future speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at \*24. Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435. |
| | | | | • Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. |
| | | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. |
| | | | | • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34. |
| | | | | Even if applicable, 7(A) and 7(C) material can be redacted. |
| | | ATR 375-377 **(Control Number 47)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at \*23-24. |
| | | | | • Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | *Safecard Services*, 926 F.2d at 1203.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 378<br><br>**(Control Number 48)** | 5, 7(A) | • Claims DPP, but *Vaughn* Index entry admits that it is "unclear if this were given to Mr. Hammond." Therefore, it is "unclear" that this pertains to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id.* at *24. Labels this as "Draft notes," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435.<br><br>• Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. Importantly,<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | |
| 3 (ATFY-05-080)[3] | Documents relating to the opening of the investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following:<br><br>1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; | ATR 647-650<br><br>**(Control Number 141)** | 2, 3, 5, 7(A), Rule 6(e) | Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (holding that non-exempt factual information must be disclosed if it is reasonably segregable from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists). |
| | 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and | ATR 651<br><br>**(Control Number 142)** | 5, 7(A) | • Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. |

---

[3] *See supra* Note 1.

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | Even if applicable, 7(A) material can be redacted. |
| | 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | ATR 663-667 **(Control Number 145)** | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See Mink*, 410 U.S. at 87-88. |
| | | ATR 669-71 **(Control Number 147)** | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See Mink*, 410 U.S. at 87-88. |
| | | ATR 737-749 **(Control Number 153)** | 5, 7(A) | • Claims DPP, but there is no showing that this is "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435.<br><br>• Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | *Safecard Services*, 926 F.2d at 1203.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 864-867<br><br>**(Control Number 158)** | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See Mink*, 410 U.S. at 87-88. |
| | | ATR 868-870<br><br>**(Control Number 159)** | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See Mink*, 410 U.S. at 87-88. |
| | | ATR 876-78<br><br>**(Control Number 162)** | 5, 7(A), 7(C), 7(D) | • Claims AWP, but, according to the *Vaughn* Index entry, this document is undated, with an "Un-known" author and whose recipients are "Not-Specified." With these "facts," the Division cannot establish that this document was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993).<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 584 (D.C. Cir. 2000). Because "bald assertions" are all that the Division supplies, this is inadequate.<br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those "boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists." *See Raulerson v. Ashcroft*, 271 F. Supp. 2d 17, 27 (D.D.C. 2002) (citing *Landano*, 508 U.S. at 179).<br><br>Even if applicable, 7(A), 7(C) and 7(D) material can be |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | redacted. |
| | | ATR 912-915 **(Control Number 164)** | 5, 7(A) | • Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. Even if applicable, 7(A) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 916 **(Control Number 165)** | 5, 7(A) | • Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming.  This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5."  *Larson*, 2005 WL 3276303, at *25. <br><br> • No showing **whatsoever** that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. <br><br> Even if applicable, 7(A) material can be redacted. |
| | | ATR 1166-1169 **(Control Number 191)** | 5, 7(A) | • Claims DPP, but because this document is undated and the author and recipient are "Not Specified" it is impossible to determine whether this document is "pre-decisional."  *See Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id*. at *24.  Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter."  *Petroleum Info. Corp.*, 976 F.2d at 1435. <br><br> • Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party."  *Safecard Services*, 926 F.2d at 1203. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 1170<br><br>**(Control Number 192)** | 5, 7(A) | • Claims AWP, but makes no showing why protected information cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation.  *See Mink*, 410 U.S. at 87-88.<br><br>• AWP does not protect the "neutral, objective analyses of agency regulations."  *See Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C. Cir. 1987).<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| 4 (ATFY-05-088) | Any and all materials relating to presentations or communications by, or involving, the DOJ to the International Competition | | 5, 6, 7(A) | Request Withdrawn |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | Network (ICN) regarding any investigation of SNTG or the parcel tanker industry, or to the revocation of amnesty related to SNTG. | | | |
| 5 (ATFY-05-113)[4] | Any and all correspondence between Antitrust Division officials and Jim Walden and/or Kristopher Dawes of O'Melveny & Myers LLP related to the antitrust investigation into the parcel tanker industry, particularly relating to the article by Mr. Walden and Mr. Dawes. | ATR 1-14  **(Control Number 1)** | 5 | Redacted pursuant to DPP, but "Justification" is "they reflect the impressions and thoughts of staff."  This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 19-20  **(Control Number 4)** | 5 | Redacted pursuant to DPP, but "Justification" is "they reflect the impressions and thought processes of staff."  This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 21-35  **(Control Number 5)** | 5 | Redacted pursuant to DPP, but "Justification" is cut-and-pasted from entry for ATR 1-14.  The Division makes no attempt to show that this is "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. |

