# Exhibit 6

Case 1:05-cv-02217-RJL     Document 37-7     Filed 09/27/2006     Page 1 of 10

Westlaw.

2005 WL 3746773                                                              Page 1
2005 WL 3746773 (N.D.Ill.)

For opinion see 2006 WL 2501473, 432 F.Supp.2d 794, 235 F.R.D. 646, 235 F.R.D. 407, 231 F.R.D. 351, 230 F.R.D. 527, 231 F.R.D. 331, 231 F.R.D. 320, 2005-2 Trade Cases P 74938

**Motions, Pleadings and Filings**

United States District Court, N.D. Illinois,
Eastern Division.
In re SULFURIC ACID ANTITRUST LITIGATION.
This Document Relates To: All Related Actions.
MDL-1536.
No. 03 C 4576.
June 30, 2005.

Marsulex, Inc. and Chemtrade Logistics (U.S.), Inc.'s Memorandum of Law in Support of Their Agreed Motion for a Finding of "Satisfactory Cooperation" and Limitation of Damages Pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004

Winston & Strawn LLP, R. Mark McCareins, Todd J. Ehlman, Andrew D. Shapiro, William C. O'Neil, 35 West Wacker Drive, Chicago, Illinois 60601, Telephone: (312) 558-5600, Facsimile: (312) 558-5700, Attorneys for Marsulex, Inc. and ChemTrade Logistics (U.S.), Inc.

Honorable Judge David H. Coar.

Magistrate Judge Cole.

Defendants Marsulex, Inc. ("Marsulex") and ChemTrade Logistics (U.S.), Inc. ("Chem Trade"), recipients of criminal amnesty from the Department of Justice for their role in cooperating with the Antitrust Division's investigation into an alleged price-fixing conspiracy in the sulfuric acid industry, hereby move for a finding of "satisfactory cooperation" and for a limitation of damages based upon their cooperation with Plaintiffs in this civil litigation, pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

FACTUAL BACKGROUND

On May 1, 1998 Marsulex acquired certain assets of IT Holdings, Inc. ("IT Holdings"), including IT Holdings' Copperhill, Tennessee sulfuric acid smelting facility. During the period of due diligence of this transaction, Marsulex was precluded from inspecting or reviewing certain sales and marketing documents of IT Holdings. Shortly after the May 1st closing, Marsulex discovered certain information in the possession of IT Holdings that raised potential antitrust concerns. Marsulex immediately approached the Department of Justice about participating in Part A of the Antitrust Division's Corporate Leniency Program. (See Exhibit A, Corporate Leniency Program.) After several months of discussions and meetings, on October 15, 1998, the Antitrust Division and Marsulex entered into a Leniency Agreement whereby Marsulex agreed to provide the Antitrust Division certain cooperation, including a recitation of relevant facts and a production of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3746773                                                          Page 2
2005 WL 3746773 (N.D.Ill.)

documents and witnesses, in exchange for the Antitrust Division's agreement "not to bring any criminal prosecution against Marsulex or any of its subsidiaries for any act or offense it may have committed prior to the date of [the Agreement] in connection with the anticompetitive behavior being reported in the sulphuric acid industry in the United States and Canada." (See Exhibit B, October 15, 1998 Leniency Agreement.)

Several years later, on July 18, 2001, for unrelated business reasons, Marsulex decided to sell its United States sulfuric acid business to ChemTrade Logistics Income Fund, the parent company of ChemTrade. The Department of Justice agreed to amend the Leniency Agreement to include this newly formed entity, ChemTrade. (See Exhibit C.)

In early 2003, several groups of plaintiffs throughout the country brought lawsuits against defendants Norfalco LLC, Noranda, Inc., Falconbridge Ltd., and E.I. du Pont de Nemours & Co., alleging violations of Section 1 of the Sherman Act. On July 1, 2003, the Judicial Panel on Multidistrict Litigation consolidated those actions and transferred them to this Court for pre-trial discovery. In May 2004, Plaintiffs amended their Complaint to name, inter alia, Marsulex and ChemTrade as defendants in this action.

