# Exhibit 44

**Westlaw.**

Not Reported in A.2d                                                                                                      Page 1
Not Reported in A.2d, 2004 WL 2591952 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of Stamford-Norwalk.
Paul E. O'BRIEN
v.
STOLT-NIELSEN TRANSPORTATION GROUP, LTD. et al.
**No. X08CV020190051.**

Oct. 7, 2004.

Silver Golub & Teitell, Stamford, for Paul O'Brien.
Scott & Scott LLC, Colchester, for Joel Menkes.
Stolt-Neilsen Transportation Group Ltd., New York, pro se.
Finn Dixon & Herling LLP, Stamford, PHV Carney Peter, PHV GidleyJ. Mark, PHV Curran Christopher, White & Case, Washington, for Stolt-Neilsen Transportation Group Ltd., Samuel Cooperman.
Jonathan Sack, New York, for Samuel Cooperman.
Finn Dixon & Herling LLP, Stamford, for Alan Winsor, Richard Lemanski, John Wakely.
Martin Lucas & Chioffi LLP, Stamford, for Richard Wingfield.
Robinson & Cole LLP, Hartford, for Asa Odfjell.

TAGGART D. ADAMS, Superior Court Judge.
**\*1** The defendants have moved for summary judgment dismissing the claims against them. Relying on this court's ruling dated January 30, 2004 that the plaintiff, Paul O'Brien, an attorney, is governed by the Disciplinary Rules of New York State's Code of Professional Responsibility, Stolt-Nielsen Transportation Group (SNTG) and Samuel Cooperman contend that those Rules' ban on a lawyer's divulgence of client confidences and secrets effectively bar O'Brien from proving his claim of wrongful constructive discharge from employment as SNTG's general counsel.

O'Brien alleges that SNTG was engaging in ongoing criminal conduct in early 2002, that O'Brien counselled that the company cease and rectify such conduct and the company refused to do so, that O'Brien was ethically barred from rendering legal services in aid of such conduct, and that these circumstances created an intolerable working condition for him. Second Revised Amended Complaint, First Count, ¶¶ 8, 13, 16. The defendants argue that New York's Code of Professional Responsibility, specifically Disciplinary Rule (DR)4-101(B) prevents O'Brien from testifying or producing documents to support these allegations.[FN1]

> FN1. DR 4-101(B) prohibits an attorney from revealing a secret or confidence of a client or use such a secret or confidence to a client's disadvantage. 22 NYCRR 1200.19(b)

The court concludes that the defendants have failed to establish the absence of any material fact issues which is the base predicate for summary judgment. Practice Book § 17-49. There is no doubt that DR 4-101(B) severely constricts the amount of evidence that O'Brien can produce from his own knowledge and that he faces several difficulties in proving his case. Nevertheless, O'Brien has already set forth an evidentiary foundation for certain elements of his allegations without apparently running afoul of his client obligations, and full scale discovery is ongoing. On the facts before it the court cannot determine that all material facts are indisputable and that the defendants are entitled to judgment as a matter of law.

The motion for summary judgment, insofar as it has been argued to the court, is denied.[FN2]

> FN2. The defendants' motion also included an argument that O'Brien improperly resigned his position as general counsel without taking his concerns to the highest authority within SNTG. The defendants have not sought court determination of that issue.

Conn.Super.,2004.
O'Brien v. Stolt Nielsen Transp. Group, Ltd.
Not Reported in A.2d, 2004 WL 2591952 (Conn.Super.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 25263478 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d Page 2
Not Reported in A.2d, 2004 WL 2591952 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Support of Motion for Summary Judgment (Aug. 8, 2003) Original Image of this Document (PDF)
• 2003 WL 25263479 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Summary Judgment (Aug. 8, 2003) Original Image of this Document (PDF)
• 2002 WL 32934233 (Trial Pleading) Complaint (2002) Original Image of this Document (PDF)
• 2002 WL 32934234 (Trial Pleading) Amended Complaint (2002) Original Image of this Document (PDF)
• 2002 WL 32934235 (Trial Pleading) Second Revised Amended Complaint (2002) Original Image of this Document (PDF)
• 2002 WL 32934239 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum in Support of Motions for Permission to Appear Pro Hac Vice (2002) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.