# Exhibit 45

**Westlaw.**

Not Reported in A.2d                                                                                                                                                      Page 1
Not Reported in A.2d, 2004 WL 870839 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of Stamford-Norwalk.
Paul E. O'BRIEN
v.
STOLT NIELSON TRANSPORTATION GROUP, LTD. et al.
**No. X08CV020190051.**

April 2, 2004.

Silver Golub & Teitell, Stamford, for Paul O'Brien.
Stolt-Neilsen Transportation Group Ltd., pro se.
Finn Dixon & Herling LLP, Stamford, PHV Carney Peter, PHV GidleyJ. Mark, PHV Curran Christopher, White & Case, Washington, for Stolt-Neilsen Transportation Group Ltd. and Samuel Cooperman.

TAGGART D. ADAMS.
**\*1** In the course of opposing the defendants Stolt-Nielson Tanker Group, Inc.'s (SNTG) and Samuel Cooperman's motion for partial summary judgment, the plaintiff O'Brien, SNTG's former General Counsel, sought to file two affidavits and a memorandum of law, portions of which the defendants contend should be under seal because they contain statements protected by the attorney-client privilege and other confidential client information arising from O'Brien's position as General Counsel. In accordance with Practice Book § 11-20A and procedures worked out with counsel, complete affidavits and memorandum were lodged with the court under seal and redacted versions were placed in the court file.

O'Brien contends, among other things, that the material is not subject to the attorney's confidentiality obligation because it is being used to respond to defendants' assertions in this case that he improperly resigned from his position as General Counsel, and that New York State's Disciplinary Rule 4-101(C)(4) permits disclosure of client confidences and secrets to defend against "an accusation of wrongful conduct."
FN1

FN1. In a decision dated January 30, 2004 this court determined that O'Brien's professional conduct was governed by the New York Code of Professional Responsibility.

The immediate issue before the court is whether the contested materials in O'Brien's submissions should be sealed. There is a presumption that all documents filed in court should be available to the public. Practice Book § 11-20A(a) and commentary thereto. A court may order certain filed material to be sealed or limited in disclosure only if it concludes that such an order is necessary to preserve an interest which overrides the public's interest in viewing such materials. Practice Book § 11-20A(c)

Protection of client confidences and attorney-client communications has long been recognized as a matter of significant public interest and a foundation principle of the legal system and the administration of justice. See, e.g. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Blumenthal v. Kimber Mfg., 265 U.S. 1, 9-10 (2003); Siedle v. Putnam Investments, Inc., 147 F.3d 7 11 (1st Cir.1998) [discussing D.R. 4-101C(C)(4) under the Massachusetts Code of Professional Responsibility.]

At this point, the court determines that the material is arguably a confidence or secret of the defendants. It is premature on the present record to decide whether O'Brien may use the information under the D.R. 4-101(C)(4) exception to the general obligation not to divulge client confidences. Even if that exception applies, there is authority for the proposition that use of the material should be in such a fashion as to limit its disclosure as much as possible. See, e.g. General Dynamics Corp. v. Superior Court, 7 Cal.4th 1164, 1191 876 P.20 487, 504 (1994).

The court determines that the public interest in preserving client confidences and protecting the attorney-client privilege is the type of interest which overrides the public interest in full access to court files. See Siedle v. Putnam Investments, Inc., supra.

The motion to seal is granted.

**\*2** So Ordered.

Conn.Super.,2004.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  Page 2
Not Reported in A.2d, 2004 WL 870839 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

O'Brien v. Stolt-Nielson Transp. Group, Ltd.
Not Reported in A.2d, 2004 WL 870839 (Conn.Super.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 25263478 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Motion for Summary Judgment (Aug. 8, 2003) Original Image of this Document (PDF)
• 2003 WL 25263479 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Summary Judgment (Aug. 8, 2003) Original Image of this Document (PDF)
• FST-CV-02-0190051-S (Docket) (Jun. 19, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.