# Exhibit 46

# Subtitle A—Antitrust Enforcement Enhancements and Cooperation Incentives

15 USC 1 note.   **SEC. 211. SUNSET.**

(a) IN GENERAL.—Except as provided in subsection (b), the provisions of sections 211 through 214 shall cease to have effect 5 years after the date of enactment of this Act.

(b) EXCEPTION.—With respect to an applicant who has entered into an antitrust leniency agreement on or before the date on which the provisions of sections 211 through 214 of this subtitle shall cease to have effect, the provisions of sections 211 through 214 of this subtitle shall continue in effect.

15 USC 1 note.   **SEC. 212. DEFINITIONS.**

In this subtitle:

(1) ANTITRUST DIVISION.—The term "Antitrust Division" means the United States Department of Justice Antitrust Division.

(2) ANTITRUST LENIENCY AGREEMENT.—The term "antitrust leniency agreement," or "agreement," means a leniency letter agreement, whether conditional or final, between a person and the Antitrust Division pursuant to the Corporate Leniency Policy of the Antitrust Division in effect on the date of execution of the agreement.

(3) ANTITRUST LENIENCY APPLICANT.—The term "antitrust leniency applicant," or "applicant," means, with respect to an antitrust leniency agreement, the person that has entered into the agreement.

(4) CLAIMANT.—The term "claimant" means a person or class, that has brought, or on whose behalf has been brought, a civil action alleging a violation of section 1 or 3 of the Sherman Act or any similar State law, except that the term does not include a State or a subdivision of a State with respect to a civil action brought to recover damages sustained by the State or subdivision.

(5) COOPERATING INDIVIDUAL.—The term "cooperating individual" means, with respect to an antitrust leniency agreement, a current or former director, officer, or employee of the antitrust leniency applicant who is covered by the agreement.

(6) PERSON.—The term "person" has the meaning given it in subsection (a) of the first section of the Clayton Act.

15 USC 1 note.   **SEC. 213. LIMITATION ON RECOVERY.**

(a) IN GENERAL.—Subject to subsection (d), in any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law, based on conduct covered by a currently effective antitrust leniency agreement, the amount of damages recovered by or on behalf of a claimant from an antitrust leniency applicant who satisfies the requirements of subsection (b), together with the amounts so recovered from cooperating individuals who satisfy such requirements, shall not exceed that portion of the actual damages sustained by such claimant which is attributable to the commerce done by the applicant in the goods or services affected by the violation.

(b) REQUIREMENTS.—Subject to subsection (c), an antitrust leniency applicant or cooperating individual satisfies the requirements

of this subsection with respect to a civil action described in subsection (a) if the court in which the civil action is brought determines, after considering any appropriate pleadings from the claimant, that the applicant or cooperating individual, as the case may be, has provided satisfactory cooperation to the claimant with respect to the civil action, which cooperation shall include—

(1) providing a full account to the claimant of all facts known to the applicant or cooperating individual, as the case may be, that are potentially relevant to the civil action;

(2) furnishing all documents or other items potentially relevant to the civil action that are in the possession, custody, or control of the applicant or cooperating individual, as the case may be, wherever they are located; and

(3)(A) in the case of a cooperating individual—

(i) making himself or herself available for such interviews, depositions, or testimony in connection with the civil action as the claimant may reasonably require; and

(ii) responding completely and truthfully, without making any attempt either falsely to protect or falsely to implicate any person or entity, and without intentionally withholding any potentially relevant information, to all questions asked by the claimant in interviews, depositions, trials, or any other court proceedings in connection with the civil action; or

(B) in the case of an antitrust leniency applicant, using its best efforts to secure and facilitate from cooperating individuals covered by the agreement the cooperation described in clauses (i) and (ii) and subparagraph (A).

(c) TIMELINESS.—If the initial contact by the antitrust leniency applicant with the Antitrust Division regarding conduct covered by the antitrust leniency agreement occurs after a State, or subdivision of a State, has issued compulsory process in connection with an investigation of allegations of a violation of section 1 or 3 of the Sherman Act or any similar State law based on conduct covered by the antitrust leniency agreement or after a civil action described in subsection (a) has been filed, then the court shall consider, in making the determination concerning satisfactory cooperation described in subsection (b), the timeliness of the applicant's initial cooperation with the claimant.

(d) CONTINUATION.—Nothing in this section shall be construed to modify, impair, or supersede the provisions of sections 4, 4A, and 4C of the Clayton Act relating to the recovery of costs of suit, including a reasonable attorney's fee, and interest on damages, to the extent that such recovery is authorized by such sections.

**SEC. 214. RIGHTS, AUTHORITIES, AND LIABILITIES NOT AFFECTED.**    15 USC 1 note.

Nothing in this subtitle shall be construed to—

(1) affect the rights of the Antitrust Division to seek a stay or protective order in a civil action based on conduct covered by an antitrust leniency agreement to prevent the cooperation described in section 213(b) from impairing or impeding the investigation or prosecution by the Antitrust Division of conduct covered by the agreement;

(2) create any right to challenge any decision by the Antitrust Division with respect to an antitrust leniency agreement; or