# EXHIBIT B

# 05-1480

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

STOLT-NIELSEN, ET AL.
*Plaintiffs-Appellees,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOINT APPENDIX
VOLUME 2 OF 3
(Pages JA-52 to JA-651)**

George J. Terwilliger III
Christopher M. Curran
J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth St., NW
Washington, DC 20005
(202) 626-3600
   *Attorneys for Plaintiff-Appellee
   Stolt-Nielsen S.A. and Stolt-Nielsen
   Transportation Group, Ltd.*

Allen D. Black
Roberta D. Liebenberg
Gerard A. Dever
FINE, KAPLAN AND BLACK, R.P.C.
1845 Walnut St.
Suite 2300
Philadelphia, PA 19103
(215) 567-6565
   *Attorneys for Plaintiff-Appellee
   Richard B. Wingfield*

John J. Powers III
John P. Fonte
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
950 Pennsylvania Ave., NW
Room 3224
Washington, DC 20530
(202) 514-2435
   *Attorneys for Defendant-
   Appellant United States
   of America*

opening a file within the Department, the paperwork has to go through.

Q.   When was the file opened in this matter, sir?

THE COURT:  Excuse me, are we arguing --

MR. GIDLEY:  This is relevant to the questions about SNTG employees and what John Nannes was applying for at the time he made the phone call.

THE COURT:  So it bears on the "A" and "B" sides.

MR. GIDLEY:  Yes.

THE COURT:  We're proceeding under "B", it's a given.

MR. GIDLEY:  The inquiry was opened hours earlier by a phone call.

THE COURT:  So what, they are under "B" the line of your questions appear to me that you are suggesting that it should have been subject to part 1, rather than "B" because there really was an investigation going and what I am saying to you it does not matter because they went in for "B."

MR. GIDLEY:  I agree, it's limited to Part "B."

THE COURT:  Tell me what this is relevant to?

MR. GIDLEY:  I think it's relevant to whether or not at the time that Mr. Nannes called, he knew he was going for "A" or "B" side amnesty.

THE COURT:  That Mr. Nannes knew?

MR. GIDLEY:  Yes.

THE COURT: Did he say he wasn't going for "B"?

MR. GIDLEY: And what was said by Mr. Nannes to Mr. Griffin in the initial calls.

THE COURT: I don't understand the relevance of it as to the issue that is before me.

MR. GIDLEY: I can move on, your Honor.

THE COURT: Okay.

Q. Let's go back to the December 4th meeting, Mr. Griffin. If I understood your direct testimony, Mr. Nannes' statement at the December 4th meeting was important to your decision to admit Stolt-Nielsen; is that correct?

A. Yes.

Q. After the December 4th meeting the Division did not send a letter memorializing any representation to Mr. Nannes?

A. That's correct.

Q. There is no reference to March 2002 in the January 15, 2003 agreement, correct?

A. That's correct.

Q. Nor, is there a reference to February 2002 discovery in the January 15th agreement, correct?

A. That's correct.

Q. Yesterday, you testified on direct that since discovery might have been earlier than February 2002, you couldn't put it into the agreement.

Do you recall that testimony?