# Exhibit 1

| | |
|---|---|
| D.N. CV 02-0190051 S | SUPERIOR COURT |
| PAUL E. O'BRIEN | JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| v. | AT STAMFORD |
| STOLT-NIELSEN TRANSPORTATION GROUP LTD. and SAMUEL COOPERMAN | NOVEMBER 1, 2002 |

## AMENDED COMPLAINT

1. Plaintiff Paul E. O'Brien, the former General Counsel of defendant Stolt-Nielsen Transportation Group Ltd., brings this action to remedy the career damages he has suffered as a result of defendants' ongoing criminal activity and for a declaratory judgment establishing the lawfulness of his reporting such ongoing criminal activity to appropriate law enforcement authorities. Plaintiff is a resident of New Canaan, Connecticut.

2. Defendant Stolt-Nielsen Transportation Group Ltd. is a corporation organized under the laws of the Republic of Liberia, with principal place of business in Greenwich, Connecticut. Defendant Stolt-Nielsen Transportation Group Ltd. is a wholly owned subsidiary of Stolt-Nielsen S.A., a Luxembourg holding company publically traded on the NASDAQ.

3. Defendant Samuel Cooperman is a resident of Greenwich, Connecticut.

**FIRST COUNT** (as to defendant Stolt-Nielsen Transportation Group, Ltd.)

1. - 3. Paragraphs 1 and 3 of this Complaint are incorporated as paragraphs 1 and 3 of this First Count.



RECEIVED
NOV - 4 2002
FINN DIXON & HER[...]

4. From May 1991 though March 21, 2002, plaintiff Paul E. O'Brien was employed by defendant Stolt-Nielsen Transportation Group Ltd. ["SNTG"], a company involved in the world-wide transportation by sea and storage of bulk liquid products. During that period, plaintiff was promoted from an initial position as Assistant General Counsel to high level positions in the company. In 1995, Mr. O'Brien was promoted to the position of Vice President. In 1999, he was promoted to the position of Senior Vice President and General Counsel and Senior Vice President of the Projects and Legal Department.

5. As Senior Vice President and General Counsel, Mr. O'Brien was responsible for supervising and directing all of the domestic and international legal affairs of defendant STNG. He was responsible, *inter alia*, for providing legal advice pertaining to the negotiation, interpretation and implementation of SNTG's contracts and for handling legal matters and disputes that arose out of the company's contracts and contractual relationships. He was also directly responsible for overseeing the company's compliance with regulatory requirements, including compliance with domestic and international antitrust laws, compliance with the Foreign Corrupt Practices Act, and compliance with Trading with the Enemy laws.

6. As Senior Vice President for Projects and Legal, Mr. O'Brien sat as a director on the SNTG Management Board of Directors, a body responsible for recommending, overseeing and implementing defendant SNTG's business strategies.

2

7. Throughout his employment at defendant SNTG, the company consistently recognized the high quality of Mr. O'Brien's job performance and contributions to the company, awarding him repeated merit increases, annual bonuses, stock options and other special compensation. During the period of his employment at SNTG, Mr. O'Brien's base compensation rose from a starting salary of $100,000 to over $210,000 per year. In addition to his base salary and customary benefits (including health, disability and life insurance, company 401(k) plan contributions, vacation and automobile benefits), Mr. O'Brien participated in the company's programs providing high level executives with additional compensation, through profit sharing and other bonuses, stock option awards and other executive compensation plans.

8. In early 2002, Mr. O'Brien learned that defendant SNTG was engaging in ongoing criminal conduct perpetrated by high level management of the company and involving ongoing multi-million dollar business transactions, violative of United States and international laws.

9. In February 2002, Mr. O'Brien sought to have defendant SNTG conduct an independent investigation of such criminality, cease the company's ongoing criminal conduct, and rectify such ongoing criminal conduct.

10. Defendant SNTG refused to conduct an independent investigation of such ongoing illegal conduct and refused to cease and rectify such ongoing criminal conduct.

11. As defendant SNTG's General Counsel, Mr. O'Brien's duties involved performing legal services that would support defendant SNTG's ongoing criminal conduct and that would

3

either constitute a violation of the law by Mr. O'Brien and/or would assist the company in perpetrating its ongoing criminal conduct.

12. As a director on the SNTG Management Board of Directors, Mr. O'Brien was responsible for overseeing and helping to implement the business strategy of the company, of which the company's ongoing criminal conduct was an integral part.

13. Mr. O'Brien was ethically barred from rendering legal services or advice that would cause and/or aid the company's ongoing criminal conduct.

14. Mr. O'Brien would be criminally liable should he continue as a director on defendant's Management Board of Directors with knowledge that the company's business strategy (which the Board was responsible for creating, overseeing and implementing) involved ongoing criminal conduct in violation of United States and international law.

15. Mr. O'Brien advised defendant SNTG that the company's ongoing criminal conduct created an impossible employment situation for him and that, unless the company ceased its ongoing criminal conduct, he would be forced to resign from his employment with the company.

