# Exhibit 16

**News Release**

Washington Legal Foundation
Advocate for freedom and justice®
2009 Massachusetts Avenue, NW
Washington, DC 20036
202.588.0302

FOR IMMEDIATE RELEASE                                    September 21, 2006

## COURT URGED TO PERMIT PRE-INDICTMENT SUITS TO ENFORCE IMMUNITY AGREEMENTS
*(Stolt-Nielsen S.A. v. United States, No. 06-97)*

The Washington Legal Foundation yesterday urged the U.S. Supreme Court to permit companies and individuals threatened with criminal prosecution to seek immediate judicial review of claims that nonprosecution agreements signed by the government render them immune from prosecution. WLF urged the Court to hear the case of a company whose nonprosecution agreement the federal government is refusing to honor.

In a brief filed in *Stolt-Nielsen S.A. v. United States*, WLF argued that unless such companies and individuals are permitted to sue to enforce nonprosecution agreements, they will be far less willing to come forward voluntarily with evidence of illegal activity. WLF filed its brief on behalf of itself and two clients, the National Association of Manufacturers and the National Association of Criminal Defense Lawyers.

WLF's brief argued that the hope of cutting an immunity deal is a principal reason that companies come forward with evidence, and that they will be far less willing to do so if they lack any effective means of enforcing their deals. WLF argued that when a company bargains for immunity from indictment, the right to file a motion to dismiss a later indictment does not adequately remedy the government's breach; rather, companies must be permitted to seek an injunction the moment that an indictment is threatened.

The case involves Stolt-Nielsen S.A., a major shipping company, and one of its executives. Stolt-Nielsen came to the government with evidence of illegal collusive trading practices among firms providing parcel tanker shipping services. In January 2003, Stolt-Nielsen and federal prosecutors entered into a Conditional Leniency Agreement, which promised Stolt-Nielsen and its current and former officials immunity from prosecution in return for their full cooperation with the government's investigation. The information provided by Stolt-Nielsen led to criminal convictions of several firms and individuals for violations of the antitrust laws. The federal government nonetheless later terminated the Agreement and threatened to indict Stolt-Nielsen and several of its executives. Prosecutors claimed that Stolt-Nielsen had failed to fulfill its obligations under the Agreement by failing to inform prosecutors that antitrust violations continued for several months after March 2002.

A federal district court enjoined the federal government from issuing indictments, finding that Stolt-Nielsen had fulfilled all its obligations under the Agreement. The U.S. Court of Appeals for the Third Circuit reversed without reaching the merits of the dispute. The appeals court held that the federal courts lack jurisdiction to decide such disputes; rather, the court ruled, companies in Stolt-

Nielsen's position must await their indictment and then file a motion to dismiss the indictment. The federal government later indicted Stolt-Nielsen and two executives on September 8, 2006, based largely on the evidence that Stolt-Nielsen had voluntarily provided to prosecutors.

In its brief asking the Supreme Court to hear the case, WLF argued that a post-indictment motion to dismiss is not an adequate legal remedy, because Stolt-Nielsen bargained for immunity from prosecution, not merely for immunity from conviction. WLF noted that while the Supreme Court, for reasons of comity, has permitted federal courts to abstain from hearing such pre-indictment challenges to state-law criminal prosecutions, there are no comity-related reasons why a federal judge should not enjoin a prosecution in *federal* court. Citing the Court's recent decision in a terrorist-related case, WLF argued that, absent comity considerations, federal courts have an obligation to exercise their jurisdiction in all cases raising federal law questions.

"If alleged al Qaeda war criminals are permitted to go into federal court to raise collateral challenges to their criminal prosecutions, then surely members of the business community who have been cooperating with antitrust officials should be accorded the same right," said WLF Chief Counsel Richard Samp after filing WLF's brief. "The demise of accounting giant Arthur Andersen vividly demonstrates the crippling effect that pending criminal charges can have on a company's ability to continue as a going concern. Accordingly, it is vital that companies be afforded an opportunity to assert an immunity defense before an indictment is handed down," Samp said.

WLF also argued that the September 8, 2006 indictment of Stolt-Nielsen does not render the case moot. WLF noted that although the indictment now presents Stolt-Nielsen with the opportunity to raise its immunity claim by means of a motion to dismiss the indictment, any decision on such a motion would not answer the fundamental issue raised by the certiorari petition: whether parties may seek pre-indictment enforcement of a government promise not to bring an indictment.

WLF is a public interest law and policy center with supporters in all 50 states. WLF devotes a substantial portion of its resources to defending free enterprise, individual rights, and a limited and accountable government. To that end, WLF has frequently appeared in the federal courts to address the proper scope of criminal prosecutions against members of the business community.

\* \* \*

For further information, contact WLF Chief Counsel Richard Samp, (202) 588-0302. A copy of WLF's brief is posted on its web site, www.wlf.org.