# EXHIBIT E

*       The abbreviation "DPP" stands for deliberative process privilege.
**      The abbreviation "AWP" stands for attorney work-product privilege

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG, any drafts of The Curious Case of _Stolt-Nielsen S.A. v. United States_ and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | Unclear | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | Footnote 1:  "The Antitrust Division provides 'categorical description[s] of redacted material coupled with categorical indication[s] of anticipated consequences of disclosure' for every one of these documents."  King v. U.S. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987). | *Courts have permitted withholdings of discrete categories of documents which contain similar information.  _See U.S. Dep't of Justice v. Landano_, 508 U.S. 165, 179 (1993); _U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press_, 489 U.S. 749, 776-77 (1989); _Crooker v. ATF_, 789 F.2d 64, 66-67 (D.C. Cir. 1986).  Here, the listed documents are documents of the same type, specifically subordinates' detailed recommendations and opinions to Mr. Hammond regarding how to explain in public statements the ramifications on the Antitrust Division's ("the Division") Corporate Leniency Policy of the revocation of plaintiff's conditional leniency agreement and plaintiff's injunction litigation regarding the conditional leniency revocation and also detailed recommendations and opinions for Mr. Hammond regarding specific legal issues in the plaintiff's injunction litigation against defendant and the ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates, and employees and that could be at issue in prospective 15 U.S.C. § 1 cases against other targets of the Division's parcel tanker investigation.  Hence, the categorical description of the documents and the consequences of disclosure are appropriate. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG, any drafts of The Curious Case of <u>Stolt-Nielsen S.A. v. United States</u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | 7(A) | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1999). | *Documents ATR-343-346, 347, 348-357, 358-365, and 366-374 reflect subordinates' detailed recommendations and opinions to Mr. Hammond regarding how to explain in public statements the ramifications on the Division's Corporate Leniency Policy of the revocation of plaintiff's conditional leniency agreement and plaintiff's injunction litigation regarding the conditional leniency revocation. Documents discuss specific witnesses and information provided by the witnesses. Documents ATR-375-377 and 378 consist of subordinates' detailed recommendations and opinions, including background information, for Mr. Hammond regarding specific legal issues in the plaintiff's injunction litigation against defendant and the ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates, and employees and that could be at issue in prospective 15 U.S.C. § 1 cases against other targets of the Division's parcel tanker investigation. There is no evidence Mr. Hammond used this information in any public statements. Hence, disclosure of the information could reasonably be expected to interfere with the ongoing investigation of the parcel tanker industry, the criminal case against  **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG, any drafts of <u>The Curious Case of <i>Stolt-Nielsen S.A. v. United States</i></u> and any comments, <u>notes or other documents</u> relating to this article that were prepared by any Antitrust Division employee. | 7(A) | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1999). | **Continuation--** plaintiff, its affiliates and executives for a violation of 15 U.S.C. § 1, and prospective '5 U.S.C. § 1 cases against other targets of the Division's parcel tanker investigation by causing the intimidation of, or chilling of cooperation from, witnesses whose identities could be gleaned from these documents. *Alyeska Pipeline Serv. Co. v. EPA,* 1987 WL 17071 at *3 (D.D.C. 1987) (defendant need not prove that intimidation will certainly result: the *possibility* of intimidation is sufficient) (emphasis added). Release could also provide defendants and potential defendants information by which to determine the focus, strength, scope and litigation theories of the Division's parcel tanker investigation or cases resulting from this investigation and to tailor defenses accordingly. *See* Richards decl. at 28-30, ¶¶ 37-38; *Solar Sources Inc. v. United States*, 142 F.3d 1033, 1039 (7th Cir. 1998); *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996); *see also Campbell v. HHS*, 682 F.2d 256, 265 (D.C. Cir. 1982) (typical Ex. 7 problem is investigation target seeking early discovery of the **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG, any drafts of <u>The Curious Case of</u> *Stolt-Nielsen S.A. v. United States* and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | 7(A) | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1999). | **Continuation–** government's case in order to tailor his defenses); *see also* Pl.'s Resp. to Def.'s Mot. to Consol. at 2 (filed May 25, 2006) ("Stolt-Nielsen could be subject to indictment at almost any time. The information that Stolt-Nielsen has requested through its FOIA requests is necessary in order for the Company to present an effective motion to dismiss."). Withholdings under the FOIA and corresponding justifications may be made based on discrete categories of records consisting of similar information, such, as here, the background information and subordinates' recommendations and opinions pertaining to public statements regarding the Corporate Leniency Policy and the ramifications of the revocation of plaintiff's conditional leniency agreement on that policy. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223-24 (1978) (language of 7(A) "appears to contemplate that certain generic determinations might made"); *Solar Sources*, 142 F.3d. at 1040. Describing the specific information withheld could require the defendant to disclose the very information that it withheld to avoid harm to the proceedings listed above. The court need not review other claimed exemptions if its finds that the non-disclosure of information pursuant to Ex. 7(A) [or another exemption] is dispositive. *Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG, any drafts of The Curious Case of _Stolt-Nielsen S.A. v. United States_ and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | 7(A) (cont) | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | * Even if applicable, Exemption 7(A) material can be redacted | *Plaintiff's claim is not clear.  Assuming it means that exempt information can be redacted from a document and the remainder released states the obvious - plaintiff is merely restating the FOIA's statutory requirement that non-exempt information be segregated and released. 5 U.S.C. § 552(b).  The defendant conducted a line-by-line review of each document about which plaintiff complains and determined that none of the information withheld from disclosure that was not withheld pursuant to 7(A) can be segregated and disclosed. _Johnson v. EOUSA_, 310 F.3d 771, 776 (D.C. Cir. 2002). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of *Stolt-Nielsen S.A. v. United States*</u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) DPP | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | Claims DPP [ATR-347, 348-357, and 366-374], but [documents] not " pre-decisional" as this information pertains to "a speech" and is not "antecedent to the adoption of agency policy." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978).<br><br>*[347, 348-57, 358-65, 366-74, 375-77] DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson v. Dep't of State*, 2005 WL 3276303, at \*23-24 (D.D.C. Aug. 10, 2005).<br><br>* Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id.* at \*24.<br><br>* Claims DPP but not "pre-decisional as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774.<br><br>* Labels [ATR-348-357, 358-365, 366-374, 378] as drafts, yet a draft is only "pre-decisional" if it reflects " an agency's preliminary position or rumination s about how to exercise discretion on some policy matter." *Petroleum Info. Corp. v. U.S. Dept. Of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). | "Congress enacted Exemption 5 to protect the executive's deliberative processes – not to protect specific materials." *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987). "The key question in identifying deliberative material is whether disclosure of information would "discourage candid discussion within the agency." *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1195 (D.C. Cir. 1991) (quoting *Dudman*, 815 F.2d at 1567-68).   The existence of the privilege does not turn on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared. *NLRB v. Sears. Roebuck &Co.*, 421 U.S. 132, 151 n. 18 (1975); *Hunt v. U.S. Marine Corps*, 935 F. Supp. 46, 51 (D.D.C. 1996) (agency need only demonstrate that the document was part of some deliberative process).  "The [DPP] exemption . . . covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *Larson v. Dep't of State,* 2005 WL 3276303 at \* 23 *(D.D.C. 2005) (*same*); Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp. 2d 3, 16-17 (D.D.C.1998) (same). Here the draft documents, the withholding of which plaintiff objects to reflect the opinions and **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and *notes related to,* specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of *Stolt-Nielsen S.A. v. United States*</u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) DPP | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | Claims DPP [ATR-347, 348-357, and 366-374], but [documents] not " pre-decisional" as this information pertains to "a speech" and is not "antecedent to the adoption of agency policy." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978).<br><br>*[347, 348-57, 358-65, 366-74, 375-77] DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson v. Dep't of State*, 2005 WL 3276303, at *23-24 (D.D.C. Aug. 10, 2005).<br><br>* Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id.* at *24.<br><br>* Claims DPP but not "pre-decisional as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774.<br><br>* Labels [ATR-348-357, 358-365, 366-374, 378] as drafts, yet a draft is only "pre-decisional" if it reflects " an agency's preliminary position or rumination s about how to exercise discretion on some policy matter." *Petroleum Info. Corp. v. U.S. Dept. Of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). | **Continuation--** recommendations of subordinates rather than the policy of the agency. DPP also protects recommendations or opinions on legal matters. *Coastal States*, 617 F.2d at 868. Documents ATR-343-346 and 347-378 reflect staff recommendations and opinions concerning the decision how to frame public statements explaining the revocation of plaintiff's conditional leniency agreement in order to make clear to the Bar that the Division's decision was based on unique circumstances and did not represent a change of government policy and also reflect subordinates' recommendations and opinions on litigation and strategy issues in the plaintiff's injunction litigation regarding its conditional leniency revocation and prospective litigation issues in 15 U.S.C. § 1 cases arising from the Division's parcel tanker investigation. Note that DPP was asserted for ATR 343-46 on the Richards' declaration, but was inadvertently omitted from this entry on the Amended 2005 *Vaughn* index. *See* Richards decl. at 23-24, ¶¶ 32-33. The fact that the decisionmaker did not use all of the information supplied by subordinates in the aforementioned documents for his speeches does not obviate coverage by the DPP. *Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp.2d 3, 16 (D.D.C. 1998). **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and *notes related to,* specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of *Stolt-Nielsen S.A. v. United States*</u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) DPP | ATR-343-346, 347, 348-57, 358-365, 366-374, 375-377, and 378 | Claims DPP [ATR-347, 348-357, and 366-374], but [documents] not " pre-decisional" as this information pertains to "a speech" and is not "antecedent to the adoption of agency policy." