# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. *03-654* |
| | ) | |
| | ) | Violation: 15 U.S.C. § 1 |
| v. | ) | |
| | ) | Filed: |
| ODFJELL SEACHEM AS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

**FILED**

**NOV 0 3 2003**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

The United States of America and Odfjell Seachem AS ("defendant"), a corporation

organized and existing under the laws of Norway, hereby enter into the following Plea

Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed.

R. Crim. P."):

## RIGHTS OF DEFENDANT

1.    The defendant understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    as a corporation organized and existing under the laws of Norway, to

decline to accept service of the Summons in this case, and to contest the jurisdiction

of the United States to prosecute this case against it in the United States District Court

for the Eastern District of Pennsylvania;

    (d)    to plead not guilty to any criminal charge brought against it;

    (e)    to have a trial by jury, at which it would be presumed not guilty of the

charge and the United States would have to prove every essential element of the

charged

offense beyond a reasonable doubt for it to be found guilty;

       (f)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

       (g)     to appeal its conviction if it is found guilty at trial; and

       (h)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD

## GUILTY AND WAIVE CERTAIN RIGHTS

2.     The defendant waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Eastern District of Pennsylvania. The defendant also waives the right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 8 of this Plea Agreement. Further, pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Eastern District of Pennsylvania. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by allocating customers, fixing prices and rigging bids for contracts of affreightment for parcel tanker shipping of products to and from the United States and elsewhere beginning at least as early as August 1998 and continuing until as late as November 2002, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence to prove the following facts:

(a)    For purposes of this Plea Agreement, the "relevant period" is that period beginning at least as early as August 1998 and continuing until as late as November 2002.    During the relevant period, the defendant was a corporation organized and existing under the laws of Norway with its principal place of business in Bergen, Norway.    During the relevant period, the defendant was a provider of parcel tanker shipping services and was engaged in parcel tanker shipping of products to and from the United States and elsewhere.    Parcel tanker shipping is the ocean transport of bulk liquid chemicals, edible oils, acids and other specialty liquids. Parcel tankers are deep sea vessels equipped with compartments designed to carry shipments of various sizes.    The temperature and other specifications of the compartments can be regulated according to the specific requirements of the type of liquid being transported.

(b)    During the relevant period, the defendant, through its agents, officers and employees, participated in a conspiracy among major providers of parcel tanker shipping, the substantial terms of which were to allocate customers, rig bids, and fix prices for contracts of affreightment for parcel tanker shipping of products to and from the United States and elsewhere.    A contract of affreightment is a contract between a customer and a parcel tanker shipping company for the transportation of bulk liquids from one port to another.    A contract of affreightment typically covers multiple shipments during a certain time period and specifies the price, cargo, destinations and other terms and conditions.

(c)    During the relevant period and in furtherance of the conspiracy, the

defendant, through its agents, officers and employees, and defendant's co-conspirators attended meetings and engaged in discussions in the United States and Europe concerning customers for contracts of affreightment and prices of parcel tanker shipping of products to and from the United States and elsewhere. The defendant and co-conspirators agreed during those meetings and discussions to allocate customers and to create and exchange customer lists in order to implement and monitor this agreement. The defendant and co- conspirators agreed during those meetings and discussions not to compete for one another's customers either by not submitting prices or bids to certain customers, or by submitting intentionally high prices or bids to certain customers. Defendant and co- conspirators discussed and exchanged prices to certain customers so as not to undercut one another's prices.

(d)     During the relevant period, products shipped by defendant, and parcel tanker shipping vessels, equipment and supplies necessary to providing such parcel tanker shipping, as well as payments for such parcel tanker shipping, traveled in interstate and foreign commerce. The activities of the defendant and its co-conspirators in connection with the parcel tanker shipping services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(e)     The conspiracy was carried out, in part, within the Eastern District of Pennsylvania. Contracts of affreightment for parcel tanker shipping services affected by this conspiracy were entered into by one or more of the conspirators with customers located in this District.

