UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stolt-Nielsen Transportation Group Ltd.,

*Plaintiff*,

v.

United States of America,

*Defendant*.

Consolidated Cases
Civil Action No. 05cv2217 (RJL)
Civil Action No. 06cv0474 (RJL)

## PLAINTIFF'S SUPPLEMENT TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Very recently, Stolt-Nielsen discovered a publicly-available Amnesty Agreement concerning DuPont-Akra that was not disclosed by the Antitrust Division. In 2003, the Division included the DuPont-Akra Amnesty Agreement as part of its proposed trial exhibits in a criminal price-fixing case, *United States v. Dutton*, Crim. No. 3:02CR220-V, pending in the United States District Court for the Western District of North Carolina. Declaration of Lucius B. Lau, dated March 2, 2007 ("Lau Decl."), Ex. 1 (docket sheet). In response to Dutton's motion to exclude the DuPont-Akra agreement (Lau Decl. Ex. 2), the Division argued that the amnesty agreement was admissible (Lau Decl. Ex. 3). The DuPont-Akra Amnesty Agreement and related materials were placed on the public docket in *Dutton* in 2003, well before Stolt-Nielsen's 2005 FOIA request.

Stolt-Nielsen requested that the Division produce all amnesty agreements entered into by that agency from August 1993 (the beginning of the Antitrust Division's modern amnesty program) to the present. Although the Antitrust Division has entered into approximately 100 of these agreements since 1993, the Division has only produced *five* agreements to Stolt-Nielsen (in

addition to Stolt-Nielsen's own agreement): ATR-2012 (McDermott International, Inc., dated May 2, 1997); ATR-2015 (Christie's International plc, dated January 26, 2000); ATR-2023 (McDermott International, Inc. (Heavy-Lift Derrick Barge Services), dated January 22, 1999); ATR-4611 (Bioproducts, Inc., dated July 14, 1998); and ATR-4617 (Chester Bross Construction Co., dated December 15, 2003).

The Antitrust Division takes the view that it need only disclose those amnesty agreements "that have been made public at Division trials." Defendant's Opposition To Motion For Partial Summary Judgment, No. 06-474 (RJL), dated Sept. 29, 2006, at 13. *All* of the Division's amnesty agreements should be disclosed to Stolt-Nielsen, with only limited redactions (such as the name of the amnesty applicant and the industry at issue), unless, as is the case with 20 companies, the amnesty applicant has already publicized its status in the amnesty program, in which case the agreement should be released in its entirety. *See* Plaintiff's Opposition To Defendant's Motion For Summary Judgment, dated Sept. 27, 2006, at 4-8 (identifying 20 amnesty applicants that have publicly revealed their own identities).

Even under the Antitrust Division's view, the Division has not undertaken an adequate search for all publicly-available Amnesty Agreements. The Government was represented in the *Dutton* litigation by the Assistant Chief of the Antitrust Division's Field Office in Dallas, Texas. A simple inquiry to the Antitrust Division Field Offices for publicly-disclosed amnesty agreements would have revealed the existence of the DuPont-Akra Amnesty Agreement.

It is established law that "[t]he agency bears the burden of proof to show that its search was calculated to uncover all relevant documents." *Dipietro v. Executive Office For United States Attorneys*, 357 F. Supp. 2d 177, 182 (D.D.C. 2004) (citing *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)). "If the record 'leaves substantial doubt as

to the sufficiency of the search, summary judgment for the agency is not proper.'" *Id.* (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

For the reasons previously stated by Stolt-Nielsen, the Court should grant partial summary judgment in its favor and order the Antitrust Division to disclose to Stolt-Nielsen all amnesty agreements from 1993 to the present (with only the applicant's name and industry redacted).

Dated:  March 2, 2007                                          Respectfully submitted,

                                                               WHITE & CASE LLP

                                                               By: _____
                                                               J. Mark Gidley (D.C. Bar No. 417280)
                                                               Christopher M. Curran (D.C. Bar No. 408561)
                                                               Lucius B. Lau (D.C. Bar No. 446088)
                                                               701 Thirteenth St., N.W.
                                                               Washington, D.C. 20005
                                                               tel.: (202) 626-3600
                                                               fax: (202) 639-9355

                                                               *Counsel to Stolt-Nielsen Transportation Group Ltd.*