---

[4] *See supra* Note 1.

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 36-38 **(Control Number 6)** | 5 | Redacted pursuant to DPP, but "Justification" is "they reflect the impressions and thought process of staff." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 48-49 **(Control Number 9)** | 5 | Redacted pursuant to DPP, but "Justification" is "they reflect staff's mental impressions and recommendation." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 52-54 **(Control Number 11)** | 5, 6 | Redacted pursuant to DPP, but "Justification" is "they reflect staff's thought processes." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 55-58 **(Control Number 12)** | 5, 6 | Redacted pursuant to DPP, but "Justification" is "redactions were made to protect the thought processes of staff." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 59-60<br><br>**(Control Number 13)** | 5 | Redacted pursuant to DPP, but "Justification" is "they reflect staff's thought processes and mental impressions." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| 6 (ATFY-05-131)[5] | Any and all documents that reflect, memorialize, embody or contain communications to or from:<br><br>1. the press, including trade press;<br><br>2. bar associations; or<br><br>3. any other external communications with individuals uninvolved in the litigation with SNTG or the investigation into the parcel tanker industry.<br><br>In particular, SNTG requests: | ATR 441-442<br><br>**(Control Number 55)** | 5, 6 | Redacted pursuant to DPP, but "Justification" is "they reflect staff's thoughts and opinions." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 443<br><br>**(Control Number 56)** | 5, 6 | Redacted pursuant to DPP, but "Justification" is "reflects staff's thought processes." This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 461<br><br>**(Control** | 5 | Redacted pursuant to DPP, but "Justification" is "reflects staff inquiry to superior." There is no attempt to show that this is "pre-decisional" or "antecedent to the adoption of agency policy." |

---

[5] *See supra* Note 1.

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | 1. communications to or from James Bandler of the WSJ;<br><br>2. communications to or from reporters at the Tradewinds publication; and<br><br>3. internal Department circulation of press stories regarding SNTG or the investigation into the parcel tanker industry. | **Number 60)** | | *Jordan*, 591 F.2d at 774.  It also fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 464<br><br>**(Control Number 62)** | 5 | Redacted pursuant to DPP, but "Justification" is "Superior's opinion to staff. . . ."  There is no attempt to show that this is "pre-decisional" or "antecedent to the adoption of agency policy."  *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Larson*, 2005 WL 3276303, at *24. |
| | | ATR 465-468<br><br>**(Control Number 63)** | 5 | Redacted pursuant to AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party."  *Safecard Services*, 926 F.2d at 1203. |
| | | ATR 469-471<br><br>**(Control Number 64)** | 5, 7(C) | Redacted pursuant to Exemption 5 according to "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming.  This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5."  *Larson*, 2005 WL 3276303, at *25. |
| | | ATR 472<br><br>**(Control Number** | 5 | Redacted pursuant to Exemption 5 according to "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming.  This entry, coupled with Ms. Richards' declaration "is so vague, so |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | **65)** | | lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. |
| | | ATR 482-484 **(Control Number 71)** | 5 | • Redacted pursuant to Exemption 5 according to "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. <br><br>• "Justification" states that "disclosure . . . could reveal direction of the investigation," yet the Division makes no claim that this is covered by any other exemption other than Exemption 5. Information that may "reveal the direction of an investigation" is not covered by any exemption under FOIA. It is impossible for Stolt-Nielsen to mount a challenge to the withholding of this material when the claimed exemption is so vague. *Id.* |
| | | ATR 1350-1351 **(Control Number 208)** | 5 | Redacted pursuant to DPP, but "Justification" is "Staff mental impressions. . . ." There is no attempt to show that this is "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| 7 (ATFY06-0003)[6] | Communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the parcel tanker industry investigation. | ATR 2184<br><br>**(Control Number 328)** | 5, 7(A), 7(C), 7(D) | • Claims DPP, but not "pre-decisional" as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, |