Shortly after naming Marsulex and ChemTrade as defendants, Plaintiffs approached counsel for Marsulex and ChemTrade to inquire about whether they would agree to cooperate with Plaintiffs pursuant to the just-enacted Antitrust Criminal Penalty Enhancement & Reform Act of 2004, whereby "a defendant in a civil antitrust case which had entered into a Leniency Agreement with the Department of Justice may obtain a single damages limit on the amount of damages for which that defendant may be responsible." (See Exhibit D, 6/25/04 Letter from S. Asher to R.M. McCareins; Exhibit E, H.R. 1086, Antitrust Criminal Penalty Enhancement & Reform Act of 2004). Marsulex and ChemTrade subsequently entered into a cooperation agreement with Plaintiffs pursuant to the terms of the Act. By this agreed motion, Marsulex and ChemTrade seek to gain the single-damages protection afforded by the Act. [FN1]

   FN1. Marsulex's and ChemTrade's cooperation with Class Plaintiffs and their motion for limitation of damages appears to be a matter of first impression in this Court and perhaps in the federal court system. An electronic search of Westlaw(c) and Lexis(c) legal research and news databases revealed no other cases decided under, or citing to, the Act.

                                 ARGUMENT

I. Text and History of the Antirust Criminal Penalty Enhancement & Reform Act of 2004

The Antitrust Criminal Penalty Enhancement & Reform Act of 2004 ("the Act"), signed into law by the President on June 22, 2004, was enacted by Congress to provide an "additional incentive for corporations to disclose antitrust violations by limiting their liability in related civil claims to actual damages." (See Exhibit F, Legislative History, H.R. 1086, 108th Cong., 150 CONG. REC. H3654-01, at H3657.) As one Senator noted, without the Act, "the threat of exposure to a possible treble damage lawsuit" provided "a major disincentive" to corporations considering approaching the Department of Justice regarding the leniency program. (Id. at 150 CONG. REC. S3610-02, at S3614.)

              ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Act limits a cooperating party's civil damages to "actual damages ... attributable to" that party's conduct. It provides:

... in any civil action alleging a violation of section 1 or 3 of the Sherman Act... based on conduct covered by a currently effective antitrust leniency agreement, the amount of damages recovered by or on behalf of a claimant from an antitrust leniency applicant who satisfies the [cooperation requirements] ... shall not exceed that portion of actual damages sustained by such claimant which is attributable to the commerce done by the applicant in the goods or services affected by the violation.

(Ex. E, § 213(a).)

The Act's legislative history explains that the term "actual damages" means that "the total liability of a successful leniency applicant would be limited to single damages without joint and several liability." (Ex. F., at 150 CONG. REC. S3610-02, at S3614.) See, e.g.. H.R. 1086, 108th Cong., 150 CONG. REC. S3610-02, at S3615 ("while a party that receives leniency would only be liable for the portion of the damages actually caused by its own actions, the rest of its non-cooperating co-conspirators would remain jointly and severally liable."); H.R. 1086, 108th Cong., 150 CONG. REC. H3654-01, at H3657 ("while a cooperating party would be liable only for damages attributable to that party's conduct, noncooperating conspirators will remain jointly and severally liable for treble damages."); Id. at H3659 (only "the remaining [noncooperating] conspirators remain jointly and severally liable to treble damages.").

Section 213(b) of the Act provides that a party is entitled to the single-damages limitation of Section 213(a) if the Court determines that the party has "provided satisfactory cooperation" to the plaintiffs, including:

    (1) providing a full account to the claimant of all facts known to the applicant ... that are potentially relevant to the civil action;

    (2) furnishing all documents or other items potentially relevant to the civil action that are in the possession, custody, or control of the applicant... wherever they are located; and ...

    (3)(b)... using its best efforts to secure and facilitate from cooperating individuals [the cooperation described above].

(Ex. E, § 213(b).)