16. Defendant SNTG refused to cease its ongoing criminal conduct, thereby creating an intolerable work situation for Mr. O'Brien.

17. On or about March 1, 2002, because of defendant SNTG's refusal to cease its ongoing criminal conduct and refusal to conduct an independent investigation and rectify its

4

criminal conduct, Mr. O'Brien resigned his employment with defendant SNTG, effective March 21, 2002.

18. By its conduct, defendant SNTG constructively discharged Mr. O'Brien from his employment with the company.

19. Defendant SNTG's conduct as aforesaid violated public policy.

20. As a result of defendant SNTG's actions as aforesaid, Mr. O'Brien has sustained and will in the future sustain a loss of earnings, and consequent economic loss, and his future earning capacity has been greatly diminished.

21. As a result of defendant SNTG's actions as aforesaid, Mr. O'Brien's professional reputation and standing have been impaired.

22. Defendant SNTG's actions as aforesaid have caused Mr. O'Brien emotional distress, which he will continue to suffer in the future.

23. The actions of defendant SNTG as aforesaid in causing the plaintiff's constructive discharge were undertaken willfully and in knowing disregard of Mr. O'Brien's rights, applicable law, the public policy of the State of Connecticut, the United States of America and other countries that an attorney must not participate in illegal antitrust activities that violate United States and international law against price fixing and other illegal collusive conduct, that an attorney cannot perform legal services that further antitrust violations by a client, and the public policy of the State of Connecticut and the United States of America that an attorney cannot

5

perform legal services that further a client's violation of statutes and executive orders of the United States governing trading with embargoed nations, including Iraq.

**SECOND COUNT** (as to defendant Stolt-Nielsen Transportation Group, Ltd.)

1. - 19. Paragraphs 1 through 19 of the First Count are incorporated herein as paragraphs 1 through 19 of the Second Count.

20. Throughout Mr. O'Brien's employment with defendant SNTG, the company maintained certain business ethics policies and represented that it would comply with the legal requirements of applicable laws pertaining to its business. The company further represented that it sought to have its employees comply with all such laws and to insure the company's compliance. The company further represented that employees would not be asked to violate any such laws as a condition of their employment.

20A. The company's representations as aforesaid were set forth, *inter alia*, in the Stolt-Neilsen Transportation Group Antitrust Compliance Handbook and the Stolt-Nielsen Antitrust Seminar in which the company represented that it would comply and required that all SNTG employees comply with the provisions of the antitrust laws. The company's representations were further inherent in its representations to plaintiff that as General Counsel, he would have responsibility to direct implementation of compliance programs relating to antitrust matters and to statutes and executive orders of the United States relating to trading with embargoed countries.

21. The ongoing illegal conduct by defendant SNTG at issue in this lawsuit involves violations of the law covered by the company's aforesaid policies and representations.

22. By its conduct as aforesaid, defendant SNTG breached its representations to Mr. O'Brien that the company would comply with applicable laws pertaining to its business, that its employees were encouraged to comply with such laws and insure the company's compliance, and that employees would not be asked to violate any such laws as a condition of their employment.

23. By its conduct as aforesaid, defendant SNTG breached the covenant of good faith and fair dealing implied by law in its employment agreement and relationship with Mr. O'Brien.

24. As a result of defendant SNTG's breach of its representations and commitments to Mr. O'Brien, Mr. O'Brien has sustained and will in the future sustain a loss of earnings, and consequent economic loss, and his future earning capacity has been greatly diminished.

25. The actions of defendant SNTG as aforesaid in breaching its representations to, and the covenant of good faith and fair dealing implied by law in its employment agreement and relationship with, Mr. O'Brien were undertaken willfully and in knowing disregard of Mr. O'Brien's rights, applicable law, the public policy of the State of Connecticut, the United States of America and other countries that an attorney must not participate in illegal antitrust activities that violate United States and international laws against price fixing and other illegal collusive conduct, that an attorney cannot perform legal services that further antitrust violations by a client, and the public policy of the State of Connecticut and the United States of America that an

attorney cannot perform legal services that further a client's violation of statutes and executive orders of the United States governing trading with embargoed nations, including Iraq.

**THIRD COUNT** (as to defendant Cooperman)

1. - 17. Paragraphs 1 through 17 of the First Count are incorporated herein as paragraphs 1 through 17 of the Third Count.

18. Defendant Samuel Cooperman, the Chairman of SNTG, was personally involved in the ongoing illegal conduct complained of by Mr. O'Brien, and defendant Cooperman knew that an independent investigation of whether the company was engaging in ongoing illegal conduct would expose his own criminal conduct.

19. Defendant Cooperman caused SNTG to refuse to investigate or cease its ongoing illegal conduct in order to prevent the exposure of his own wrongdoing and his potential own criminal prosecution, as well as to prevent the detrimental effect such exposure would have on his employment with SNTG.