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978).<br><br>*[347, 348-57, 358-65, 366-74, 375-77] DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson v. Dep't of State*, 2005 WL 3276303, at *23-24 (D.D.C. Aug. 10, 2005).<br><br>* Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24.<br><br>* Claims DPP but not "pre-decisional as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774.<br><br>* Labels [ATR-348-357, 358-365, 366-374, 378] as drafts, yet a draft is only "pre-decisional" if it reflects " an agency's preliminary position or rumination s about how to exercise discretion on some policy matter." *Petroleum Info. Corp. v. U.S. Dept. Of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). | **Continuation--**<br> Further, factual material contained in the documents submitted to Mr. Hammond for his speeches is exempt from disclosure because it was distilled by Division staff from a large volume of records, the selection of which is deliberative by nature. *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1538-39 (D.C. Cir. 1993); *Montrose Chem. Corp. v. Train*, 491 F.2d 63 (D.C. Cir. 1974). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of <i>Stolt-Nielsen S.A. v. United States</i></u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) DPP | ATR-378 | *Claims DPP, but *Vaughn* entry admits that it is "unclear" if this were given to Mr. Hammond." Therefore it is "unclear" that this pertains to the formulation or exercise of policy.  *See Larson,* 2005 WL 3276303, at *23-24. | *The Division need only demonstrate that the document was part of some deliberative process. *Hunt v. U.S. Marine Corp.*, 935 F. Supp. 46, 51 (D.D.C. 1996).  Document ATR-378 was used in the formulation of subordinate's recommendations and opinions for superior regarding public statements explaining the revocation of plaintiff's conditional leniency, the ramifications of that revocation on the Division's Corporate Leniency Policy, litigation and strategy issues in the plaintiff's injunction litigation regarding its conditional leniency litigation, and prospective litigation issues in 15 U.S.C. § 1 cases arising from the Division's parcel tanker investigation. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of <i>Stolt-Nielsen S.A. v. United States</i></u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) AWP | ATR-343-346, 358-365, 366-374, 375-377, 378 | * Claims Attorney Work-Product Doctrine [ATR-343-346] ("AWP"), yet acknowledges in its Vaughn Index entry that the withheld information is suggestions for a speech.<br><br>** Claims AWP [ATR-343-346, 358-365, 366-374, 375-377, 378], but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. | *These documents consist of information about the Division's ongoing parcel tanker investigation and the revocation of plaintiff's conditional leniency for possible use in a public statement by Mr. Hammond to inform the Bar that the Division's conditional leniency program had not changed in connection with the agency's revocation of plaintiff's conditional leniency agreement. The documents were written "because of" the ongoing parcel tanker investigation and plaintiff's injunction litigation concerning the revocation of its conditional leniency and is, accordingly, exempt pursuant to AWP. *Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 586 and n. 42 (D.C. Cir 1987) (quoting 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024 at 198 (1970) ("[T]he testing question is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.") (emphasis added); *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir 1998) (same); *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (memorandum prepared at the direction of an attorney to evaluate consequences of corporate reorganization is protected by AWP since it had been created because of the possibility of litigation.) **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of The Curious Case of _Stolt-Nielsen S.A. v. United States_ and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) AWP | ATR-343-346, 358-365, 366-374, 375-377, 378 | * Claims Attorney Work-Product Doctrine [ATR-343-346] ("AWP"), yet acknowledges in its Vaughn Index entry that the withheld information is suggestions for a speech.<br><br>** Claims AWP [ATR-358-365, 366-374, 375-377, 378], but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." _Safecard Services_, 926 F.2d at 1203. | **Continuation--**<br>In this instance, the fact that the documents were prepared for a speech does not mean AWP does not apply, rather the information and suggestions contained also pertain to the parcel tanker industry investigation and litigation resulting from that investigation, including the ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates and executives and prospective  15 U.S.C. § 1 cases against other targets of the investigation and reflect the Division's efforts in investigating and preparing those matters.  "The fact that materials serve other functions apart from litigation does not mean that they should not be protected by work-product immunity if they reveal directly or indirectly the mental impressions or opinions of the attorney who prepared them." _Adlman_, 134 F.3d at 1202.   In _In re Sealed Case_, 146 F.3d at 885 (citing _Schiller v. NLRB_, 964 F.2d 1205, 1208 (D.C. Cir. 1992) and _Delaney, Migdail & Young, Chartered v. IRS_, 826 F.2d 124, 126-28 (D.C. Cir. 1987)) the D.C. Circuit questioned without resolving in all situations the continued vitality of the _Safecard_ test that AWP applies only when the materials focus on specific events and a specific possible violation or that this is a blanket rule.  _See_ discussion at 18-19 below.  Defendant, nevertheless, **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of <i>Stolt-Nielsen S.A. v. United States</i></u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | (b)(5) AWP | ATR-343-346, 358-365, 366-374, 375-377, 378 | * Claims Attorney Work-Product Doctrine [ATR-343-346] ("AWP"), yet acknowledges in its Vaughn Index entry that the withheld information is suggestions for a speech.<br><br>** Claims AWP [ATR-358-365, 366-374, 375-377, 378], but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. | **Continuation--**<br>avers that documents contain information prepared in the course of the Division's parcel tanker investigation of specific subjects for violations of 15 U.S.C. § 1 based on specific acts, and the information also relates to litigation resulting from that investigation, including the ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates and executives and prospective 15 U.S.C. § 1 cases against other targets of the investigation. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of The Curious Case of _Stolt-Nielsen S.A. v. United States_ and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | 7(C) | ATR- 343-346, 348-57, 358-365, and 366-374 | No showing that the release of information would be a clearly unwarranted invasion of personal privacy.  _See Campbell_, 164 F.3d at 32-34. <br><br>. | *Plaintiff's statement misquotes the FOIA. Exemption 7(C) as amended in 1986 established the following standard:  whether withheld information, if released, "could reasonably be expected to constitute an unwarranted invasion of personal privacy," _Campbell v. U.S. Dep't of Justice_, 164 F.3d 20, 33 (D.C. Cir. 1999) (citing 5 U.S.C. § 552(b)(7)(C)) (emphasis added), rather than the Act's initial standard which required the government to prove that disclosure of the information at issue would invade personal privacy. In the past, courts determined whether information about an individual's privacy could be withheld when balanced against the pubic's right to that information.  The courts have since ruled that the following groups' privacy can be categorically protected and that the public's interest is nil unless there is strong evidence of malfeasance on the part of the government:  those whose names are merely mentioned in enforcement records; those who are targets of the investigation or victims of or witnesses to the illegal activity; and persons of investigative interest. _Safecard Services, Inc. v. SEC_, 926 F.2d 1197, 1206 (D.C. Cir. 1991); _Meserve v. U.S. Dep't. of Justice_, No. 04-1844, 2006 WL 2366427 (D.D.C. 2006); _Mack v. Dep't of the Navy_, 259 F. Supp. 2d 99, 106-107 (D.D.C. 2003). **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-072** Copies of, and notes related to, specific speeches given by Scott Hammond, Deputy Assistant Attorney General and Director of Criminal Enforcement, as well as any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against SNTG and any drafts of <u>The Curious Case of</u> <u>*Stolt-Nielsen S.A. v. United States*</u> and any comments, notes or other documents relating to this article that were prepared by any Antitrust Division employee. | 7(C) | ATR- 343-346, 348-57, 358-365, and 366-374 | *No showing that the release of information would be a clearly unwarranted invasion of personal privacy.  *See Campbell*, 164 F.3d at 32-34.  *Even if applicable, Exemptions 7(C) material can be redacted | Continuation  Informants privacy can also be protected.  *Quinon v. FBI*, 86 F.3d 1222, 12?? (D.C. Cir. 1996) ().  The persons whose privacy protection the plaintiff challenges all fall within one of the above listed categories.  *Plaintiff's claim that information can be redacted from a document and the remainder released states the obvious - plaintiff is merely restating the FOIA's statutory requirement that non-exempt information be segregated and released. 5 U.S.C. § 552(b).  The defendant conducted a line-by-line review of each document about which the plaintiff complains and determined that none of the information withheld from disclosure that was not withheld pursuant to 7(C) can be segregated and disclosed.  *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**[1]  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | ATR- 647-650, 663-667, 669-671, 864-867, 868-870 | *Describes this document as "memorandum requesting grand jury authority."  The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (holding that non-exempt factual information must be disclosed if it is reasonably segregable from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists.) | *The grand jury request memo is clearly Division work-product material, which material the defendant admits is withholdable in full.  *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dk# 36-1) at 26, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("[S]egregability is not required for documents that are fully protected by the attorney work-product doctrine.").  As found by this Circuit in *Judicial Watch,* "factual material is itself privileged when it appears within documents that are attorney work product."  432 F.3d at 371.  In *Judicial Watch,* the Court agreed with the government's view that "where a document is withheld pursuant to the work-product doctrine, 'there simply are no 'reasonably segregable' portions . . . to release '*after* deletion of the portions which are exempt.'" *Id.* at 370 (emphasis in original) (citation omitted).  Documents were withheld under AWP privilege, *see*  Richards decl. at 21-22, ¶31, among other exemptions.  Grand jury request memos were clearly created in anticipation of litigation.  Document reveals pattern of investigation, planning of strategy, and efforts at investigating **Cont'd** |

---

[1]  Plaintiff repeats its objection in footnote 1 of its Exhibit 5 regarding the categorical description of redactions and consequences of disclosure.  Defendant discusses in detail in this ATFY 05-080 section each document withheld to which defendant objects and the justification for doing so.