**POSSIBLE MAXIMUM SENTENCE**

5.     The defendant understands that the maximum penalty which may be imposed

against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

   (a)     $10 million (15 U.S.C. § 1);

   (b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

   (c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.    In addition, the defendant understands that:

(a)    pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), the Court may order it to pay restitution to the victims of the offense;

(b)    pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime; and

(c)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

## SENTENCING GUIDELINES

7.    Sentencing for the offense to be charged will be conducted pursuant to the U.S.S.G. Manual in effect on the day of sentencing.  U.S.S.G. § 1B1.11.  Pursuant to U.S.S.G. § 1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable sentencing guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

8.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $42.5 million, pursuant to 18 U.S.C. § 3571(d),  payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2), with a five-year term of probation ("the recommended sentence").

(a)    The United States and the defendant agree to recommend, in the

interest of justice pursuant to 18 U.S.C. § 3572(d)(1), that the fine be paid in the

following

installments: within 90 days of imposition of sentence – $4.3 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") — $4.3 million (plus any accrued interest); at the two-year anniversary — $8.6 million (plus any accrued interest); at the three-year anniversary — $8.6 million (plus any accrued interest); at the four-year anniversary — $8.6 million (plus any accrued interest); and at the five- year anniversary — $8.1 million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

(b)    The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, in addition to any fine imposed.

(c)    The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32.3 of the Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.    The United States and the defendant agree that the applicable sentencing guidelines fine range exceeds the fine contained in the recommended sentence set out in

Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the parcel tanker shipping industry.

10.    Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

11.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

(a)    If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with

an attorney for the government shall not be admissible against the defendant and its

parent, subsidiaries and its parent's subsidiaries which are engaged in parcel tanker

shipping (collectively, "related entities") in any criminal or civil proceeding, except as

otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it

withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the

statute of limitations period for any offense referred to in Paragraph 15 of this Plea

Agreement will be tolled for the period between the date of the signing of the Plea

Agreement and the date the defendant withdrew its guilty plea or for a period of sixty

(60) days after the date of the signing of the Plea Agreement, whichever period is

greater.

12.     In light of the availability of civil causes of actions, which potentially provide

for a recovery of a multiple of actual damages, the United States agrees that it will not seek a

restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

13.     The defendant and its related entities will cooperate fully and truthfully with

the United States in the prosecution of this case, the conduct of the current federal

investigation of violations of federal antitrust and related criminal laws involving parcel

tanker shipping, any other federal investigation resulting therefrom, and any litigation or

other proceedings arising or resulting from any such investigation to which the United States

is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the

defendant shall include, but not be limited to:

(a)     producing to the United States all documents, information, and other

materials, wherever located, in the possession, custody, or control of the defendant or

any of its related entities, requested by the United States in connection with any

Federal Proceeding;

(b)    securing the ongoing, full, and truthful cooperation, as defined

in Paragraph 14 of this Plea Agreement, of Bjorn Sjaastad and Erik Nilsen, with

whom the United States has entered separate plea agreements, and of the current

directors and officers of the defendant or any of its related entities, including making

such persons available in the United States and at other mutually agreed-upon

locations, at the defendant's expense, for interviews and the provision of testimony in

grand jury, trial, and other judicial proceedings in connection with any Federal

Proceeding; and

(c)    using its best efforts to secure the ongoing, full, and truthful

cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current

employees of the defendant or any of its related entities, in addition to those specified

in subparagraph (b) above, as may be requested by the United States, including

making these persons available in the United States and at other mutually

agreed-upon locations, at the defendant's expense, for interviews and the provision of

testimony in grand jury, trial, and other judicial proceedings in connection with any

Federal Proceeding.

14.    The ongoing, full, and truthful cooperation of each person described in either

Paragraph 13(b) or 13(c) above will be subject to the procedures and protections of this

paragraph, and shall include, but not be limited to:

(a)    producing in the United States and at other mutually agreed-upon

locations all documents, including claimed personal documents, and other materials,

wherever located, requested by attorneys and agents of the United States in

connection with any Federal Proceeding;

(b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503);

(d)    otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503); and

(f)    agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

**GOVERNMENT'S AGREEMENT**

15.    Upon entry and acceptance of the guilty plea by Bjorn Sjaastad called for by his Plea Agreement, upon entry and acceptance of the guilty plea by Erik Nilsen called for by his Plea Agreement, and upon acceptance of the guilty plea and the imposition of the recommended sentence called for by this Plea Agreement, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before December 2002 that was undertaken in furtherance of an antitrust conspiracy involving parcel tanker shipping. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16.    The United States agrees to the following:

(a)    Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current director, officer, or employee of the defendant or its related entities for any act or offense committed before December 2002 and while that person was acting as a director, officer, or employee of the defendant or its related entities, that was undertaken in furtherance of an antitrust conspiracy involving parcel tanker shipping ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Bjorn Sjaastad and Erik Nilsen;

(b)    Should the United States determine that any current director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the

individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)    If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)    Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement, pertaining to any Relevant Offense, or any information directly or indirectly derived from

that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503);

(e)    If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)    The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)    Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

17.    The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

## REPRESENTATION BY COUNSEL

18.    The defendant has been represented by counsel and is fully satisfied that its

attorneys have provided competent legal representation.  The defendant has thoroughly

reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of

the charge, any possible defenses to the charge, and the nature and range of possible

sentences.

## VOLUNTARY PLEA

19.    The defendant's decision to enter into this Plea Agreement and to tender a

plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances,

promises, or representations other than the representations contained in this Plea Agreement.

The United States has made no promises or representations to the defendant as to whether the

Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.    The defendant agrees that, should the United States determine in good faith,

during the period that any Federal Proceeding is pending, that the defendant or any of its

related entities have failed to provide full and truthful cooperation, as described in Paragraph

13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement,

the United States will notify counsel for the defendant in writing by personal or overnight

delivery or facsimile transmission and may also notify counsel by telephone of its intention to

void any of its obligations under this Plea Agreement (except its obligations under this

paragraph), and the defendant and its related entities shall be subject to prosecution for any

federal crime of which the United States has knowledge including, but not limited to, the

substantive offenses relating to the investigation resulting in this Plea Agreement.  The

defendant and its related entities agree that, in the event that the United States is released

from its obligations under this Plea Agreement and brings criminal charges against the

defendant or its related entities for any offense referred to

in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will

be tolled for the period between the date of the signing of this Plea Agreement and six (6)

months after the date the United States gave notice of its intent to void its obligations under

this Plea Agreement.

21.    The defendant understands and agrees that in any further prosecution

of it or its related entities resulting from the release of the United States from its obligations

under this Plea Agreement, because of the defendant's or its related entities' violation of the

Plea Agreement, any documents, statements, information, testimony, or evidence provided by

it, its related entities, or current directors, officers, or employees of it or its related entities to

attorneys or agents of the United States, federal grand juries, or courts, and any leads derived

therefrom, may be used against it or its related entities in any such further prosecution. In

addition, the defendant unconditionally waives its right to challenge the use of such evidence

in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### ENTIRETY OF AGREEMENT

22.    This Plea Agreement constitutes the entire agreement between the

United States and the defendant concerning the disposition of the criminal charge in this case.

This Plea Agreement cannot be modified except in writing, signed by the United States and

the defendant.

23.    The undersigned is authorized to enter this Plea Agreement on behalf of the

defendant as evidenced by the Resolution of the Board of Directors of the defendant attached

to, and incorporated by reference in, this Plea Agreement.

24.    The undersigned attorneys for the United States have been authorized

by the Attorney General of the United States to enter this Plea Agreement on behalf of the

United States.

25.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED:  September 29, 2003

Respectfully submitted,

BY:  _Haakon Ringdal_
     HAAKON RINGDAL
     Member, Board of Directors
     ODFJELL SEACHEM AS

BY:  _Robert E. Connolly_
     ROBERT E. CONNOLLY
     Chief, Philadelphia Office

BY:  _William J. Kolasky_
     WILLIAM J. KOLASKY, ESQUIRE
     Counsel for Odfjell Seachem AS

BY: _Antonia Hill_
     ANTONIA R. HILL
        WENDY BOSTWICK NORMAN
        KIMBERLY A. JUSTICE
     Attorneys

BY:  _Thomas Mueller_
     THOMAS MUELLER, ESQUIRE
     Counsel for Odfjell Seachem AS

        Antitrust Division
        U.S. Department of Justice
        Philadelphia Office
        The Curtis Center, Suite 650W
        170 S. Independence Mall West
        Philadelphia, PA 19106

        Tel.:  (215) 597-7401

19