---

[6] *See supra* Note 1.

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | this is inadequate. |
| | | | | • For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). |
| | | | | Even if exemptions applicable, 7(A), 7(C) and 7(D) material can be redacted. |
| | | ATR 2185 **(Control Number 329)** | 5, 7(A), 7(C), 7(D) | • Claims DPP, but "Justification" is "reflects the opinion ant thoughts of the superior. . . ." There is no attempt to show that this is "pre-decisional," and the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id.* at *24. |
| | | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. |
| | | | | • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | • No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172. <br><br> • A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate. <br><br> • For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). <br><br> Even if exemptions applicable, 7(A), 7(C) and 7(D) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 2252 **(Control Number 359)** | 7(A), 7(C), 7(D) | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate.<br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179).<br><br>Even if exemptions applicable, 7(A), 7(C) and 7(D) material can be redacted. |

22

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| 8 (ATFY06-0002) | All amnesty agreements entered into by the Antitrust Division from 8/93 to the present. | | | See Memorandum of Law |
| 9 (ATFY06-019)[7,8] | All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including:<br><br>1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, | ATR 2344<br><br>**(Control Number 370)** | 5 | Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. |
| | | ATR 2345<br><br>**(Control Number 371)** | 5, 7(A) | • Claims DPP, but not "pre-decisional," and the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. |

---

[7] *See supra* Note 1.

[8] Every document listed in the *Vaughn* Indexes as responsive to this request were also listed as responsive to Request 11 (ATFY 06-038). Therefore, all objections to these documents being withheld are listed under this request.

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | Belgium on 10/26/05; and | | | Even if applicable, 7(A) material can be redacted. |
| | 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | ATR 2346 **(Control Number 372)** | 5, 7(A) | • Claims DPP, but not "pre-decisional," and the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 2352 **(Control Number 374)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to the "content of future presentations" and is not "antecedent to the adoption of agency policy." *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | proceeding. *See Campbell*, 164 F.3d at 30. |
| | | | | Even if applicable, 7(A) material can be redacted. |
| | | ATR 2353 **(Control Number 375)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to the "possible content of future presentation(s)" and is not "antecedent to the adoption of agency policy."  *See Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy.  *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id*. at *24. |
| | | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. |
| | | | | Even if applicable, 7(A) material can be redacted. |
| | | ATR 2354-2355 **(Control Number 376)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "an upcoming speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy.  *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id*. at *24. |
| | | | | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | proceeding. *See Campbell*, 164 F.3d at 30. |
| | | | | Even if applicable, 7(A) material can be redacted. |
| | | ATR 2356 **(Control Number 377)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "an upcoming speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.

• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.