II. Marsulex and ChemTrade Have Satisfied the Conditions and Requirements of the Act and Are Entitled to an Order of Limitation of Damages

There is no dispute that Marsulex and ChemTrade satisfy the conditions and have fulfilled the obligations set forth in the Act, and are therefore entitled to an order of limitation of damages.

First, this case is a "civil action alleging a violation of section 1 ... of the Sherman Act.." (See Ex. E, § 213(a); Am. Compl. ,, 1.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Second, this action is "based on conduct covered by a currently effective antitrust leniency agreement" to which Marsulex and ChemTrade are parties. (See Ex. E, § 213(a); Ex. B & C; see generally Second Amended Complaint.)

Third, Marsulex and ChemTrade have satisfied the cooperation requirements set forth in Section 213(b) of the Act. Among other things, Marsulex and ChemTrade have: (i) provided Plaintiffs with a detailed account of all known facts relevant to the litigation through, inter alia, interviews of current and former Marsulex and ChemTrade corporate representatives and outside counsel; (ii) furnished Plaintiffs with requested documents (roughly 35,000 pages) potentially relevant to the litigation; (iii) furnished Plaintiffs with written responses to interrogatories propounded by Plaintiffs in this action; (iv) provided Plaintiffs with numerous documents and information regarding the Department of Justice's investigation into alleged price-fixing in the sulfuric acid industry; and (v) used their best efforts to locate witnesses with knowledge of the factual underpinnings of this litigation. Plaintiffs agree that Marsulex and ChemTrade have thus far provided "satisfactory cooperation" to them under the Act and, upon the agreement of Marsulex and ChemTrade to continue to provide cooperation to Plaintiffs, Plaintiffs join in Marsulex and ChemTrade's motion.

Marsulex and ChemTrade therefore respectfully request that this Court enter an Order finding that Marsulex and ChemTrade have provided Plaintiffs with "satisfactory cooperation" under Section 213(b) of the Act, and, pursuant to Section 213(a) of the Act, limiting the damages recoverable by Plaintiffs against Marsulex and ChemTrade in this action to the "actual damages sustained" by Plaintiffs (if any) "attributable to" Marsulex's and ChemTrade's alleged wrongful conduct, so that Marsulex and ChemTrade are not subject to treble damages or joint and several liability.

CONCLUSION

For the foregoing reasons, Marsulex and ChemTrade's Agreed Motion for a Finding of Satisfactory Cooperation and Limitation of Damages Pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 should be granted as set forth in the attached Order.

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1372726   (Trial Pleading) Defendant PVS's Answer to Third Consolidated Amended Class Action Complaint (May 2, 2006)Original Image of this Document (PDF)

• 2006 WL 1372752   (Trial Pleading) Defendant Gac's Motion to Dismiss Plaintiffs' Third Consolidated Amended Class Action Complaint (Apr. 27, 2006)Original Image of this Document (PDF)

• 2006 WL 1372750   (Trial Pleading) Defendant E. I. du Pont de Nemours and Company's Answer to Plaintiffs' Third Consolidated Amended Class Action Complaint (Apr. 25, 2006)Original Image of this Document (PDF)

• 2006 WL 1372751   (Trial Pleading) Defendant Marsulex, Inc. and Chemtrade Logistics (U.S.), Inc.'s Joint Answer and Affirmative Defenses to the Third Consolidated Amended Class Action Complaint (Apr. 25, 2006)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

• 2006 WL 1372749  (Trial Pleading) Answer and Affirmative Defenses of Koch Sulfur Products Company, LLC and Koch Sulfur Products Company to Plaintiffs' Third Consolidated Amended Class Action Complaint (Apr. 24, 2006)Original Image of this Document (PDF)

• 2006 WL 690289  (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion to Overrule Defendants' Objections to Plaintiffs' Requests for Admissions, and to Compel Responses, or Alternatively to Deem Matters Admitted (Feb. 23, 2006)Original Image of this Document (PDF)