20. Defendant Cooperman had knowledge of the employment relationship that existed between Mr. O'Brien and SNTG and Mr. O'Brien's reasonable business expectancies arising from that employment relationship.

8

21. Defendant Cooperman knew that Mr. O'Brien would forced to resign from SNTG if the company did not cease its ongoing criminal conduct and conduct an independent investigation of and rectify the criminality.

22. Defendant Cooperman caused the constructive termination of Mr. O'Brien's employment with SNTG, with the intention of and with the effect of interfering with Mr. O'Brien's reasonable business expectancies, in order to prevent the disclosure and rectification of his (Cooperman's) ongoing criminal conduct and thus avoid the harm to him (Cooperman) that would be caused by such disclosures.

23. The actions of defendant Cooperman as aforesaid were taken for his own personal gain and benefit and were contrary to the best interests of SNTG, in breach of his fiduciary duties to SNTG as its Chairman.

24. In acting as aforesaid, defendant Cooperman was not acting legitimately within his scope of duty as Chairman of SNTG, but used the corporate power improperly for personal gain.

25. The actions of defendant Cooperman as aforesaid constituted tortuous interference with Mr. O'Brien's employment relationship with SNTG.

26. As a result of defendant Cooperman's actions as aforesaid, Mr. O'Brien has sustained and will in the future sustain a loss of earnings, and consequent economic loss, and his future earning capacity has been greatly diminished.

9

27. As a result of defendant Cooperman's actions as aforesaid, Mr. O'Brien's professional reputation and standing have been impaired.

28. Defendant Cooperman's actions as aforesaid have caused Mr. O'Brien emotional distress, which he will continue to suffer in the future.

29. The actions of defendant Cooperman in causing the constructive termination of Mr. O'Brien's employment as aforesaid were undertaken willfully and in knowing disregard of applicable law, the public policy of the State of Connecticut, the United States of America and other countries, defendant Cooperman's fiduciary obligations to SNTG, and Mr. O'Brien's rights.

**FOURTH COUNT** (as to defendant Stolt-Nielsen Transportation Group, Ltd.)

1. - 22. Paragraphs 1 through 22 of the First Count are incorporated herein as paragraphs 1 through 22 of the Fourth Count.

23. In its letter accepting Mr. O'Brien's resignation, defendant SNTG sought to prevent Mr. O'Brien from disclosing the company's ongoing illegality to appropriate governmental agencies charged with regulating such matters or in support of his claims in this action, asserting that Mr. O'Brien is prohibited by his "duty not to disclose 'confidential information' about the Company" and "the ethical objective surrounding the attorney-client relationship" from disclosing such matters. Defendant SNTG has threatened, should Mr. O'Brien in any way

10

disclose the company's ongoing criminal conduct, to bring a civil action against him and/or to pursue professional sanctions against Mr. O'Brien.

24. It is Mr. O'Brien's position that there is no common law or contractual "duty" owed by him to defendant SNTG, nor any ethical prohibition on his disclosure of defendant SNTG's company's ongoing illegality to either appropriate governmental agencies or in support of his claims in this lawsuit, in that

   a. Defendant SNTG's ongoing criminal conduct is likely to result in substantial injury to the financial interest or property of another; and

   b. Evidence of defendant SNTG's refusal to stop its ongoing criminal conduct is necessary to establish Mr. O'Brien's claims in this lawsuit against defendant.

25. To the extent that defendant SNTG has threatened to take civil or professional action against Mr. O'Brien should he report the company's ongoing criminal conduct, any such action would violate public policy.

26. By virtue of the foregoing, Mr. O'Brien has a legal and equitable interest in this action by reason of the danger of loss and the uncertainty of his rights, and there is an actual, bona fide and substantial question in dispute which requires settlement between the parties.

11

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that the Court grant the following relief:

## AS TO THE FIRST THROUGH THIRD COUNTS:

1. compensatory damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, together with the costs of this action;

2. punitive damages; and

3. such other and further relief, at law or in equity, as the Court deems appropriate.

## AS TO THE FOURTH COUNT:

1. a declaratory judgment that Mr. O'Brien is not precluded by any common law or contractual duty arising from his employment, nor any ethical obligation arising from his position as defendant's General Counsel, from disclosing defendant SNTG's ongoing criminality to appropriate governmental agencies charged with regulating such conduct and/or from disclosing such ongoing criminality as necessary to establish his claims in this action; and

2. such other and further relief in equity, as the Court deems appropriate.

PLAINTIFF PAUL E. O'BRIEN

BY _____
DAVID S. GOLUB
JONATHAN M. LEVINE
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CT 06904
(203) 325-4491

13

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 1st day of November, 2002, to:

Donna Nelson Heller, Esq.
Finn Dixon & Hering LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

and

John K. Weir, Esq.
Holland & Knight LLP
195 Broadway
New York, NY 10007-3189

JONATHAN M. LEVINE
SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW • JURIS NO. 58005
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491