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | ATR- 647-650, 663-667, 669-671, 864-867, 868-870 | *Describes this document as "memorandum requesting grand jury authority." The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (holding that non-exempt factual information must be disclosed if it is reasonably segregable from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists.) | **Continuation--** a case. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Grand Jury Subpoena dated Nov. 8, 1979*, 622 F.2d 933, 935 (6th Cir. 1980) (work product protection given to law firm associate for his work during FDA investigation of client and subsequent hearing); *see also Appeal of Hughes*, 633 F.2d 282, 285 (3d Cir. 1980); *In re Grand Jury Proceedings (Duffy)*, 473 F.2d 840, 842-848 (8th Cir. 1973); *LaRouche v. United States Dep't of the Treasury*, No. 91-1655, slip op. at 24-26 (D.D.C. May 22, 1998) (holding that privilege covers letter from Assistant U.S. Attorney to IRS official requesting IRS's participation in grand jury investigation of plaintiff); *Feshbach v. SEC*, 5 F. Supp. 2d 774, 783 (N.D. Cal. 1997) (protecting documents pertaining to SEC preliminary examination).  The AWP privilege "extends to documents prepared in anticipation of foreseeable litigation, even if no specific claim is contemplated."  *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992);  *see also Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C. Cir. 1987) (holding that privilege extends to documents prepared when identity of prospective litigation opponent unknown).  **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | ATR- 647-650, 663-667, 669-671, 864-867, 868-870 | *Describes this document as "memorandum requesting grand jury authority."  The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (holding that non-exempt factual information must be disclosed if it is reasonably segregable from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists). | **Continuation--**<br>In *In re Sealed Case*, 146 F.3d at 885 (citing *Schiller*, 964 F.2d 1205, 1208 (D.C. Cir. 1992) and *Delaney*, 826 F.2d 124, 126-28 (D.C. Cir. 1987)) the D.C. Circuit questioned without resolving in all situations the continued vitality of plaintiff's oft-cited *Safecard* test that AWP applies only when the materials focus on specific events.  *Sealed Case* recognized that *Safecard* was based on *Coastal States Gas Corp. V. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980), and noted that in *Delaney* this Circuit referred to *Coastal States'* "specific claim" language as an "observation" and "concluded that *Coastal States* 'did not intend to lay down [a] blanket rule.'" 146 F.3d at 885 (quoting *Delaney*, 826 F.2d at 127).  While the Court did not decide if the *"Coastal States/SafeCard* specific claim test has any continued vitality where government lawyers act as prosecutors or investigators of suspected wrongdoers," it held the AWP applicable where lawyers give legal advice to their clients to protect the client from litigation over a particular transaction, even if no specific claim had been made.  146 F.3d at 885.  The Court noted "a contrary ruling would undermine lawyer effectiveness at a particularly critical stage of a legal representation." *Id.* at 886. **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 2, 3, 5, 7(A), 7(C), 7(D), Rule 6(e) | ATR- 647-650, 663-667, 669-671, 864-867, 868-870 | *Describes this document as "memorandum requesting grand jury authority."  The Division makes no showing why this document cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation. *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (holding that non-exempt factual information must be disclosed if it is reasonably segregable from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists). | **Continuation--**<br>The same rationale applies to the application of the AWP to early investigative work of prosecutors.  If opponents could discover prosecutor's AWP material at early stages of an investigation, investigations could be stifle and and potential witnesses interfered with.  It would be ironic and an unbalanced application of the AWP if attorneys for potential defendants could have their AWP protected at early stages of an investigation, while prosecutors investigating criminal acts by potential defendants could not. Nevertheless, even if the *SafeCard* test is applicable, the Division was investigating specific allegations of cartel behavior in violation of 15 U.S.C. § 1 by specific major international parcel tanker shipping companies when this document was written. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP, DPP | ATR-651, 912-915, 916 | * Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. | *All three documents were withheld pursuant to AWP. *See* Richards decl. at 21-22, ¶ 31.<br><br>*Document ATR-651 was prepared by agent of attorney in anticipation of litigation. Concerns actions taken in course of ongoing parcel tanker shipping investigation and attorney efforts at investigating potential 15 U.S.C. § 1 cases against specific subjects in the parcel tanker shipping industry.<br><br>*Document ATR-912-915 is draft Division filing in plaintiff's injunction litigation regarding the revocation of its conditional leniency. Hence, the document was certainly prepared in contemplation of this litigation and reveals attorneys' assembling of information and efforts at preparing a case. Document was also prepared in anticipation and in furtherance of Division's ongoing 15 U.S.C. § 1 against plaintiff and its affiliates and employees and prospective 15 U.S.C. § 1 cases against other subjects of the investigation. Document is also withheld pursuant to DPP as well as AWP. Document was prepared prior to final decision on what to include in Division filing. Disclosure would probe the Division's deliberations of what to include in filing and what positions to take in this litigation, **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP, DPP | ATR-651, 912-915, 916 | * Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson,* 2005 WL 3276303, at *25. | **Continuation--** and would allow the reconstruction of the pre-decisional judgments of the Division.  Hence this document was part of the process of decision making.  "Congress enacted Exemption 5 to protect the executive's deliberative processes-not to protect specific materials."  *Dudman Commc'ns Corp. v. Dep't of the Air Force,* 815 F.2d 1565, 1568 (D.C. Cir. 1987).  Application of the DPP is not limited to policy decisions.  It also covers records generated in the course of recommending legal strategy, *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 868 (D.C. Cir. 1980), and evaluating the legal status of a case.  *Greenberg v. U.S. Dep't of Treasury,* 10 F. Supp. 2d 3, 17 (D.D.C. 1998).  Disclosure would inhibit the exchange of communications among staff. Factual material contained in the draft need not be released because it is inextricably intertwined with attorney opinions and recommendations and is distilled from a large volume of records, the selection of which is deliberative in nature.  *Montrose Chem. Corp. v. Train,* 491 F.2d 63, 71 (D.C. Cir. 1974).<br><br>Document ATR-916 is a request for research from superior to subordinate, as noted in the Amended 2005 *Vaughn* at 87.  Request was from senior attorney on Division's parcel tanker<br>**Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP, DPP | ATR-651, 912-915, 916 | * Claims Exemption 5 in "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. | **Continuation--** investigation staff to subordinate paralegal on the investigation staff to research and assemble information for her to assist in her efforts of investigating 15 U.S.C. § 1 violations in parcel tanker industry and preparing for prospective 15 U.S.C. § 1 cases in the investigation. |

23

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(A) | ATR- 651, 737-749, 876-78, 912-915, 916, 1166-1169, and 1170 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. | \*All documents concern the Division's ongoing parcel tanker investigation. All documents are AWP material and reflect Division's staff's efforts at investigating 15 U.S.C. § 1 violations in the parcel tanker industry. As discussed more specifically below, disclosure could interfere with the ongoing investigation and the criminal antitrust against plaintiff and its co-defendants and other prospective cases arising out of the investigation.<br><br>As noted above, document ATR-651 concerns actions taken in course of ongoing parcel tanker investigation and attorney efforts at investigating potential 15 U.S.C. § 1 cases. Disclosure could interfere with the Division's ongoing parcel tanker grand jury investigation, the Division's ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates and executives, and potential 15 U.S.C. § 1 cases against other targets of the investigation by leading to confusion of issues in these matters.<br><br>Documents ATR-737-749, 912-915, and 1166-1169 are multiple drafts of a Division filing in plaintiff's injunction litigation regarding the revocation of its conditional leniency. Disclosure of the documents could reasonably be expected to interfere with the ongoing parcel tanker grand jury investigation, **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(A) | ATR- 651, 737-749, 876-78, 912-915, 916, 1166-1169, and 1170 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. | **Continuation--** the Division's 15 U.S.C. § 1 case against plaintiff and its affiliates and employees, and prospective 15 U.S.C. § 1 cases against other targets of the investigation because the documents reflect attorney deliberations regarding issues pertinent to the investigation and potential resulting cases and would reveal strategy decisions of the Division pertaining to the investigation and resulting cases.<br><br>Document ATR-876-78 was prepared by an attorney on the Division's parcel tanker investigation staff for a briefing of superiors on the progress of and future activities in the investigation and in order to discuss these activities and strategies for the investigation with the superiors.  Disclosure could reasonably be expected to interfere with the ongoing parcel tanker grand jury investigation, the ongoing 15 U.S.C. § 1 case against plaintiff and its affiliates and employees, and prospective 15 U.S.C. § 1 cases against other targets of the investigation by disclosure of the Division's strategies, activities, and opinions regarding important issues pertinent to the investigation and resulting cases; disclosure of confidential sources and information such sources provided; and intimidation and chilling of cooperation from witnesses.