Even if applicable, 7(A) material can be redacted. |
| | | ATR 2357-2359 **(Control Number 378)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "a presentation/speech being drafted for a superior's use at an upcoming ABA meeting" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. Labels this as a "draft information," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 2360<br><br>**(Control Number 379)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "information compiled by staff for superior's possible use at an ABA annual meeting" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id.* at *24. Labels this as a "draft information," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 2361 **(Control Number 380)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "remarks being prepared for inclusion in presentation/speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 2362 **(Control Number 381)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "upcoming speech/presentation" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | Even if applicable, 7(A) material can be redacted. |
| | | ATR 2363 **(Control Number 382)** | 5 | Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. |
| | | ATR 2364-2365 **(Control Number 383)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation/speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24. <br><br> • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. <br><br> Even if applicable, 7(A) material can be redacted. |
| | | ATR 2366-2367 **(Control** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation/speech" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | **Number 384)** | | pertains only to the formulation or exercise of policy.  *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id*. at *24. <br><br> • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. <br><br> Even if applicable, 7(A) material can be redacted. |
| | | ATR 2368 <br><br> **(Control Number 385)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation/speech" and is not "antecedent to the adoption of agency policy."  *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy.  *See Larson*, 2005 WL 3276303, at *23-24.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed.  *Id*. at *24. <br><br> • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding.  *See Campbell*, 164 F.3d at 30. <br><br> Even if applicable, 7(A) material can be redacted. |
| | | ATR 2369-2370 <br><br> **(Control** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming presentation/speech" and is not "antecedent to the adoption of agency policy."  *Jordan*, 591 F.2d at 774.  DPP is inapplicable to purely factual matters, and |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | **Number 386)** | | pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| | | ATR 2375<br><br>**(Control Number 389)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "a proposed answer to a possible question at a presentation" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 2376 **(Control Number 390)** | 5, 7(A) | • Claims DPP, but not "pre-decisional" as this information pertains to "a proposed answer to a possible question at a presentation" and is not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id.* at *24.<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>Even if applicable, 7(A) material can be redacted. |
| 10 (ATFY06-026) | All materials relating to communications, presentations, or speeches by any Antitrust Division official discussing SNTG to any participant in the ICN. | | | Request Withdrawn. |
| 11 (ATFY06-038) | All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including | | | See Request 9 (ATFY06-019) and accompanying footnote. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters. | | | |
| 12 (ATFY06-040) | Communications to/from: 1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and 2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or (iii) Gary W. Dunn regarding the parcel tanker industry investigation. | ATR 4062-4064 **(Control Number 477)** | 7(C), 7(D) | • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See Campbell*, 164 F.3d at 32-34. • No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172. • A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate. • For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). Even if applicable, 7(C) and 7(D) materials can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 4073-4076 **(Control Number 483)** | 7(C) | • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See Campbell*, 164 F.3d at 32-34.<br><br>Even if applicable, 7(C) material can be redacted. |
| | | ATR 4077-4132 **(Control Number 484)** | 7(A), 7(C), 7(D) | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate.<br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See* |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | *Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). <br><br> Even if applicable, 7(A), 7(C) and 7(D) materials can be redacted. |
| | | ATR 4133-4134 <br><br> **(Control Number 485)** | 7(A), 7(C), 7(D) | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. <br><br> • No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34. <br><br> • No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172. <br><br> • A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate. <br><br> • For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | | | Even if applicable, 7(A), 7(C) and 7(D) materials can be redacted. |
| | | ATR 4135-4136 **(Control Number 486)** | 7(A), 7(C), 7(D) | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. <br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34. <br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. at 172. <br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate. <br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179). <br><br>Even if applicable, 7(A), 7(C) and 7(D) materials can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 4187<br><br>**(Control Number 509)** | 5, 7(A), 7(C), 7(D) | • Claims DPP, but not "pre-decisional," and the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Id*. at *24<br><br>• No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate.<br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
|  |  |  |  | confidentiality.  Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists.  *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179).<br><br>Even if applicable, 7(A), 7(C) and 7(D) materials can be redacted. |

| FOIA Requests | What Stolt-Nielsen Requested | Documents Withheld/ Redacted | Antitrust Division's Claimed Exemptions | Stolt-Nielsen's Argument |
|---|---|---|---|---|
| | | ATR 4190 **(Control Number 512)** | 7(A), 7(C), 7(D) | • No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br>• No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br>• No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br><br>• A "bald assertion that express assurances were given amounts to little more that recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate.<br><br>• For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179).<br><br>Even if applicable, 7(A), 7(C) and 7(D) materials can be redacted. |