• 2006 WL 466553  (Trial Motion, Memorandum and Affidavit) Moving Defendants' Reply in Support of Their Motion to Bar the Opinions of Dr. McClave and Dr. Tollison Pursuant to Federal Rule of Civil Procedure 26(a)(2) (Feb. 15, 2006)Original Image of this Document (PDF)

• 2006 WL 372070  (Trial Motion, Memorandum and Affidavit) Plaintiffs' Preliminary Response and Procedural Objections to Certain Defendants' Motion to Bar Opinions of Dr. McClave and Dr. Tollison (Jan. 18, 2006)Original Image of this Document (PDF)

• 2006 WL 372069  (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Certain Defendants' Motion to Bar the Opinions of Dr. McClave and Dr. Tollison Pursuant to ¢ yFederal Rule of Civil Procedure 26(a)(2)¢ y¢ r;0001;;LQ;USFRCPR26;1004365;¢ rs (Jan. 13, 2006)Original Image of this Document (PDF)

• 2005 WL 3746807  (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Motion of All Defendants for Leave to Take a Deposition of Plaintiffs' Damages Expert in Excess of Seven Hours (Nov. 28, 2005)Original Image of this Document (PDF)

• 2005 WL 3407953  (Expert Report and Affidavit) (Report or Affidavit) (Oct. 28, 2005)Original Image of this Document (PDF)

• 2005 WL 3746804  (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion to Compel Deposition Testimony Re: Handwritten Notes (Aug. 31, 2005)Original Image of this Document (PDF)

• 2005 WL 3746800  (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Their Motion to Compel Various Defendants' Compliance With Plaintiffs' Outstanding Discovery Requests as it Relates to the Noranda Defendants (Aug. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 3746798  (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion to Require Defendants to Supply and Explain Transaction Data and to Permit Plaintiffs' Expert Thirty (30) Days Therefrom to Furnish Report (Aug. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 3407952  (Expert Report and Affidavit) Declaration of James T. McClave, Ph.D. (Aug. 16, 2005)Original Image of this Document (PDF)

• 2005 WL 3746793  (Trial Motion, Memorandum and Affidavit) Noranda Defendants' Opposition to Plaintiffs' Motion to Compel Additional Depositions from Kim Ross and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3746773                                                          Page 6
2005 WL 3746773 (N.D.Ill.)

Tony Desanti (Aug. 5, 2005)Original Image of this Document (PDF)

• 2005 WL 3746796   (Trial Motion, Memorandum and Affidavit) Response of the Noranda Defendants in Opposition to Plaintiffs' Motion to Compel Compliance with Additional Document Requests and Interrogatories (Aug. 5, 2005)Original Image of this Document (PDF)

• 2005 WL 3746791   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Their Motion to Compel Defendant Gac's Compliance With Discovery (Jul. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 3746787   (Trial Motion, Memorandum and Affidavit) Defendant Gac's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel (Jul. 25, 2005)Original Image of this Document (PDF)

• 2005 WL 3746784   (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Further Support of Motion to Strike Plaintiffs' Motions to Compel for Failure to Comply With ¢ yFed. R. Civ. P. 30¢ y¢ r;0001;;LQ;USFRCPR30;1004365;¢ r and ¢ y37¢ y¢ r;0002;;LQ;USFRCPR37;1004365;¢ r, Lr 37.2, and the Standing Orders of Ju dge Coar and This Court (Jul. 20, 2005)Original Image of this Document (PDF)

• 2005 WL 3746782   (Trial Motion, Memorandum and Affidavit) Joint Reply Memorandum of E. I. Du Pont de Nemours and Company, Noranda, Inc., Falconbridge Limited, and Norfalco Llc in Further Support of Their Motion to Compel Rule 30(b)(6) Depositions of All Named Plaintiffs (Jul. 19, 2005)Original Image of this Document (PDF)