<br>**Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(A) | ATR- 651, 737-749, 876-78, 912-915, 916, 1166-1169, and 1170 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. | **Continuation--** As noted above, document ATR-916 is a request for research from superior to subordinate to research and assemble information for superior to assist in her efforts of investigating 15 U.S.C. § 1 violations in parcel tanker industry and preparing for prospective 15 U.S.C. § 1 cases in the investigation.  Disclosure could interfere with ongoing parcel tanker grand jury investigation, the ongoing 15 U.S.C. § 1 case against plaintiff and its affiliates and employees, and prospective 15 U.S.C. § 1 cases against other targets of the investigation by revealing publicly and to subjects of the investigation and the ongoing 15 U.S.C. § 1 case investigative and litigation issues that the investigation staff has focused on.<br><br>Document ATR-1170 is an e-mail by a senior attorney on the parcel tanker investigation staff analyzing the importance of certain facts pertinent to the investigation.  Disclosure could reasonably be expected to interfere with the ongoing parcel tanker shipping grand jury investigation, the Division's ongoing 15 U.S.C. § 1 case against plaintiff and its affiliates and employees, and prospective 15 U.S.C. § 1 cases against other targets of the investigation because it would reveal attorney opinions and investigative activities, and prematurely reveal evidence, relating to issues in these matters. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(A) | ATR- 651, 737-749, 876-78, 912-915, 916, 1166-1169, and 1170 | * Even if applicable, 7(A) material can be redacted | *Plaintiff's claim that information can be redacted from a document and the remainder released states the obvious - plaintiff is merely restating the FOIA's statutory requirement that non-exempt information be segregated and released. 5 U.S.C. § 552(b).  The defendant conducted a line-by-line review of each document about which the plaintiff complains and determined that none of the information withheld from disclosure that was not withheld pursuant to 7(A) can be segregated and disclosed. *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002).  In addition, all of these documents consist of actions taken by the Division in investigating and preparing 15 U.S.C. § 1 cases in the course of the parcel tanker investigation and hence were withheld pursuant to AWP, which, as discussed above at 16, cannot be segregated.  *See* Richards decl. at 21-22, ¶ 31. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) DPP | ATR-737-749, 1166-1169 | Claims DPP, but there is no showing that this is "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24. Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435. Also attacks 1166-1169 because document is undated and author and recipient are "Not Specified," claiming it is impossible to determine whether document is "pre-decisional." | *Documents ATR-737-749 and 1166-1169 are drafts of a Division filing in plaintiff's injunction litigation regarding the revocation of its conditional leniency. Documents were prepared prior to final decision on what to include in the Division filing. Disclosure would probe the Division's deliberations of what to include in filing and what positions to take in this litigation, and would allow the reconstruction of the pre-decisional judgments of the Division. Hence this document was part of the process of decision making. "Congress enacted Exemption 5 to protect the executive's deliberative processes-not to protect specific materials." *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987). As noted above, application of the DPP is not limited to policy decisions, but also covers legal decisions, such as recommendations of legal strategy, *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980), and evaluations of the legal status of a case. *Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp. 2d 3, 17 (D.D.C. 1998). Here the deliberations involved litigation issues in the plaintiff's injunction litigation regarding the revocation of its conditional leniency. **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) DPP | ATR-737-749, 1166-1169 | Claims DPP, but there is no showing that this is "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24. Labels this as a "draft," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435. Also attacks 1166-1169 because document is undated and author and recipient are "Not Specified," claiming it is impossible to determine whether document is "pre-decisional." | **Continuation--**<br>Regarding document 1166-1169, multiple Division attorneys involved in the Division's investigation of the parcel tanker industry and the injunction litigation regarding the revocation of plaintiff's conditional leniency contributed the recommendations made to a superior that are contained in this document. Moreover, document contains blanks to be filled in by the superior, further indicating it is pre-decisional.<br><br> Disclosure would inhibit the exchange of communications among staff. Factual material contained in these records need not be released because it is distilled from a large volume of records, the selection of which is deliberative in nature. *Montrose Chem. Corp. v. Train,* 491 F.2d 63, 71 (D.C. Cir. 1974). In addition, both documents were prepared in contemplation of Division's ongoing parcel tanker grand jury investigation, the plaintiff's injunction litigation against the Division, the Division's ongoing 15 U.S.C. § 1 case against plaintiff, its affiliates and executives, and potential 15 U.S.C. § 1 cases against other targets of the investigation litigation and reveals attorneys' assembling of information and efforts at preparing a case. Hence, the documents are also AWP, which, as discussed above at 16, is not segregable. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "Stolt-Nielsen Is Probed For Traffic With Iran"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP | ATR-737-749, 1166-1169 | *Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. | Documents ATR-737-749 and 1166-1169 are drafts of a Division filing in plaintiff's injunction litigation regarding the revocation of its conditional leniency. Documents were prepared by Division attorneys during the course of, and in furtherance of the Division's efforts in, these injunction litigation and the ongoing parcel tanker shipping grand jury investigation of specific parties for criminal violations of 15 U.S.C. § 1, and was also prepared in anticipation of the Division's criminal antitrust case against plaintiff and its affiliates and employees for criminal violations of 15 U.S.C. § 1 and other prospective 15 U.S.C. § 1 cases against other targets of the parcel tanker grand jury investigation. Documents reveals Division attorneys' assembling of information and attorney's efforts at preparing case. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, *"Stolt-Nielsen Is Probed For Traffic With Iran"*; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP | ATR-876-878 | * Claims AWP, but, according to the *Vaughn* Index entry, this document is undated, with an "Un-known" author and whose recipients are "Not-Specified." With these "facts," the Division cannot establish that this document was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25. | *While the document itself does not specify its author or recipients, it is clear from the contents of document 876-878 and the standard practice of the Antitrust Division that it was prepared by an attorney on the Division's parcel tanker investigation staff for a briefing of superiors on the progress of and future activities in the investigation and in order to discuss these activities and strategies for the investigation with the superiors.  Hence, it was prepared during the course of, and in furtherance of the Division's efforts in, the parcel tanker shipping investigation of specific parties for criminal violations of 15 U.S.C. § 1. Document was also prepared in anticipation of criminal antitrust cases by Division for criminal violations of 15 U.S.C. § 1 by specific parties. While not noted by plaintiff, the *Vaughn* states that a member of the "Phi-staff" was the author of the document.  Amended 2005 *Vaughn* Index (Dk# 31-2) at 86.  A close reading of the text also reveals document was written in January 2003.  Document reveals attorney's efforts at preparing case, assembling of information, and pattern of investigation.  AWP is not segregable.  *See* discussion at p. 16 above, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 370-71 (D.C. Cir. 2005). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "Stolt-Nielsen Is Probed For Traffic With Iran"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | (b)(5) AWP | ATR-1170 | *Claims AWP, but makes no showing why protected information cannot be redacted in order to produce the non-exemptible portions of the memorandum, e.g., the opening date of the parcel tankers industry investigation.  See *Mink*, 410 U.S. at 87-88. | *"[S]egregability is not required for documents that are fully protected by the attorney work-product doctrine."  *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dk# 36-1) at 26, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005).  As found in *Judicial Watch*, "factual material is itself privileged when it appears within documents that are attorney work product."  432 F.3d at 371.  In *Judicial Watch, t*he Court agreed with government's view that "where a document is withheld pursuant to the work-product doctrine, 'there simply are no 'reasonably segregable' portions . . . to release '*after* deletion of the portions which are exempt.'"  *Id.* at 370 (emphasis in original) (citation omitted). |