• 2005 WL 3746778   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to the Noranda Defendants' Motion to Strike Plaintiffs' Motions to Compel (Jul. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 3746777   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to the Joint Motion of E.I. Du Pont De Nemours and Company, Noranda, Inc., Falconbridge Limited and Norfalco LLC to Compel Rule 30(b)(6) Depositions of All Named Plaintiffs (Jul. 12, 2005)Original Image of this Document (PDF)

• 2005 WL 3746775   (Trial Motion, Memorandum and Affidavit) Chemtrade Logistics (U.S.), Inc. and Marsulex, Inc.'s Brief in Opposition to Plaintiffs' Motion to Compel Various Defendants' Compliance With Plaintiffs' Outstanding Discovery Requests (Jul. 11, 2005)Original Image of this Document (PDF)

• 2005 WL 3746771   (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Strike Plaintiffs' Motions to Compel for Failure to Comply With ¢ yFed. R. Civ. P. 30¢ y¢ r;0001;;LQ;USFRCPR30;1004365;¢ r and ¢ y37¢ y¢ r;0002;;LQ;USFRCPR37;1004365;¢ r, Lr 37.2, and the Standing Orders of Judge Coar and T his Court (Jul. 8, 2005)Original Image of this Document (PDF)

• 2005 WL 3746770   (Trial Motion, Memorandum and Affidavit) E.I. Du Pont De Nemours and Company's, Noranda, Inc.'s, Falconbridge Limited's, and Norfalco LLC's Joint Memorandum in Support of Their Motion to Compel Rule 30(b)(6) Depositions of All Named Plaintiffs (Jun. 21, 2005)Original Image of this Document (PDF)

• 2005 WL 3746768   (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion for Extension of Discovery (Jun. 16, 2005)Original Image of

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

this Document (PDF)

• 2005 WL 3746767  (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion for Extension of Discovery (Jun. 10, 2005)Original Image of this Document (PDF)

• 2005 WL 3746766  (Trial Motion, Memorandum and Affidavit) Joint Opposition by E.I. Du Pont De Nemours and the Noranda Defendants to Plaintiffs' Renewed Motion for Leave to File Their Third Consolidated Amended Class Action Complaint Instanter (Jun. 1, 2005)Original Image of this Document (PDF)

• 2005 WL 3746951  (Trial Pleading) Third Consolidated Amended Class Action Complain (May 25, 2005)Original Image of this Document (PDF)

• 2005 WL 3746957  (Trial Pleading) Third Consolidated Amended Class Action Complaint (May 25, 2005)Original Image of this Document (PDF)

• 2005 WL 3746763  (Trial Motion, Memorandum and Affidavit) Dupont's Opposition to Plaintiffs' Motion for Extension of Discovery (Mar. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 3746765  (Trial Motion, Memorandum and Affidavit) The Noranda Defendants' Opposition to Plaintiffs' Motion for Extension of Discovery (Mar. 18, 2005)Original Image of this Document (PDF)

• 2005 WL 3746762  (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion for Extension of Discovery (Mar. 15, 2005)Original Image of this Document (PDF)

• 2005 WL 3746955  (Trial Pleading) Third Consolidated Amended Class Action Complaint (Feb. 17, 2005)Original Image of this Document (PDF)

• 2004 WL 3688444  (Trial Motion, Memorandum and Affidavit) Defendant GAC's Reply in Support of Its Motion to Dismiss (Sep. 29, 2004)Original Image of this Document (PDF)

• 2004 WL 3688443  (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendant General Alum New England Corporation's Motion to Dismiss (Sep. 16, 2004)Original Image of this Document (PDF)

• 2004 WL 3688467  (Trial Pleading) Defendant PVS's Answer to Second Consolidated Amended Class Action Complaint (Aug. 23, 2004)Original Image of this Document (PDF)

• 2004 WL 3688442  (Trial Motion, Memorandum and Affidavit) Defendant GAC's Memorandum of Law in Support of Its Motion to Dismiss or, in the Alternative, for Summary Judgment (Jul. 30, 2004)Original Image of this Document (PDF)

• 2004 WL 3688465  (Trial Pleading) Answer and Affirmative Defenses of Defendant Intertrade Holdings, Inc. to the Second Consolidated Amended Class Action Complaint (Jul. 19, 2004)Original Image of this Document (PDF)

• 2004 WL 3688464  (Trial Pleading) Defendant E.I. du Pont DE Nemours and Company's Answer to Plaintiffs' Second Consolidated Amended Class Action Complaint (Jun. 30,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3746773                                                      Page 8
2005 WL 3746773 (N.D.Ill.)