| | | ATR-1170 | * AWP does not protect the "neutral, objective analyses of agency regulations." See *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C. Cir. 1987). | *This document is not a "neutral, objective analyses of agency regulations."  Document ATR-1170 is an e-mail by a senior attorney on the parcel tanker investigation staff, which was prepared during the course of, and in furtherance of the Division's efforts, in the parcel tanker investigation and which analyzes the importance of certain facts pertinent to the investigation. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(C) | ATR-876-78 | No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See Campbell,* 164 F.3d at 32-34.<br><br><br>* Even if applicable, 7(C) material can be redacted | *Statement misquotes the Act.  As *Campbell* correctly states, 7(C) as amended in 1986 established the following standard:  whether withheld information, if released, "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 33 (D.C. Cir. 1999) (citing 5 U.S.C. § 552(b)(7)(C)) (emphasis added), rather than the Act's initial standard which required the government to prove that disclosure of the information at issue <u>would</u> invade personal privacy.  Moreover, names and addresses of private individuals appearing in law enforcement files are categorically exempt from disclosure under Exemption 7(C) unless access "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).  Here, document contains name of confidential source, who clearly has privacy interests regarding communications with the Division.  The individual has a substantial interest in seeing that the individual's participation remain confidential. *Quiñon v. FBI*, 86 F.3d 1222, 1230 (D.C. Cir. 1996). *Document is also withheld pursuant to AWP, 7(A) and 7(D), leaving nothing to release.  Moreover, AWP is not segregable, as discussed above. *See* discussion at p. 16 above, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 370-71 (D.C. Cir. 2005). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080** Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(D) | ATR-876-78 | No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993).    A "bald assertion that express assurances were given amounts to little more than recitation of the statutory standard, which we have held is insufficient." *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 584 (D.C. Cir. 2000). Because "bald assertions" are all that the Division supplies, this is inadequate.    For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those "boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists." *See Raulerson v. Ashcroft*, 271 F. Supp. 2d 17, 27 (D.D.C. 2002) (citing *Landano*, 508 U.S. at 179). | *Document discusses a victim of plaintiff's cartel activities. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 11-13 and Connolly decl., Ex. A to Defendant's Reply, at 2-6, ¶¶ 3-14 (establishing victim sources' understanding of confidentiality). Other portions of the document refer to post-opening investigative activities and are non-responsive to ATFY05-080. The Division is prepared to submit an in camera affidavit to the Court if necessary to further support its FOIA exemption claims regarding the information in this document. *See, e.g. Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 349 (D.C. Cir. 1987) (no requirement to produce *Vaughn* index in "degree of detail that would reveal precisely the information that the agency claims it is entitled to withhold"). Moreover, as noted above, one of the other exemptions for this document is AWP. AWP is not segregable, as discussed above. *See* discussion at p. 16, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 370-71 (D.C. Cir. 2005). The court need not review other claimed exemptions if it finds that the non-disclosure of information pursuant to one exemption is dispositive. *Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY-05-080**  Documents relating to the opening of the antitrust investigation of the parcel tanker industry in November 2002, including but not limited to documents and information specifically relating to the following: 1. Wall Street Journal article, "*Stolt-Nielsen Is Probed For Traffic With Iran*"; 2. Request to open an investigation by the Philadelphia Field Office of the Antitrust Division, including but not limited to the Preliminary Inquiry Request Memorandum and any memoranda to the FBI requiring assistance; and 3. Any documents memorializing actions taken by the Antitrust Division in opening such investigation. | 7(D) | ATR-876-78 | Even if applicable 7(D) material can be redacted. | *Defendant reviewed this document line-by-line and determined that none of the information withheld from disclosure that was not withheld pursuant to 7(D) can be segregated and disclosed. *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002). Exemption 7(D) protects information provided by the source in addition to the source's identity. *Duffin v. Carlson*, 636 F.2d 709, 712-13 (D.C. Cir. 1980). Document is also withheld pursuant to AWP, 7(A), and 7(C) as described above.  AWP is not segregable. *See* discussion at p. 16 above, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 370-71 (D.C. Cir. 2005). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-113**  Any and all correspondence between Antitrust Division officials and Jim Walden and/or Kristopher Dawes of O'Melveny & Myers LLP related to the antitrust investigation into the parcel tanker industry, particularly relating to the article by Mr. Walden and Mr. Dawes. | (b)(5) DPP | ATR-1-14, 19-20, 21-35, 36-38, 48-49, 52-54, 55-58, and 59-60 | Redacted pursuant to DPP, but justifications are that documents reflect the impressions, mental impressions, recommendations and staff's thought processes. This is not "pre-decisional"or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24.   (Same as 347) | *Upon further review, documents ATR-52-54 and ATR-55-58 were released in full to plaintiff on Nov. 6, 2006, with the exception of telephone and fax numbers, the withholding of which plaintiff did not object.  Upon further review, defendant also released the following documents to plaintiff in their entirety on Nov. 6, 2006: ATR 019-020, 021-022, and 048-049.  (Document pages ATR-2 -14 and ATR-23-35 are copies of the James Walden draft article that were released in full to plaintiff on Sept. 13, 2005.)  Information previously redacted from the remaining documents has also been released with the exception of a small amount of information protected by the DPP as described below.<br><br>Upon further review, on Nov. 6, 2006, defendant released page ATR 001 and documents ATR 036-037 and 059-060 in full, but for one identical sentence contained in each of the three records.  Defendant withholds this sentence because it relates to another event and to "protect against confusing the issues and misleading the public."  *Coastal State Gas Corp. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-113**  Any and all correspondence between Antitrust Division officials and Jim Walden and/or Kristopher Dawes of O'Melveny & Myers LLP related to the antitrust investigation into the parcel tanker industry, particularly relating to the article by Mr. Walden and Mr. Dawes. | (b)(5) DPP | ATR-1-14, 19-20, 21-35, 36-38, 48-49, 52-54, 55-58, and 59-60 | Redacted pursuant to DPP, but justifications are that documents reflect the impressions, mental impressions, recommendations and staff's thought processes. This is not "pre-decisional"or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.  Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24. | **Continuation--** In addition, this sentence is withheld under DPP because it reflects Division deliberations about legal issues in the plaintiff's injunction litigation regarding the revocation of its conditional leniency agreement. Specific identification of those issues would reveal the deliberative processes.  As noted above, assertion of the DPP does not require that the agency identify a specific decision in connection with which a document is prepared.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1975);  *Hunt v. U.S. Marine Corps.*, 935 F. Supp. 46, 51 (D.D.C. 1996) (agency need only demonstrate that the document was part of some deliberative process). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-131** Any and all documents that reflect, memorialize, embody or contain communications to or from: 1. the press, including trade press; 2. bar associations; or 3. any other external communications with individuals uninvolved in the litigation with SNTG or the investigation into the parcel tanker industry. In particular, SNTG requests: 1. communications to or from James Bandler of the WSJ; 2. communications to or from reporters at the Tradewinds publication; and 3. internal Department circulation of press stories regarding SNTG or the investigation into the parcel tanker industry. | (b)(5) DPP<br><br>(b)(5)<br><br>(b)(5) | ATR-441-442, 443, 461, 464, and 1350-1351<br><br>ATR-469-471, 472, 482-484,<br><br>ATR-482-484 | * Redacted pursuant to DPP, but Justification is they reflect staff's thoughts, opinions, inquiry to superior, superior's opinion to staff, and mental impressions. This is not "pre-decisional" or "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. Fails to "either pinpoint an agency decision or policy, or identify a decisionmaking process" to which this document contributed. *Larson*, 2005 WL 3276303, at *24.<br><br>* Redacted pursuant to Exemption 5 according to "Exemptions" column of *Vaughn* Index, but it is impossible to determine what privilege under this exemption the Division is claiming. This entry, coupled with Ms. Richards' declaration "is so vague, so lacking in specifics that it fails to provide this court with a reasonable basis for evaluating [the Division's] claim under Exemption 5." *Larson*, 2005 WL 3276303, at *25<br><br>* "Justification" states that "disclosure . . . could reveal direction of the investigation," yet the Division makes no claim that this is covered by any other exemption other than Exemption 5. Information that may "reveal the direction of an investigation" is not covered by any exemption under FOIA. It is impossible for Stolt-Nielsen to mount a challenge to the withholding of this material. | *Upon further review, the defendant determined that the following documents should be disclosed in full and these documents were provided to plaintiff on Nov. 6, 2006: ATR-443, 461, 464, 472, 482-484, and 1350-1351. Upon further review, defendant also released to plaintiff on Nov. 6, 2006 all information redacted from document ATR 441-442 that plaintiff has challenged. The remaining redaction protects a third party's cell phone number, a redaction to which plaintiff did not object. Also, upon further review, on Nov. 6, 2006, defendant released document ATR-469-471, disclosing some information that was previously redacted. The only remaining redaction on the document is the text of a separate e-mail on page ATR-469 from an attorney on the Division's parcel tanker investigation staff to superiors and other staff members circulating information of investigative interest in furtherance of the Division's efforts in investigating subjects of the parcel tanker investigation, withheld pursuant to the AWP. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY05-131** Any and all documents that reflect, memorialize, embody or contain communications to or from:<br>1. the press, including trade press; 2. bar associations; or 3. any other external communications with individuals uninvolved in the litigation with SNTG or the investigation into the parcel tanker industry. In particular, SNTG requests:<br>1. communications to or from James Bandler of the WSJ; 2. communications to or from reporters at the Tradewinds publication; and 3. internal Department circulation of press stories regarding SNTG or the investigation into the parcel tanker industry. | (b)(5) AWP | ATR-465-468 | *Redacted pursuant to AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. | *Upon further review, document ATR-465-468 was released in full to plaintiff on Nov. 6, 2006. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003**[2] Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the investigation into the parcel tanker industry. | b(5) DPP | ATR-2184, 2185 | * Claims DPP, but not " pre-decisional" as the Division points to no decision or policy subsequently made.  *See Jordan*, 591 F.2d at 774. 1978).   DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24.  Also attacks ATR 2185 justification that document "reflects the opinion and thoughts of the superior . . . ." | *As noted above, DPP is designed to protect the executive's deliberative processes and "[t]he key question . . . is whether disclosure of the information would 'discourage candid discussion within the agency.'" *Access Reports v. Dep't of Justice,* 926 F.2d 1192, 1195 (D.C. Cir. 1991) (citing *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).  Application of DDP does not require identification of a specific decision or that a decision be made.  *NLRB v. Sears*, *Roebuck & Co.*, 421 U.S. 132, 151 n.18 ("Agencies are . . . engaged in a continuing process of examining their policies; this process will generate . . . recommendations which do not ripen into agency decisions."); *see also Access Reports*, 926 F.2d at 1196.  DPP does not apply solely to deliberations regarding policy decisions, but also covers deliberations regarding other agency decisions, including recommendations or opinions on legal matters. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) (evaluating legal<br>**Cont'd** |

---

[2]    Plaintiff repeats its objection in footnote 1 of its Exhibit 5 regarding the categorical description of redactions and consequences of disclosure.  Defendant discusses in detail in this ATFY 06-003 section each document withheld  to which defendant objects and the justification for doing so.

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003** Documents referring to communications to/from: 1. David Golub; 2. Jonathan Levine; 3. James Griffin, following his departure from the Antitrust Division in 12/04; and 4. Donald Baker regarding the parcel tanker industry investigation. | b(5) DPP | ATR-2184, 2185 | * Claims DPP, but not " pre-decisional" as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. 1978).   DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson,* 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id.* at *24.  Also attacks ATR 2185 justification that document "reflects the opinions and thoughts of the superior . . . ." | **Continuation---** status of a case); *Vaughn v. Rosen,* 523 F.2d 1136, 1143-1144 (D.C. Cir. 1975); *Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp. 2d. 3, 16-17 (D.D.C. 1998). Moreover, agencies are given "considerable deference . . . as to what constitutes . . . part of the agency give-and-take – of the deliberative process – by which the decision itself is made." *Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114, 118 (D.D.C. 1984) (citing *Vaughn*, 523 F.2d at 1144). ATR 2184 is a short paragraph summarizing Division attorney's opinions and recommendations to superior regarding decision-making process of future strategy and investigative steps in Division's parcel tanker investigation of violations of 15 U.S.C. § 1.  Any arguable factual material is inextricably intertwined with the attorney's recommendations and is analyzed and evaluated as part of attorney's recommendations and opinions.  *See Soucie v. David*, 448 F.2d 1067, 1077-78 (D.C. Cir. 1971). **Cont'd --** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003** Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the parcel tanker industry investigation. | b(5) DPP | ATR-2184, 2185 | Claims DPP, but not " pre-decisional" as the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. 1978).   DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson,* 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24.  Also attacks ATR 2185 justification that document "reflects the opinions and thoughts of the superior . . . ." | **Continuation ---**<br>*ATR 2185 is a short paragraph summarizing for Division's parcel tanker investigation staff the attorney's thoughts and opinions regarding  regarding decision-making process of future strategy in the Division's parcel tanker investigation of violations of 15 U.S.C. § 1. Although author attorney is supervisor of staff, he does not make decision in this document, and document was part of decision-making process, i.e. it was used to help determine what should be done next in strategy move.  *See Judicial Watch of Florida, Inc. v. U.S. Dep't of Justice*, 102 F. Supp. 2d 6, 14 (D.D.C. 2000) ("[T]he purpose of the privilege may also be served by exempting documents which the agency decisionmaker herself prepared as part of her deliberation and decisionmaking process.")  Any arguably factual material is inextricably intertwined with the attorney's recommendations and is analyzed and evaluated as a part of attorney's opinions. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003** Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the parcel tanker industry investigation. | (b)(5) AWP | ATR- 2184 and 2185 | * Claims AWP, but makes no showing that this was prepared "in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party." *Safecard Services*, 926 F.2d at 1203. | *Request ATFY06-003 sought documents referring to communications with listed persons "regarding the investigation into the parcel tanker industry." Hence, the investigation referred to in the documents is the Division's investigation into the parcel tanker industry for violations of 15 U.S.C. § 1. At time of the creation of document ATR 2184, the Division was investigating a specific allegation of price fixing, a violation of 15 U.S.C. § 1, by identified parties in the parcel tanker industry. The document discusses the Division's efforts to obtain evidence regarding that violation and build a case against cartel members. *See Feshbach v. SEC*, 5 F. Supp. 2d 774 (N.D. Cal. 1997). Moreover, as discussed above at 18-19, the existence of a specific claim is not required for the application of the AWP. *In re Sealed Case*, 146 F.3d 881, 885-887 (D.C. Cir. 1998); *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992); *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C. Cir. 1987) (AWP applicable even where identity of the prospective litigation opponent is unknown). Document ATR-2185 was also created during, and in furtherance of, the Division's parcel tanker grand jury investigation. The document discusses steps taken, and to be taken, in the grand jury investigation in preparation for the prosecution of plaintiff and others for criminal violations of 15 U.S.C. § 1. Hence, as noted in the Richards declaration at 21-23, ¶ 31, the document was properly withheld under AWP. |

43

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003** Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the parcel tanker industry investigation. | 7(A) | ATR-2184, 2185, 2252 | * No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br><br>* Even if applicable, 7(A) material can be redacted. | *Request ATFY06-003 sought documents referring to communications with listed persons "regarding the investigation into the parcel tanker industry." Hence, the "concrete law enforcement proceeding" was the Division's investigation into the parcel tanker industry for violations of 15 U.S.C. § 1. As noted in the Amended 2006 *Vaughn,* pp. 9-10 and 33, disclosure of the documents could reveal the direction and strategies of the Division's parcel tanker investigation, and thereby could reasonably be expected to interfere with the Division's investigation. Disclosure could reasonably be expected to also interfere with the ongoing 15 U.S.C. § 1 prosecution against plaintiff and its co-defendants and prospective 15 U.S.C. § 1 cases against other targets of the Division's parcel tanker investigation by disclosing strategies taken in the underlying grand jury investigation.<br><br>*Defendant reviewed each of these documents line-by-line and determined that none of the information withheld from disclosure that was not withheld pursuant to 7(A) can be segregated and disclosed. *Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003**  Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker<br> regarding the parcel tanker industry investigation. | 7(C) | ATR-2184, 2185, 2252 | No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See id.* at 32-34.<br><br><br><br>* Even if applicable, 7(C) material can be redacted. | *As noted above, the statement misquotes the Act. As the *Campbell* Court correctly states, 7(C) as amended in 1986 established the following standard: whether withheld information, if released, "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 33 (D.C. Cir. 1999) (citing 5 U.S.C. § 552(b)(7)(C)) (emphasis added), rather than the Act's initial standard which required the government to prove that disclosure of the information at issue <u>would</u> invade personal privacy. Moreover, the names and addresses of private individuals appearing in law enforcement files are categorically exempt from disclosure under Exemption 7(C) unless access "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).  Here, documents contain names of confidential sources, who clearly have privacy interests regarding their communications with the Division.<br>*The defendant reviewed each of these documents line-by-line and determined that information subject to 7(C) could not be segregated and redacted with remaining material released due to presence of other exemptions as noted on Amended 2006 *Vaughn,* pp. 9-10, 33 and Richards declaration, pp. 21-25, 27-31, and 33-35, ¶¶ 31-33, 36, 38, and 40. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-003**  Documents referring to communications to/from:<br>1. David Golub;<br>2. Jonathan Levine;<br>3. James Griffin, following his departure from the Antitrust Division in 12/04; and<br>4. Donald Baker regarding the parcel tanker industry investigation. | 7(D) | ATR-2184, 2185, and 2252 | * No showing whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.  * A "bald assertion that express assurances were given amounts to little more then recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that Division supplies, this is inadequate. * For implied confidentiality, Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179).<br>* Even if exemptions applicable, 7(D) material can be redacted. | *Documents are communications with victim of plaintiff's cartel activities.  *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 11-13 and Connolly decl., Ex. A to Defendant's Reply, at 2-6, ¶¶ 3-14 (discussing victim sources' understanding of confidentiality).<br><br><br>*Defendant reviewed each of these documents line-by-line and determined that information subject to 7(D) could not be segregated and redacted with remaining material released due to presence of other exemptions as noted on Amended 2006 *Vaughn,* pp. 9-10, 33 and Richards declaration, at 21-25, 27-31, and 31-33, ¶¶ 31-33, 36, 38, and 39.  Note 2184 and 2185 were withheld pursuant to AWP.  *See* Richards decl. at 23, ¶31; *see also* discussion at p. 42 above. AWP is not segregable.  *See* discussion at p. 16 above, citing *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 370-71 (D.C. Cir. 2005). |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-002**<br>All amnesty agreements entered into by the Antitrust Division from 8/93 to the present. | | ATR-4622-4649, 4650-4965, 4966-4989, 3975-3978 | See Memorandum of Law | *See Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 3-11.<br><br>*In processing this reply, defendant discovered one additional leniency agreement. The agreement has been labeled 3975-3978 and is exempt under Exemptions 7(A), 7(C), 7(D), (b)(5), and (b)(2). The agreement falls within the second category of leniency agreements located on pages 157-158 of defendant's Amended 2006 *Vaughn* (Dk # 29) (civ. action 1:06-cv-00474-RJL) and is exempt for the reasons specified for that category. (Document is amnesty agreement with confidential source in criminal antitrust investigation, which cooperates against co-conspirators pursuant to this confidential agreement. Document reveals source's name and could reasonably be expected to reveal identifying information about source and information provided by the source. The Division routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentivizes amnesty applications, which have advanced the majority of the Division's major cartel investigations. The document contains names of individuals, disclosure of which could invade the individuals' privacy. Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications. **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-002**<br>All amnesty agreements entered<br>into by the Antitrust Division from 8/93 to the present. | | ATR-4622-4649, 4650-4965, 4966-4989, 3975-3978 | See Memorandum of Law | **Continuation--**<br>Agreement is also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications.  Document also reveals information relating to internal practices of the Division, including internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by interfering with the confidentiality of the Division's amnesty program.) |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | Unclear | ATR-2344, 2345, 2346, 2352, 2353, 2354-2355, 2356, 2357-2359, 2360, 2361, 2362, 2363, 2364-2365, 2366-2367, 2368, 2369-2370, 2375, and 2376 | Footnote 7, referring to note 1: "The Antitrust Division provides 'categorical description[s] of redacted material coupled with categorical indication[s] of anticipated consequences of disclosure' for every one of these documents." King v. U.S. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987). | *Courts have permitted withholdings of discrete categories of documents which contain similar information. *See U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179 (1993); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776-77 (1989); *Crooker v. ATF*, 789 F.2d 64, 66-67 (D.C. Cir. 1986). Here, the listed documents are documents of the same type, specifically internal documents exchanging opinions among Division personnel regarding what should be said in public statements regarding policy and legal matters. Those legal and policy matters were the Antitrust Division's Corporate Leniency Policy, the plaintiff's injunction litigation against the Division relating to the revocation of plaintiff's conditional leniency, the Division's prospective and now ongoing criminal antitrust case against the plaintiff and others, and the ramifications of plaintiff's conditional leniency revocation on future use of the Division's Corporate Leniency Policy in Division anti-cartel investigations. Hence, the categorical description of the documents and the consequences of disclosure are appropriate. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | DPP (b)(5) | ATR-2344, 2345, 2346, 2352, 2353, 2354-2355, 2356, 2357-2359, 2360, 2361, 2362, 2363, 2364-2365, 2366-2367, 2368, 2369-2370, 2375, and 2376 | *Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming speech/ presentation," "content of future presentations," "a presentation/speech being drafted for a superior's use at an upcoming ABA meeting," "information compiled by staff for superior's possible use at an ABA annual meeting," "remarks being prepared for inclusion in presentation/speech," and "proposed answer to a possible question at a presentation." It's not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774. | *DPP "protects the 'consultative functions' of government by maintaining the confidentiality of 'advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 772 (D.C. Cir. 1978 (en banc) (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966), *overruled on other grounds, Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C. Cir. 1981). As noted above, in addition to policy decisions, DPP covers recommendations or opinions on legal matters, such as the plaintiff's injunction litigation regarding the revocation of its conditional leniency. *Vaughn v. Rosen*, 523 F.2d 1136, 1143-1144 (D.C. Cir. 1975); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) (evaluating legal status of a case); *Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp 2d. 3, 16-17 (D.D.C. 1998) (same). All listed documents are internal documents exchanging opinions among Division personnel on what should be said in public statements regarding policy and legal matters. Those legal and policy matters were the Antitrust Division's Corporate Leniency Policy, **Cont'd** |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | DPP (b)(5) | ATR-2344, 2345, 2346, 2352, 2353, 2354-2355, 2356, 2357-2359, 2360, 2361, 2362, 2363, 2364-2365, 2366-2367, 2368, 2369-2370, 2375, and 2376 | *Claims DPP, but not "pre-decisional" as this information pertains to an "upcoming speech/ presentation," "content of future presentations," "a presentation/speech being drafted for a superior's use at an upcoming ABA meeting," "information compiled by staff for superior's possible use at an ABA annual meeting," "remarks being prepared for inclusion in presentation/speech," and "proposed answer to a possible question at a presentation." It's not "antecedent to the adoption of agency policy." *Jordan*, 591 F.2d at 774.<br><br>*DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24.<br><br><br>*Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id*. at *24. The Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. | **Continuation--**<br>ramifications of plaintiff's conditional leniency revocation on future use of that policy in Division anti-cartel investigations, and the plaintiff's injunction litigation.   "[D]isclosure of the information would 'discourage candid discussion within the agency." *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1195 (D.C. Cir. 1991) (citing *Dudman Commc'ns Corp. v. Dep't of Air Force*, 815 F.2d 15ᶜ, 1568 (D.C. Cir. 1987)).<br><br>*Upon further review of the documents, defendant released to plaintiff on Nov. 6, 2006, factual material on ATR 2355, 2356, 2359, 2360, 2364, 2366, 2368, and 2370.  Remaining arguably factual material in the documents is inextricably intertwined with the exchange of opinions and  analyzed and evaluated as a part of attorney's opinions.<br><br>*As noted above, application of DDP does not require identification of a specific decision or that a decision be made.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1977); *Access Reports*, 926 F.2d at 1196. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | DPP (b)(5) | ATR 2357-2359, 2360 | *Labeled "draft information," yet a draft is only "pre-decisional" if it reflects "an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter." *Petroleum Info. Corp.*, 976 F.2d at 1435. | **Continuation--** As noted above, these documents reflect exchanges of opinions about the policy and legal matters identified above. "[D]isclosure of [the] material would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Dudman Commc'ns Corp.*, 815 F.2d at 1568. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | 7(A) | ATR- 2345, 2346, 2352, 2353, 2354-2355, 2356, 2357-2359, 2360, 2361, 2362, 2364-2365, 2366-2367, 2368, 2369-2370, 2375, and 2376 | *  No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30. | *Upon further review, defendant removed 7(A) designations from documents ATR-2345, 2346, 2352, 2361, 2368, 2375, 2376.  However, all of these documents, with the exception of ATR-2346 and 2368, are still withheld in full due to the presence of exempted deliberative process information, which cannot be segregated and redacted in these documents.  *See* Amended 2006 *Vaughn* index at 39-47; Richards decl. at 24, ¶ 33.  On Nov. 6, 2006, defendant released to plaintiff a redacted version of ATR-2346 and 2368.  The FOIA request ATFY06-019 asked for all documents relating to certain speeches related to SNTG or the parcel tanker industry.  