2004)Original Image of this Document (PDF)

• 2004 WL 3688466   (Trial Pleading) Answer and Affirmative Defenses of Koch Industries. Inc. to Plaintiffs' Second Consolidated Amended Class Action Complaint (Jun. 30, 2004)Original Image of this Document (PDF)

• 2004 WL 3688463   (Trial Pleading) Answer and Affirmative Defenses of Noranda Inc. to Plaintiffs' Second Consolidated Amended Class Action Complaint (Jun. 21, 2004)Original Image of this Document (PDF)

• 2004 WL 3688440   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Further Support of Their Motion for Class Certification (Jun. 14, 2004)Original Image of this Document (PDF)

• 2004 WL 3688468   (Trial Pleading) Second Consolidated Amended Class Action Complaint (May 24, 2004)Original Image of this Document (PDF)

• 2004 WL 3688441   (Trial Motion, Memorandum and Affidavit) Defendants' Joint Brief in Opposition to Plaintiffs' Motion for Class Certification (May 21, 2004)Original Image of this Document (PDF)

• 2004 WL 3688439   (Trial Motion, Memorandum and Affidavit) Defendants' Joint Surreply in Further Opposition to Class Certification (Mar. 24, 2004)Original Image of this Document (PDF)

• 2004 WL 3688438   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Motion to Compel (Mar. 18, 2004)Original Image of this Document (PDF)

• 2004 WL 3688437   (Trial Motion, Memorandum and Affidavit) Consolidated Response of Defendants Noranda Inc., Falconbridge Limited, and Norfalco LLC to Plaintiffs' Motion to Compel Defendants to Produce Documents Requested by Request No. 7 (Mar. 11, 2004)Original Image of this Document (PDF)

• 2004 WL 3688436   (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Compel Defendants to Produce Documents Requested by Request No. 7 (Feb. 28, 2004)Original Image of this Document (PDF)

• 2003 WL 24256600   (Trial Motion, Memorandum and Affidavit) Noranda Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification (Dec. 16, 2003)Original Image of this Document (PDF)

• 2003 WL 24256599   (Trial Motion, Memorandum and Affidavit) Defendants' Emergency Motion for Entry of Addenda to the Protective Order (Dec. 9, 2003)Original Image of this Document (PDF)

• 2003 WL 24256598   (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Their Motion to Strike Portions of the Complaint (Nov. 7, 2003)Original Image of this Document (PDF)

• 2003 WL 24256597   (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Memorandum of Law in Opposition to Motion to Strike (Oct. 29, 2003)Original Image of this Document (PDF)

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3746773                                                              Page 9
2005 WL 3746773 (N.D.Ill.)


- 2003 WL 24256595  (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (Oct. 14, 2003)Original Image of this Document (PDF)

- 2003 WL 24256596  (Trial Motion, Memorandum and Affidavit) Defendants' Rule 12(f) Motion to Strike Paragraphs 25 Through 33 of the Consolidated Amended Class Action Complaint (Oct. 6, 2003)Original Image of this Document (PDF)

- 2003 WL 24256602  (Trial Pleading) Consolidated Amended Class Action Complaint (Sep. 5, 2003)Original Image of this Document (PDF)

- 1:03cv04576 (Docket) (Jul. 1, 2003)

- 2003 WL 24398858  (Trial Pleading) Answer and Affirmative Defenses of Defendant Intertrade Holdings, Inc. to the Third Consolidated Amended Class Action Complaint (2003)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.