Hence, the enforcement proceedings at issue are the plaintiff's injunction litigation against the Division and the Division's related prospective and now ongoing criminal antitrust case against plaintiff, its affiliates, and its executives and prospective 15 U.S.C. § 1 cases against other targets of the Division's parcel tanker investigation.  Release of ATR-2353, 2354-55, 2356, 2357-2359, 2360, 2362, 2364-2365, 2366-2367, and 2369-2370 could reasonably be expected to interfere with those proceedings by disclosing internal Division deliberations about the injunction litigation and could lead to confusion of issues in the proceedings noted above by disclosing opinions not ultimately adopted. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-019** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters, including: 1. materials by Scott Hammond from 06/5/05 to the present including (a) a speech in New York City on 9/14/05, and (b) a speech in Brussels, Belgium on 10/26/05; and 2. public speeches and speech-related materials by Antitrust Division officials concerning SNTG matters, including any by Lisa Phelan from 3/1/04 to the present. | 7(A) | ATR- 2345, 2346, 2352, 2353, 2354-2355, 2356, 2357-2359, 2360, 2361, 2362, 2364-2365, 2366-2367, 2368, 2369-2370, 2375, and 2376 | * Even if applicable, 7(A) material can be redacted. | *The defendant reviewed each of the remaining 7(A) documents line-by-line and determined that withheld information not subject to 7(A) could not be segregated and redacted. *Johnson*, 310 F.3d at 776. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-038** All speeches, speech outlines, audio, video, CD-ROM, or DVD recordings of, and any other documents relating to, speeches by Antitrust Division officials related to SNTG or the parcel tanker industry, including program materials announcing the speaking event, notes of any DOJ participant or official at a speech, e-mails relating to speeches, and any other speech-related materials discussing SNTG matters. | | | See Request 9 (ATFY06-019) and accompanying footnotes 7 and 8.<br><br>Footnotes:<br>7: Refers to note 1: "The Antitrust Division provides 'categorical description[s] of redacted material coupled with categorical indication[s] of anticipated consequences of disclosure' for every one of these documents."  King v. U.S. Department of Justice, 830 f.2d 210, 224 (D.C. Cir. 1987).<br><br>8: "Every document listed in *Vaughn* Indexes as responsive to this request [ATFY06-019] were also listed as responsive to Request 11 (ATFY06-038).  Therefore, all objections to these documents being withheld are listed under . . . request [ATFY06-019]." | *See responses above to plaintiff's objections to ATFY06-019.<br><br><br><br><br><br>*See responses above to plaintiff's objections to ATFY06-019. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-040** Documents referring to communications to/from:<br>1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and<br>2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or<br>(iii) Gary W. Dunn regarding the investigation into the parcel tanker industry. | 7(A) | ATR-4077-4132, 4133-4134, 4135-4136, 4187, and 4190 | No showing, beyond conclusory recitations of legal standard, that disclosure of information could reasonably be expected to interfere with a concrete, prospective law enforcement proceeding. *See Campbell*, 164 F.3d at 30.<br><br><br><br><br><br><br><br><br><br><br><br>* Even if applicable, 7(A) materials can be redacted. | Request ATFY 06-040 requests documents referring to communications with named persons regarding the Division's investigation into the parcel tanker industry. Hence, the investigation referred to in the documents and that could be interfered with is the Division's ongoing investigation of the parcel tanker industry for violations of 15 U.S.C. § 1. As stated in the Amended 2006 *Vaughn* index at 131-132 and 149-150, disclosure could reveal the direction of the investigation. Thus, the investigation and the resulting prospective cartel cases arising out of the investigation, including but not limited to the ongoing criminal antitrust case against plaintiff, its affiliates, and employees, could reasonably be expected to be interfered with by the revelation of the direction, including strategies, of the investigation. Note ATR-4073-4076 was also withheld pursuant to Exemption 7(A) as well because disclosure would reveal the direction and strategies of the parcel tanker grand jury investigation and hence, could reasonably be expected to interfere with the investigation, as well as prospective criminal cases arising out of the investigation, including but not limited to the criminal antitrust case against plaintiff, its affiliates, and employees.<br>*The defendant reviewed each of these documents line-by-line and determined that withheld information not subject to 7(A) could not be segregated and redacted. *Johnson*, 310 F.3d at 776. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-040** Communications to/from:<br>1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and<br>2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or<br>(iii) Gary W. Dunn regarding the parcel tanker industry investigation. | (b)(5) DPP | ATR-4187 | * Claims DPP, but not "pre-decisional," and the Division points to no decision or policy subsequently made. *See Jordan*, 591 F.2d at 774. DPP is inapplicable to purely factual matters, and pertains only to the formulation or exercise of policy. *See Larson*, 2005 WL 3276303, at *23-24. Fails to "either pinpoint an agency decision or policy, or identify a decision-making process" to which this document contributed. *Id.* at *24 | *Document relates to possible future steps in investigation and was prepared to assist staff in making future decision about those steps. *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1536, 1538-39 (D.C. Cir. 1993) (factual summary prepared for use by AG in making complex decision protected under Exemption 5). Factual material is inextricably intertwined with the decision-making process.<br><br>*Document also reflects AWP, in that it reflects Division's staff efforts and possible steps to be taken in conducting parcel tanker grand jury investigation and preparing for prospective cartel cases arising out of the grand jury investigation, including but not limited to the now ongoing criminal antitrust case against plaintiff and others. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-040** Communications to/from: 1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and 2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or (iii) Gary W. Dunn regarding the parcel tanker industry investigation. | 7(C) | ATR-4062-4064, 4073-4076, 4077-4132, 4133-4134, 4135-4136, 4187, and 4190 | No showing that the release of information would be a clearly unwarranted invasion of personal privacy. *See Campbell*, 164 F.3d at 32-34. | *The statement misquotes the Act. As *Campbell* correctly states, 7(C) as amended in 1986 established the following standard: whether withheld information, if released, "<u>could</u> reasonably be expected to constitute an unwarranted invasion of personal privacy," *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 33 (D.C. Cir. 1999) (citing 5 U.S.C. § 552(b)(7)(C)) (emphasis added), rather than the Act's initial standard which required the government to prove that disclosure of the information at issue <u>would</u> invade personal privacy. Moreover, names and addresses of private individuals appearing in law enforcement files are categorically exempt from disclosure under Exemption 7(C) unless access "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). Here, documents contain names of confidential sources, who clearly have privacy interests regarding their communications with the Division. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-040** Communications to/from: 1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and 2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or (iii) Gary W. Dunn regarding the parcel tanker industry investigation. | 7(C) | ATR-4062-4064, 4073-4076, 4077-4132, 4133-4134, 4135-4136, 4187, and 4190 | * Even if applicable, 7(C) materials can be redacted. | *Defendant reviewed each of these documents line-by-line and determined that withheld information not subject to 7(C) could not be segregated and redacted with remaining material released due to presence of other exemptions as noted on Amended 2006 *Vaughn,* pp. 128-132 and 149-150 and Richards declaration, pp. 18-25, 27-31, and 33-35, ¶¶ 29, 31-33, 36-38, and 40.  Note ATR-4073-4076 was withheld pursuant to Exemption 7(A) as well, as explained above, which is not segregable. |

| FOIA Requests | Ex. | Documents Withheld or Redacted | Plaintiff Stolt-Nielsen (S-N) Objections to Defendant's Claimed Exemptions | Antitrust Division's Responses |
|---|---|---|---|---|
| **ATFY06-040** Communications to/from:<br>1. any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and<br>2. any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to: (i) Hector Torres, (ii) Harold G. Levinson, or<br>(iii) Gary W. Dunn regarding the parcel tanker industry investigation. | 7(D) | ATR- 4062-4064, 4077-4132, 4133-4134, 4135-4136, 4187, and 4190 | No showing as to whether the "confidential" source "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. 165 at 172.<br>    A "bald assertion that express assurances were given amounts to little more then recitation of the statutory standard, which we have held is insufficient." *Billington*, 233 F.3d at 584. Because "bald assertions" are all that the Division supplies, this is inadequate.<br>    For implied confidentiality, the Division does nothing more than point to the general legal standards for assessing implied confidentiality. Those boilerplate reasons lack the specificity necessary for this Court to make an adequate determination of whether implied confidentiality actually exists. *See Raulerson*, 271 F. Supp. 2d at 27 (citing *Landano*, 508 U.S. at 179).<br>* Even if applicable, 7(D) materials can be redacted. | *Documents are communications between Division's parcel tanker investigation staff and victims of plaintiff's cartel activities. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 11-13 and Connolly decl., Ex. A to Defendant's Reply, at 2-6, ¶¶ 3-14 (discussing victim sources' understanding of confidentiality).<br><br>*The defendant reviewed each of these documents line-by-line and determined that information subject to 7(D) could not be segregated and redacted. Exemption 7(D) protects information provided by the source in addition to the source's identity. *Duffin v. Carlson*, 636 F.2d 709, 712-13 (D.C. Cir. 1980). |